**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**CHARLES THOMAS PETTWAY and**
**CAL-MAINE FOODS, INC.**                                                                          **PLAINTIFFS**

VS.                                                                             CAUSE NO. ___3:20-cv-10-CWR-LRA___

**CIRCLE S. IRRIGATION, INC., a Mississippi Corporation;**
**ASIAN TIRE FACTORY LIMITED, a Foreign Corporation;**
**GKN ARMSTRONG WHEELS, INC., a Foreign Corporation;**
**AMX IRRIGATION, LLC, a Foreign Corporation; and**
**LINDSAY CORPORATION, a Foreign Corporation**                                **DEFENDANTS**

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant GKN Armstrong Wheels, Inc. ("GKN") hereby removes this action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 to this Court from the Circuit Court of Hinds County, Mississippi, Second Judicial District. As grounds for removal, GKN states as follows:

1.  This product liability action alleges that Plaintiff Charles Thomas Pettway suffered serious personal injuries from a tire explosion. The action was commenced in the Circuit Court of Hinds County, Mississippi and is styled: *Charles Thomas Pettway and Cal-Maine Foods, Inc. v. Circle S. Irrigation, Inc., et al.*, Civil Action No. 25CI12:19-CV-00009.

2.  On November 25, 2019, Pettway and his employer (Cal-Maine Foods, Inc.) filed an Amended Complaint in the state court action adding GKN and AMX Irrigation, LLC as new defendants. GKN was served on December 9, 2019. A copy of the Amended Complaint is attached as **EXHIBIT A**. A copy of the remainder of the state court file, including all other process, pleadings and orders on file in that action, is attached as **EXHIBIT B**.

3. 28 U.S.C. § 1441(a) provides for removal of "any civil action in a State court of which the district courts of the United States have original jurisdiction." Pursuant to the federal diversity statute, 28 U.S.C. § 1332(a), federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." With the consent of all other Defendants, GKN now removes this action because both elements required for federal diversity jurisdiction are satisfied in this case.

## Amount in Controversy

4. This action involves an amount in controversy exceeding $75,000, exclusive of interest and costs. This is facially apparent from the Amended Complaint, and also is evident on consideration of the record evidence.

5. Pettway alleges that he was injured by "a violent and sudden explosion" of a tire and rim assembly that separated while he was inflating/mounting the tire. (Am. Compl., **Ex. A**, ¶ 11.) Pettway alleges that he suffered "an extreme gash and mangle of his left arm from his body, a lacerated spleen, bruised intestines and internal bleeding, and an artery explosion in his arm." (*Id.*) Pettway also alleges that these are "serious permanent injur[ies]" and that he has suffered economic and non-economic damages including: "hospital and doctor's bills, both past, present and future; mental anguish and emotional distress, both past, present and future, loss of enjoyment of life, lost wages, both past, present and future, lost earnings capacity in the future, permanent disability to his body as a whole, and other damages to be shown at trial." (*Id.* ¶ 14.)

6. From the nature and severity of the injuries alleged, including the near traumatic amputation of Pettway's arm, it is facially apparent that the amount in controversy in

this case exceeds the jurisdictional threshold. *Estate of Montgomery v. Caregivers Servs., LLC*, No. 1:18-cv194-HSO-JCG, 2019 WL 206099, at *2-3 (S.D. Miss. Jan. 15, 2019); *see also Hernandez v. USA Hosts, Ltd.*, 418 Fed. App'x 293, 294-95 (5th Cir. 2011); *Pollet v. Sears Roebuck & Co.*, 46 Fed. App'x 226, *2-4 (5th Cir. 2002); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883-84 (5th Cir. 2000); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). Indeed, "it is undisputed that Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000." *Swanson v. Hempstead*, 267 F. Supp. 3d 736, 740 (N.D. Miss. 2017).

7. Pettway also makes a claim for punitive damages based on Defendants' alleged "gross negligence, recklessness and an intentional and wanton disregard for the rights of Plaintiffs and other Plaintiffs similarly situated." (*Id.* ¶ 66.) This claim for punitive damages reinforces the conclusion that the amount in controversy exceeds the jurisdictional threshold. *Thomas v. NBC Universal, Inc.*, 694 F. Supp. 2d 564, 567 (S.D. Miss. 2010); *see also Swanson*, 267 F. Supp. 3d at 740 ("This Court has held the amount in controversy is satisfied if the plaintiff has requested unspecified punitive damages, which is independently sufficient to satisfy this Court's jurisdictional limit.").

8. The record evidence also confirms that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. Pettway's interrogatory answers, for example, indicate that his medical expenses to date are greater than $100,000. (See Plaintiff's Responses to Interrogatories, attached in pertinent part as **EXHIBIT C**, Resp. to No. 5.). Even if the amount in controversy was not facially apparent from the complaint, this additional evidence suffices to satisfy the jurisdictional requirement. *Turnage v. Gen. Motors LLC*, No. 3:17-cv-373-DCB-MTP, 2017 WL 5615995, at *2 (S.D. Miss. Nov. 20, 2017).

**Diversity of Citizenship**

9. Complete diversity of citizenship exists in this case between the plaintiffs and all defendants that are not improperly joined.

**I. Complete Diversity of Citizenship Exists Between the Plaintiffs and the Properly Joined Defendants**

10. Plaintiff Charles Thomas Pettway is, and at the time this suit was filed was, a citizen of the State of Mississippi with his place of domicile in Warren County, Mississippi. (Am. Compl., **Ex. A**, ¶ 1.)

11. Plaintiff Cal-Maine Foods, Inc. is, and at the time this suit was filed was, incorporated under Mississippi law with its principal place of business in Jackson, Mississippi. (Am. Compl., **Ex. A**, ¶ 2.) For purposes of removal jurisdiction, Cal-Maine Foods is a citizen of the State of Mississippi. *See* 28 U.S.C. § 1332(c)(1).

12. Defendant Asian Tire Factory Limited is, and at the time this suit was filed was, a foreign corporation existing under the laws of India with its principal place of business and headquarters in Jalandhar, Punjab, India.

13. Defendant GKN Armstrong Wheels, Inc. is, and at the time this suit was filed was, incorporated under Iowa law with its principal place of business in Woodridge, Illinois.

14. Defendant AMX Irrigation, LLC is, and at the time this suit was filed was, a limited liability company organized under Arkansas law with its principal place of business in Clarkdale, Arkansas. The members of AMX Irrigation are all individual citizens of the State of Arkansas; no members of the company are citizens of the State of Mississippi. The members of AMX Irrigation include: Sam Stuckey, who is, and at the time this suit was filed was, a citizen of the State of Arkansas with his place of domicile in Crittenden County, Arkansas; Fred Stuckey, who is, and at the time this suit was filed was, a citizen of the State of Arkansas with

his place of domicile in Crittenden County, Arkansas; Lynn Pirani, who is, and at the time this suit was filed was, a citizen of the State of Arkansas with her place of domicile in Crittenden County, Arkansas; and Michael Burroughs (deceased), who is, and at the time this suit was filed was, a citizen of the State of Arkansas by virtue of his place of domicile in Crittenden County, Arkansas at the time of his death (which is deemed to be the citizenship of the legal representative of his estate).

15. Defendant Lindsay Corporation is, and at the time this suit was filed was, incorporated under Delaware law with its principal place of business in Omaha, Nebraska.

16. Complete diversity of citizenship exists between all of these parties to support this Court's exercise of federal jurisdiction. Plaintiffs seek to defeat jurisdiction by including Circle S. Irrigation, Inc. as a non-diverse defendant. Plaintiffs allege on information and belief that Circle S. Irrigation is incorporated under Mississippi law with its headquarters in Coahoma County, Mississippi. (Am. Compl., **Ex. A**, ¶ 3.) As discussed in the next section, however, Defendant Circle S. Irrigation, Inc. is improperly joined as a party in this case and its citizenship is therefore irrelevant for purposes of determining removal jurisdiction. *See Lassberg v. Bank of Am., N.A.*, 660 Fed. App'x 262, 266 (5th Cir. 2016) ("Under the improper joinder doctrine, the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity.").

## II. Defendant Circle S. Irrigation is Improperly Joined in this Case Because It is an Innocent Seller Immune from Liability Under Mississippi Law

17. The Fifth Circuit recognizes that a non-diverse defendant is improperly joined if the plaintiff is unable "to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). "[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of

recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

18.   There are two approved ways to resolve improper joinder. First, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* Second, where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.*

19.   Under either method, it is evident that Circle S. Irrigation has been improperly joined in this case because it is an innocent seller of an allegedly defective product immune from liability as a matter of Mississippi law. As noted above, this matter arises from personal injuries suffered by Pettway in the explosion of an allegedly defective tire and rim assembly. (*See, e.g.*, Am. Compl., **Ex. A**, ¶¶ 11-12.) The Mississippi Products Liability Act ("MPLA") governs "any action for damages caused by a product, including, but not limited to, any action based on a theory of strict liability in tort, negligence or breach of implied warranty." Miss. Code Ann. § 11-1-63. With respect to product sellers (like Circle S. Irrigation), the MPLA further provides:

> In any action alleging that a product is defective pursuant to paragraph (a) of this section, the seller . . . of a product . . . shall not be liable unless [1] the seller . . . exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the harm for which recovery of damages is sought; or [2] the seller . . . altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or [3] the seller . . . had actual

or constructive knowledge of the defective condition of the product at the time he supplied the product. ***It is the intent of this section to immunize innocent sellers who are not actively negligent, but instead are mere conduits of a product.***

*Id.* § 11-1-63(h) (emphasis added).

20. The Mississippi Supreme Court recently explained that the MPLA's innocent seller provision means exactly what it says: "For better or worse, Mississippi law is very clear that innocent sellers who are not actively negligent cannot be liable in any action for damages caused by a product. That is the law the Legislature enacted. And it is the law that the trial court and this Court must apply." *Hinton v. Sportsman's Guide, Inc.*, --- So.3d ----, 2019 WL 5999624, at *2 (Miss. Nov. 14, 2019).

21. By the plain language of the statute, the protection of innocent seller immunity extends to all product liability claims and all other varieties of claims for injury stemming from the manufacture, design and/or failure to warn of an allegedly defective product. This includes Pettway's claims against Circle S. Irrigation for failure to warn of the allegedly defective condition of the subject rim (Count 5); breach of express warranty (Count 6); negligent misrepresentation (Count 7); fraudulent misrepresentation (Count 8); and punitive damages based on the alleged conduct (Count 9). *See, e.g.*, *Murray v. Gen. Motors, LLC*, 478 Fed. App'x 175, 178-82 (5th Cir. 2012) (finding that in-state seller was improperly joined by applying innocent seller statute to claims of express and implied warranty, fraudulent and negligent misrepresentation, negligence and gross negligence). Here, the innocent seller provision precludes any finding of liability against Circle S. Irrigation and demonstrates that the company has been improperly joined in this case.

### A. The Amended Complaint Does Not Plausibly Plead an Exception to Innocent Seller Immunity for Circle S. Irrigation

22. Under the Rule 12(b)(6)-type analysis, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Gross v. Baltimore Aircoil Co.*, No. 3:13-cv-423-DJP-FKB, 2014 WL 1153706, at *2 (S.D. Miss. Mar. 21, 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

23. One of the products at issue in this case is described in the Amended Complaint as an "LRH Zimmatic rim," and Pettway alleges that Circle S. Irrigation "distributed, marketed and sold the LRH Zimmatic rim at issue in this lawsuit and involved in the explosion." (Am. Compl., **Ex. A**, ¶ 9.) With respect to the alleged defect, the Amended Complaint asserts that "the LRH Zimmatic rim was bent in two places making it defective and subject to fail when a tire was mounted to it." (*Id.* ¶ 13.c.)

24. The Amended Complaint does not assert either of the first two exceptions to the innocent seller statute (i.e., that Circle S. Irrigation had substantial control over product design or manufacture, or that it altered or modified the product in a way that caused harm). But the Amended Complaint does attempt to invoke the third exception by making a conclusory allegation that Circle S. Irrigation "had actual or constructive knowledge of the defects in the LRH Zimmatic Rims, being, namely, . . . that the rims were bent in two places." (*Id.* ¶ 45; *see also id.* ¶ 54.)

25. Pettway's conclusory allegation of actual or constructive knowledge of the alleged product defect is insufficient to state a plausible exception to the innocent seller statute because it fails to include any facts supporting the assertion. *See, e.g., Dickens v. A-1 Auto Parts & Repair, Inc.*, No. 1:18CV162-LG-RHW, 2019 WL 545228, at *2 (S.D. Miss. Feb. 11, 2019);

*Thompson ex rel. Thompson v. Apple, Inc.*, No. 3:17cv237-DPJ-FKB, 2017 WL 2271729, at *2 (S.D. Miss. May 24, 2017).

26. With an insufficient conclusory allegation of actual or constructive knowledge of the alleged product defect, it follows that Circle S. Irrigation has been improperly joined in this case because the claims against it are not plausible. *Gross*, 2014 WL 1153706, at *2 ("Conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not improperly joined.").

    **B.**    **A Summary Inquiry Confirms that Circle S. Irrigation is an Innocent Seller Immune from Liability as a Matter of Mississippi Law**

27. If Pettway's allegations are not rejected out of hand as insufficient to state a plausible claim, a summary inquiry confirms that no actionable claim exists against Circle S. Irrigation. When discrete jurisdictional facts are challenged, the Fifth Circuit has "repeatedly held that a court may pierce the pleadings and consider summary-judgment-type evidence to determine whether joinder of a party was proper." *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. App'x 62, 70 (5th Cir. 2010).

28. Attached as **EXHIBIT D** is the Affidavit of David Holt, the President of Circle S. Irrigation, which indicates that Circle S. Irrigation was merely a facilitator of the purchase of the subject rim by Plaintiff Cal-Maine Foods from Defendant AMX Irrigation, LLC. (Holt Aff., **Ex. D**, ¶ 3.) Holt's Affidavit confirms that Circle S. Irrigation did not design the subject rim (*id.* ¶ 4); did not manufacture the subject rim (*id.* ¶ 5); did not exercise substantial control over any aspect of the design, testing, manufacture, packaging or labeling of the subject rim (*id.* ¶ 6); did not alter or modify the subject rim in any way (*id.* ¶ 7); and did not make any express warranties or factual representations about the subject rim (*Id.* ¶ 8). This dispenses

with any possibility that the first two exceptions to the innocent seller statute might apply top Circle S. Irrigation. *See* Miss. Code Ann. § 11-1-63(h).

29. The Holt Affidavit also confirms that Pettway's conclusory allegation of Circle S. Irrigation's actual or constructive knowledge of the alleged product defect is categorically and demonstrably false. In particular, Holt affirms in his affidavit that Circle S. Irrigation did not have actual or constructive knowledge of any defect in the subject rim, and proves that *it could never have had such knowledge* because the subject rim was shipped directly to Cal-Maine Foods from a party other than Circle S. Irrigation and was never in Circle S. Irrigation's possession or control. (Holt Aff., **Ex. D**, ¶ 8.) Circle S. Irrigation was merely a facilitator of the transaction and "never saw, possessed or otherwise handled the subject rim." (*Id.*) It is impossible under the circumstances for Circle S. Irrigation to have had any specific knowledge about the subject rim—let alone actual or constructive knowledge of the alleged fact that the rim "was bent in two places making it defective and subject to fail when a tire was mounted to it." (*See* Am. Compl., **Ex. A**, ¶ 13.c.)

30. The Holt Affidavit establishes improper joinder because it "negates all possible avenues for liability under the MPLA." *Gross*, 2014 WL 1153706, at *3. Because a summary inquiry confirms that Circle S. Irrigation is immune from liability as an innocent seller under the MPLA, Circle S. Irrigation is improperly joined and its citizenship is irrelevant in determining federal diversity jurisdiction. *See, e.g.*, *Murray*, 478 Fed. App'x at 182; *Gross*, 2014 WL 1153706, at *8; *Williams v. Ford Motor Co.*, No. 3:11-CV-110-NBB-SAA, 2012 WL 2990165, at *3 (N.D. Miss. July 20, 2012) ("Homer Skelton, the only non-diverse defendant, is immune from liability because it does not fall into any of the exceptions set forth in the MPLA innocent

seller immunity provision. It is an improper party, as the plaintiff has no possible claims against it, and it must be dismissed. Complete diversity therefore exists.").

31. In light of the amount in controversy and the complete diversity of citizenship between all properly joined parties, the Court has original jurisdiction over this case under Section 1332(a) and the matter is removable under Sections 1441 and 1146.

### Procedural Requirements

32. Removal to this Court is proper under Section 1441(a) because the Northern Division of the United States District Court for the Southern District of Mississippi embraces the county in which the state court action is now pending.

33. Removal to this Court is not prohibited under Section 1441(b)(2) because no properly joined Defendant is a citizen of the State of Mississippi.

34. In accordance with Section 1446(a), copies of the records and proceedings in the state court action—including all process, pleadings and orders—are attached to this Notice of Removal.

35. In accordance with Section 1446(b)(1), this Notice of Removal is timely filed within 30 days of service of process on GKN.

36. In accordance with Section 1446(b)(2)(A), all Defendants consent to removal of this action, as indicated in the signed consent forms collectively attached as **EXHIBIT E**. Circle S. Irrigation is not required to give consent to removal because it is improperly joined, but its consent is provided in an abundance of caution. It is immaterial that this action was not previously removed because "any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

37.   In accordance with Section 1446(d), GKN will promptly serve written notice of removal to Plaintiffs' attorneys of record in the state court action and file with the state court a copy of this Notice of Removal.

38.   By this Notice of Removal, GKN does not intend to concede any allegations that Plaintiffs have made or waive any affirmative defense that it may possess. GKN does not concede that Plaintiff has stated any viable claim for relief against it, and GKN denies any and all liability in this action.

WHEREFORE, Defendant GKN Armstrong Wheels, Inc. files this Notice of Removal and respectfully requests that the Court assume full jurisdiction over the claims asserted in this action under 28 U.S.C. §§ 1332, 1441 and 1446.

RESPECTFULLY SUBMITTED this 7th day of January, 2020.

                                            **GKN ARMSTRONG WHEELS, INC.**

                                            By:   */s/ W. Thomas McCraney, III*
                                                 W. Thomas McCraney, III
                                                 Attorney for Defendant

**OF COUNSEL:**

W. Thomas McCraney, III (MS Bar No. 10171)
**MCCRANEY MONTAGNET QUIN & NOBLE, PLLC**
602 Steed Road, Suite 200
Ridgeland, Mississippi 39157
Telephone:    (601) 707-5725
Facsimile:    (601) 510-2939

**CERTIFICATE OF SERVICE**

I, W. Thomas McCraney, III, Esq., do hereby certify that the foregoing pleading was filed electronically through the Court's CM/ECF system and served electronically on all parties enlisted to receive service electronically.

SO CERTIFIED, this 7th day of January, 2019.

*/s/ W. Thomas McCraney, III*
W. Thomas McCraney, III