# EXHIBIT A

_____

## Amended Complaint in State Court Action

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

CHARLES THOMAS PETTWAY
and CAL-MAINE FOODS, Inc.                                     PLAINTIFFS


v.                                                            Cause No. 25C12:19-cv-00009


CIRCLE S. IRRIGATION, INC.,
A Mississippi Corporation;
ASIAN TIRE FACTORY LIMITED, a Foreign
Corporation; GKN ARMSTRONG WHEELS, INC., a
Foreign Corporation, AMX IRRIGATION, LLC a
Foreign Corporation; and LINDSAY CORPORATION, a Foreign
Corporation                                                   DEFENDANTS

---

## COMPLAINT

---

**COME NOW,** the Plaintiffs, by and through counsel, and file this his Complaint against all Defendants, and for cause would show unto this Court the following, to-wit:

### PARTIES

1. Plaintiff, Charles Thomas Pettway, is an adult resident citizen of Warren County, Mississippi.

2. Plaintiff, Cal Maine Foods, Inc. is a Mississippi corporation whose address is 3320 Woodrow Wilson Drive, Jackson MS 39209. Plaintiff Cal-Maine Foods, Inc. joins in this Complaint pursuant to Miss. Code Ann. §71-3-71 as the employer of Plaintiff Charles Thomas Pettway. Plaintiff Cal-Maine Foods, Inc is entitled to subrogation rights for workers' compensation benefits paid to Plaintiff Charles Thomas Pettway.

3. Upon information and belief, Defendant Circle S. Irrigation, Inc. is a Mississippi corporation headquartered in Coahoma County, Mississippi, who may be served with process of this matter by and through its registered agent, Cindy W. Holt at 420 Rain Street, Clarksdale, Mississippi.

4. Upon information and belief, Defendant Asian Tire Factory Limited is a foreign corporation not licensed to do business in Mississippi, who may be served at their address of D-37, Focal Point, Jalandhar-144004 (Punjab) India.

5. Upon information and belief, Defendant Lindsay Corporation is a Delaware corporation with its principal place of business in Omaha, Nebraska, not licensed to do business in Mississippi who may be served with process of this matter by and through its registered agent, C.T. Corporation System, 5601 South 59th Street, Lincoln, NE 68516.

6. Upon information and belief, Defendant GKN Armstrong Wheels, Inc. is a foreign corporation not licensed to do business in Mississippi, who may be served with process by and through their registered agent, Corporation Service Company, 505 5th Avenue Suite 729, Des Moines, IA 50309.

7. Upon information and belief, Defendant AMX Irrigation, LLC is a foreign corporation not licensed to do business in Mississippi, who may be served with process by and through their registered agent, A. Jan Thomas, Jr., 306 West Bond, West Memphis, AR 72301.

**JURISDICTION AND VENUE**

8. Jurisdiction and venue are proper in the Second Judicial District of Hinds County, Mississippi, as the subject tire explosion occurred in the Second Judicial District of

Hinds County, Mississippi. Defendants marketed, sold, manufactured and distributed the products in question and have substantial contacts with the State of Mississippi vesting this court with both personal and subject matter jurisdiction over this cause.

## FACTS

9. On June 23, 2017, Plaintiff, Charles Thomas Pettway, was seriously and permanently injured by a tire explosion when he attempted to mount a Farm King tire on a LRH Zimmatic rim while working for Plaintiff, Cal-Maine Foods, Inc., in Edwards, Mississippi in Hinds County. Defendant Asian Tire Factory Limited manufactured, sold, marketed, designed and distributed the Farm King tire at issue in this lawsuit and involved in the explosion with Plaintiff. Defendant Lindsay Corporation and Defendant GKN Armstrong Wheels, Inc. each individually either manufactured, sold, marketed, designed or distributed the LRH Zimmatic rim at issue in this lawsuit and involved in the explosion with Plaintiff. Defendant Circle S. Irrigation, Inc. and Defendant AMX Irrigation, LLC each distributed, marketed and sold the LRH Zimmatic rim at issue in this lawsuit and involved in the explosion.

10. At the time of the explosion and injury, Plaintiff was working in the truck shop as a mechanic for his employer, Cal-Maine Foods, Inc., whose daily duties included, among other things, mounting tires on rims used in the agricultural department of his employer.

11. Plaintiff would show that as he was inflating the Farm King tire and mounting it on the LRH Zimmatic rim, a violent and sudden explosion occurred which caused him serious and permanent injury. Plaintiff's injuries included, but are not limited to, an

extreme gash and mangle of his left arm from his body, a lacerated spleen, bruised intestines and internal bleeding, and an artery explosion in his arm. Plaintiff would show that these injuries are continuing and that he has suffered and will suffer injuries and damages in the future.

12. Plaintiff would show that he had experience mounting Farm King tires on LRH Zimmatic rims and was not aware that the Farm King tire and LRH Zimmatic rim possessed certain critical defects rendering both of them unreasonably dangerous for the intended purposes each product was marketed and sold for that day.

13. Plaintiff would state that Defendants did not warn him or otherwise inform him or his employer of the following material facts that, if known to Plaintiff, Plaintiff would not have used the subject defective products or would have altered the way he used them so as to prevent injury as follows to-wit:

    a. Plaintiff had no actual or constructive knowledge from Defendants that the Farm King tire had a defective wire bead manufacture making it defective and subject to fail when inflated for mounting on the subject rim;

    b. Plaintiff had no actual or constructive knowledge from Defendants that the Farm King tire had a recommended tire inflation pressure of 20 psi as the pressure was not printed on the tire for Plaintiff to see; and

    c. Plaintiff had no actual or constructive knowledge from Defendants that the LRH Zimmatic rim was bent in two places making it defective and subject to fail when a tire was mounted to it.

14. Plaintiff would show that as a direct and proximate result of Defendants' negligence, gross negligence and tortious conduct, Plaintiff suffered serious permanent injury and

damages including, but not limited to, hospital and doctor's bills, both past, present and future; mental anguish and emotional distress, both past, present and future, loss of enjoyment of life, lost wages, both past, present and future, lost earnings capacity in the future, permanent disability to his body as a whole, and other damages to be shown at trial.

15. Plaintiff would show that all Defendants knew or should have known that the Farm King tire and the LRH Zimmatic rim had dangerous defects that posed an unreasonable risk of harm to Plaintiff at the time it left Defendants' possession and travelled into the stream of commerce to Plaintiff.

## COUNT I
### MISSISSIPPI PRODUCT LIABILITY ACT CLAIM
### MANUFACTURING DEFECT
### AS TO ASIAN TIRE FACTORY LIMITED

16. Plaintiffs incorporate, adopts by reference and realleges each and every allegation of this Complaint the same as though specifically set out herein again.

17. Plaintiffs hereby assert product liability claims pursuant to the Mississippi Product Liability Statute, MISS. CODE ANN. § 11-1-63, and other applicable Mississippi law.

18. At all times relevant to the Complaint, the Defendants were in the business of designing, manufacturing, marketing, testing and distributing Farm King tires. The product at issue was defective and unreasonably dangerous at the time it left the hands of the Defendants. Defendants placed their product into the stream of

commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the product. Defendants' product was unreasonably and dangerously defective beyond the extent contemplated by ordinary users with ordinary knowledge regarding these products. Defendants knew or should have known that their product deviated in a material way from the manufacturer's own specifications or from otherwise identical units manufactured to the same manufacturing specifications and that such deviation and failure proximately caused, or was the substantial cause, of the accident in question which caused Plaintiff's injuries.

19. Defendants are liable to Plaintiff for manufacturing, marketing, labeling, packaging and selling a defectively manufactured product.

20. Plaintiffs are entitled to recover under the Mississippi Products Liability Act, Mississippi Code Annotated Section 11-1-63, because:

    A. The Farm King tire contained a manufacturing defect that involved the lack of a cohesive bead wire bundle which allowed the Farm King tire to fail within normal inflation pressures, and

    B. The Farm King tire contained a manufacturing defect involving unraveled bead bundles which allowed the tire to fail within normal inflation pressures.

21. Defendants acted with conscious and deliberate disregard of the foreseeable harm caused by the defective Farm King tire manufacture.

22. As a direct and proximate result of Defendants' actions, Plaintiff Charles Thomas Pettway, suffered injury and damages, including physical pain and suffering, mental

anguish and emotional distress, hospital and doctor bills, both past, present and future, loss of the enjoyment of life, and loss of income, both past, present and future.

## COUNT 2
## MISSISSIPPI PRODUCT LIABILITY ACT CLAIM
## MANUFACTURING DEFECT
## AS TO LINDSAY CORPORATION AND GKN ARMSTRONG WHEELS, INC.

23. The Plaintiffs incorporate, adopts by reference and realleges each and every allegation of this Complaint the same as though specifically set out herein again.

24. The Plaintiffs hereby assert product liability claims pursuant to the Mississippi Product Liability Statute, MISS. CODE ANN. § 11-1-63, and other applicable Mississippi law.

25. At all times relevant to the Complaint, the Defendants were in the business of designing, manufacturing, marketing, testing and distributing LRH Zimmatic rims. The product at issue was defective and unreasonably dangerous at the time it left the hands of the Defendants.  Defendants placed their product into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the product. Defendants' product was unreasonably and dangerously defective beyond the extent contemplated by ordinary users with ordinary knowledge regarding these products. Defendants knew or should have known that their product deviated in a material way from the manufacturer's own specifications or from otherwise identical units manufactured to the same manufacturing specifications and that such deviation and failure proximately caused, or was the substantial cause, of the accident in question which caused Plaintiff's injuries.

26. Defendants are liable to Plaintiff for manufacturing, marketing, labeling, packaging and selling a defectively manufactured product.

27. Plaintiff is entitled to recover under the Mississippi Products Liability Act, Mississippi Code Annotated Section 11-1-63, because the LRH Zimmatic rim contained a manufacturing defect that involved the rim being bent in two separate places. The bent rim caused, or substantially contributed to, the tire explosion that injured and caused damages to Plaintiff.

28. Defendants acted with conscious and deliberate disregard of the foreseeable harm caused by the defective LRH Zimmatic rim manufacture.

29. As a direct and proximate result of Defendants' actions, Plaintiff suffered injury and damages, including physical pain and suffering, mental anguish and emotional distress, hospital and doctor bills, both past, present and future, loss of the enjoyment of life, and loss of income, both past, present and future.

**COUNT 3**
**MISSISSIPPI PRODUCT LIABILITY CLAIM**
**FAILURE TO WARN**
**AGAINST ASIAN TIRE FACTORY LIMITED**

30. The Plaintiffs incorporate, adopts by reference and realleges each and every allegation of this Complaint the same as though specifically set out herein again.

31. The Plaintiffs hereby assert product liability claims pursuant to the Mississippi Product Liability Statute, MISS. CODE ANN. § 11-1-63, and other applicable Mississippi law based on Defendants' failure to warn.

32. At all times relevant to the Complaint, the Defendants were in the business of designing, manufacturing, marketing, testing and distributing Farm King tires. The product at issue was defective and unreasonably dangerous at the time it left the

hands of the Defendants. Defendants placed their product into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the product. Defendants' product was unreasonably and dangerously defective beyond the extent contemplated by ordinary users with ordinary knowledge regarding these products.

33. Defendants are liable to Plaintiffs as they had actual or constructive knowledge of the defects in the Farm King tire being, namely, that the recommended inflation pressure for the tire and the load pressure for the tire was not printed on the outside of the tire for users to see.

34. Defendants acted with conscious and deliberate disregard of the foreseeable harm caused by the failure to warn users of the recommended tire inflation pressure and load pressure.

35. As a direct and proximate result of Defendants' actions, Plaintiff suffered injury and damages, including physical pain and suffering, mental anguish and emotional distress, hospital and doctor bills, both past, present and future, loss of the enjoyment of life, and loss of income, both past, present and future.

## COUNT 4
## MISSISSIPPI PRODUCT LIABILITY CLAIM
## FAILURE TO WARN
## AGAINST LINDSAY CORPORATION AND GKN ARMSTRONG WHEELS, INC.

36. The Plaintiffs incorporate, adopts by reference and realleges each and every allegation of this Complaint the same as though specifically set out herein again.

37. The Plaintiffs hereby assert product liability claims pursuant to the Mississippi Product Liability Statute, MISS. CODE ANN. § 11-1-63, and other applicable Mississippi law based on Defendants' failure to warn.

38. At all times relevant to the Complaint, the Defendants were in the business of designing, manufacturing, marketing, testing and distributing rims. The product at issue was defective and unreasonably dangerous at the time it left the hands of the Defendants. Defendants placed their product into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the product. Defendants' product was unreasonably and dangerously defective beyond the extent contemplated by ordinary users with ordinary knowledge regarding these products.

39. Defendants are liable to Plaintiffs as they had actual or constructive knowledge of the defects in the Zimmatic LRH rim, namely, that the rim was bent in at least two places when it left the custody and control of Defendant and placed into the stream of commerce. The defects in the subject rim were material to the suitability of the rim to serve and operate as intended by the Defendants. The defects directly and proximately caused, or substantially contributed to the tire explosion which injured Plaintiff.

40. Defendants acted with conscious and deliberate disregard of the foreseeable harm caused by the failure to warn Plaintiff of the rim defects.

41. As a direct and proximate result of Defendants' actions, Plaintiff suffered injury and damages, including physical pain and suffering, mental anguish and emotional

distress, hospital and doctor bills, both past, present and future, loss of the enjoyment of life, and loss of income, both past, present and future.

## COUNT 5
### MISSISSIPPI PRODUCT LIABILITY CLAIM
### FAILURE TO WARN
### AGAINST CIRCLE S IRRIGATION, INC. AND AMX IRRIGATION LLC

42. The Plaintiffs incorporate, adopt by reference and realleges each and every allegation of this Complaint the same as though specifically set out herein again.

43. The Plaintiffs hereby assert product liability claims pursuant to the Mississippi Product Liability Statute, MISS. CODE ANN. § 11-1-63, and other applicable Mississippi law based on Defendants' failure to warn.

44. At all times relevant to the Complaint, the Defendant, Circle S. Irrigation, Inc. and the Defendant AMX Irrigation, LLC were in the business of marketing, selling and distributing LRH Zimmatic Rims. The product at issue was defective and unreasonably dangerous at the time it left the hands of the Defendants. Defendants placed their product into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the product. Defendants' product was unreasonably and dangerously defective beyond the extent contemplated by ordinary users with ordinary knowledge regarding these products.

45. Defendants are liable to Plaintiff as they had actual or constructive knowledge of the defects in the LRH Zimmatic Rims being, namely, that the rims were in good working order and without defects and that the rims were bent in two places.

Defendants acted with conscious and deliberate disregard of the foreseeable harm caused by the failure to warn users of the defects.

46. As a direct and proximate result of Defendants' actions, Plaintiff suffered injury and damages, including physical pain and suffering, mental anguish and emotional distress, hospital and doctor bills, both past, present and future, loss of the enjoyment of life, and loss of income, both past, present and future.

## COUNT 6
## BREACH OF EXPRESS WARRANTY
## AGAINST ALL DEFENDANTS

47. The Plaintiffs incorporate, adopt by reference and realleges each and every allegation of this Complaint the same as though specifically set out herein again.

48. At all times relevant to the Complaint, the Defendants were in the business of marketing, selling and distributing Farm King tires and/or LRH Zimmatic Rims. Defendants intended that the products at issue, namely the Farm King tire and/or the LRH Zimmatic Rim, would be used in the manner that Plaintiff in fact used them and Defendants expressly warranted that each product was safe and fit for use by consumers, that it was of merchantable quality, that the dangers of using said product were minimal as compared to other similar products of the same size, type and nature, and that the products were adequately tested and manufactured and fit for their intended use.

49. At all relevant times, Defendants were aware that consumers, including Plaintiff, would use the products, namely the Farm King tire and the LRH Zimmatic rim, which to say that Plaintiff was a foreseeable user of Defendants' products.

50. Plaintiff was at all times in privity with Defendants.

51. The Defendants' products, namely the Farm King tire and the LRH Zimmatic rim, were expected to reach and did in fact reach consumers, including Plaintiff and his employer, without substantial change in the condition in which it was manufactured and sold by Defendants.

52. Defendants breached various express warranties with respect to the Farm King tire and the LRH Zimmatic rim including the fact that Defendants represented to Plaintiff and his employer through labeling, advertising, marketing materials, sales representatives, product brochures, and instruction manuals that Defendants' products were safe; and failed to disclose and, in fact, concealed information about the substantial risks of serious injury and/or death associated with using Defendants' products, namely the Farm King tire and the LRH Zimmatic rim.

53. In reliance upon Defendants' express warranties, Plaintiff and his employer chose to use the Defendants' products at issue in their day-to-day business operations and, therefore, in the foreseeable manner normally intended, recommended, promoted and marketed by Defendants.

54. At all times of making such express warranties, Defendants knew or should have known that the Defendants' products at issue in this complaint were not safe and were dangerous, and that there were warnings omitted from the products and materials which were material to Plaintiff and his employer thereby making the express warranties inaccurate, thus making Defendants' products unreasonably unsafe for their intended purpose.

55. Defendants breached their express warranties to Plaintiff in that the Defendants' products at issue were not of merchantable quality, were unsafe and were not fit for

their intended uses, nor were they adequately labelled, tested, manufactured and packaged.

56. As a direct and proximate result of Defendants' actions, Plaintiff suffered injury and damages, including physical pain and suffering, mental anguish and emotional distress, hospital and doctor bills, both past, present and future, loss of the enjoyment of life, and loss of income, both past, present and future.

## COUNT 7
## NEGLIGENT MISREPRESENTATION
## AGAINST LINDSAY CORPORATION, GKN ARMSTRONG WHEELS, INC. and CIRCLE S. IRRIGATION, INC.

57. The Plaintiffs incorporate, adopt by reference and realleges each and every allegation of this Complaint the same as though specifically set out herein again.

58. At all times relevant to the Complaint, the Defendants, Lindsay Corporation, GKN ARMSTRONG WHEELS, INC. and Circle S. Irrigation, Inc., were in the business of marketing, selling and distributing LRH Zimmatic rims. Defendants misrepresented to Plaintiff that the Zimmatic rims were in good working order and without defects, namely that the rims were bent in two places. Defendant knew that Plaintiff and his employer were relying on Defendants to advise them regarding any known dangers or defects in the LRH Zimmatic rims.

59. At all relevant times, Plaintiff relied upon the representations of Defendants that he LRH Zimmatic rim was in good working order and contained no defects which would make the rim unreasonably dangerous to Plaintiff and his employer. Defendants knew that Plaintiff would rely upon the representations made regarding the LRH Zimmatic rim.

60. As a proximate and direct result of Plaintiff's reliance on Defendants' misrepresentations, Plaintiff suffered injury and damages, including physical pain and suffering, mental anguish and emotional distress, hospital and doctor bills, both past, present and future, loss of the enjoyment of life, and loss of income, both past, present and future.

**COUNT 8**
**INTENTIONAL MISREPRESENTATION/GROSS NEGLIGENCE**
**AGAINST LINDSAY CORPORATION, GKN ARMSTRONG WHEELS, INC. and CIRCLE S. IRRIGATION, INC.**

61. The Plaintiffs incorporate, adopt by reference and realleges each and every allegation of this Complaint the same as though specifically set out herein again.

62. At all times relevant to the Complaint, the Defendant Lindsay Corporation, the Defendant GKN Armstrong Wheels, Inc. and the Defendant Circle S. Irrigation, Inc. were in the business of marketing, selling and distributing LRH Zimmatic rims. Defendants intentionally misrepresented, and displayed conduct which was grossly negligent, to Plaintiff that the Zimmatic rims were in good working order and without defects, namely that the rims were bent in two places. Defendants' conduct exhibited such a want of care to Plaintiff, and others similarly situated, as to indicate that the acts and/or omissions in question were the result of a conscious indifference to the rights, welfare or safety of Plaintiff, and/or constituted gross negligence/neglect and/or malice, which was the proximate cause of the physical injury and damages to Plaintiff.

63. As a proximate and direct result of Plaintiff's reliance on Defendant's misrepresentations, Plaintiff suffered injury and damages, including physical pain and suffering, mental anguish and emotional distress, hospital and doctor bills, both past,

present and future, loss of the enjoyment of life, and loss of income, both past, present and future.

## COUNT 9
## PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

64. The Plaintiffs incorporate, adopt by reference and realleges each and every allegation of this Complaint the same as though specifically set out herein again.

65. At all times relevant to the Complaint, the Defendants were in the business of marketing, selling and distributing Farm King tires and/or LRH Zimmatic Rims.

66. Defendants tortious actions constituted gross negligence, recklessness and an intentional and wanton disregard for the rights of Plaintiffs and other Plaintiffs similarly situated. As such, Defendants should be held liable to pay punitive damages unto Plaintiffs for their actions in an amount to be determined by a jury.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

Date: 11/ 25 /2019                                  Respectfully submitted,

                                                    CHARLES THOMAS PETTWAY

                                            BY:    _/s/ E. Scott Verhine_
                                                    E. Scott Verhine, MSB# 10548
                                                    VERHINE & VERHINE, PLLC
                                                    1013 Adams Street
                                                    Vicksburg MS  39183
                                                    TEL:  601-636-0791
                                                    FAX:  601-636-2718
                                                    scott@verhine.biz
                                                    Attorney for Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

I, E. Scott Verhine, do hereby certify that I have this day that I have served a true and correct copy of the above and forgoing by mail and through the MEC/ECF system to the following counsel of record:

George E. Abdo III
DANIEL COKER
P.O. Box 1084
Jackson MS 39215
gabdo@danielcoker.com
Attorney For Circle S. Irrigation

Lewis W. Bell
Watkins & Eager PLLC
P.O. Box 650
Jackson, MS 39205
lbell@watkinseager.com
Attorney for Asian Tire

Charles G. Copeland
COPELAND, COOK, TAYLOR & BUSH P.A.
600 Concourse, Suite 100
1076 Highland Colony Parkway
P.O. Box 6020
Ridgeland, MS 39158
gcopeland@cctb.com

Submitted this the 25th day of November, 2019.

/*s/ E. Scott Verhine*
E. Scott Verhine, Attorney for Plaintiffs