# EXHIBIT B

_____

## Remainder of State Court File

# Mississippi Electronic Courts
## Seventh Circuit Court District (Hinds Circuit Court - Raymond)
## CIVIL DOCKET FOR CASE #: 25CI2:19-cv-00009-EFP

PETTWAY et al v. CIRCLE S IRRIGATION INC et al
Assigned to: Eleanor Faye Peterson

**Upcoming Settings:**

None Found

Date Filed: 03/11/2019
Current Days Pending: 302
Total Case Age: 302
Jury Demand: Plaintiff
Nature of Suit: 183 Products Liability

---

**Plaintiff**

**CHARLES THOMAS PETTWAY**

represented by **Everette Scott Verhine**
Verhine & Verhine, PLLC
1013 Adams Street
VICKSBURG, MS 39183
601-636-0791
Fax: 601-636-2718
Email: scott@verhine.biz
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**CAL-MAINE FOODS, INC**

represented by **Everette Scott Verhine**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**CIRCLE S IRRIGATION INC**
*agent of*
A MISSISSIPPI CORPORATION

represented by **George E. Abdo, III**
Daniel Coker
P. O. Box 1084
JACKSON, MS 39215
601-969-7607
Fax: 601-969-1116
Email: gabdo@danielcoker.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**ASIAN TIRE FACTORY LIMITED**
*agent of*
A FOREIGN CORPORATION

represented by **Lewis W. Bell**
Watkins & Eager PLLC
P. O. Box 650
JACKSON, MS 39205
601-965-1977
Email: lbell@watkinseager.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**LINDSAY CORPORATION , A
FOREIGN CORPORATION**

represented by **Charles Gregory Copeland**
Copeland Cook Taylor & Bush, P.A.
P O Box 6020
RIDGELAND, MS 39158
601-427-1313
Fax: 601-427-4997
Email: gcopeland@cctb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**GKN ARMSTRONG WHEELS,INC**

**Defendant**

**AMX IRRIGATION,LLC**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/11/2019 | 2 | COMPLAINT against ASIAN TIRE FACTORY LIMITED, CIRCLE S IRRIGATION INC, LINDSAY CORPORATION, A FOREIGN CORPORATION, filed by CHARLES THOMAS PETTWAY, CAL-MAINE FOODS, INC. (Attachments: # 1 Civil Cover Sheet,) (Lyons, Dawn) (Entered: 03/11/2019) |
| 03/11/2019 | 3 | SUMMONS Issued to CIRCLE S IRRIGATION INC, LINDSAY CORPORATION, A FOREIGN CORPORATION, CHARLES THOMAS PETTWAY. (Lyons, Dawn) (Entered: 03/11/2019) |
| 03/25/2019 | 4 | SUMMONS Issued to ASIAN TIRE FACTORY LIMITED. (Lyons, Dawn) (Entered: 03/25/2019) |
| 03/25/2019 | 5 | SUMMONS Issued to LINDSAY CORPORATION, C/O C T CORPORATION SYSTEM. (Lyons, Dawn) Modified on 3/25/2019 (Lyons, Dawn). (Entered: 03/25/2019) |
| 04/08/2019 | 6 | SUMMONS Returned Executed by CHARLES THOMAS PETTWAY. CIRCLE S IRRIGATION INC served on 3/27/2019, answer due 4/26/2019. Service type: Personal (Verhine, Everette) (Entered: 04/08/2019) |
| 04/10/2019 | 7 | ANSWER to 2 Complaint by CIRCLE S IRRIGATION INC. (Abdo, George) (Entered: 04/10/2019) |
| 04/10/2019 | 8 | NOTICE OF SERVICE of Interrogatories Propounded to Plaintiffs, NOTICE OF SERVICE of Request for Production of Documents Propounded to Plaintiffs by CIRCLE S IRRIGATION INC. (Abdo, George) (Entered: 04/10/2019) |
| 04/16/2019 | 9 | SUMMONS Returned Executed by CHARLES THOMAS PETTWAY. LINDSAY CORPORATION, A FOREIGN CORPORATION served on 4/5/2019, answer due 5/5/2019. Service type: Certified Mail (Attachments: # 1 Exhibit,) (Verhine, Everette) (Entered: 04/16/2019) |
| 05/13/2019 | 10 | LETTER *to Clerk* by CHARLES THOMAS PETTWAY. (Attachments: # 1 Exhibit,) (Verhine, Everette) (Entered: 05/13/2019) |
| 06/17/2019 | 11 | ANSWER to 2 Complaint *and Defenses* by LINDSAY CORPORATION, A FOREIGN CORPORATION. (Copeland, Charles) (Entered: 06/17/2019) |
| 07/12/2019 | 12 | NOTICE OF SERVICE of Responses to Interrogatories by CHARLES THOMAS PETTWAY. (Verhine, Everette) (Entered: 07/12/2019) |

| 07/12/2019 | 13 | NOTICE OF SERVICE of Responses to Request for Production by CHARLES THOMAS PETTWAY. (Verhine, Everette) (Entered: 07/12/2019) |
|---|---|---|
| 09/26/2019 | 14 | NOTICE OF SERVICE of Interrogatories Propounded to Lindsay Corporation by CHARLES THOMAS PETTWAY. (Verhine, Everette) (Entered: 09/26/2019) |
| 09/26/2019 | 15 | NOTICE OF SERVICE of Interrogatories Propounded to Asian Tire by CHARLES THOMAS PETTWAY. (Verhine, Everette) (Entered: 09/26/2019) |
| 09/26/2019 | 16 | NOTICE OF SERVICE of Interrogatories Propounded to Circle S. Irrigation, Inc. by CHARLES THOMAS PETTWAY. (Verhine, Everette) (Entered: 09/26/2019) |
| 11/06/2019 | 17 | NOTICE of Appearance by Lewis W. Bell on behalf of ASIAN TIRE FACTORY LIMITED (Bell, Lewis) (Entered: 11/06/2019) |
| 11/12/2019 | 18 | NOTICE OF SERVICE of Responses to Interrogatories by LINDSAY CORPORATION, A FOREIGN CORPORATION. (Copeland, Charles) (Entered: 11/12/2019) |
| 11/12/2019 | 19 | NOTICE OF SERVICE of Responses to Request for Production by LINDSAY CORPORATION, A FOREIGN CORPORATION. (Copeland, Charles) (Entered: 11/12/2019) |
| 11/22/2019 | 20 | ORDER. Signed by Eleanor Faye Peterson on 11/22/2019. (RH) (Entered: 11/22/2019) |
| 11/25/2019 | 21 | First AMENDED COMPLAINT *by Plaintiffs* against ASIAN TIRE FACTORY LIMITED, CIRCLE S IRRIGATION INC, LINDSAY CORPORATION, A FOREIGN CORPORATION, filed by CHARLES THOMAS PETTWAY, CAL-MAINE FOODS, INC. (Verhine, Everette) (Entered: 11/25/2019) |
| 12/02/2019 | 22 | SUMMONS Issued to GKN ARMSTRONG WHEELS,INC C/O CORPORATION SERVICE COMPANY. (CW) (Entered: 12/02/2019) |
| 12/02/2019 | 23 | SUMMONS Issued to AMX IRRIGATION,LLC C/O A.JAN THOMAS,JR. (CW) (Entered: 12/02/2019) |
| 12/03/2019 | 24 | ANSWER to 21 Amended Complaint by CIRCLE S IRRIGATION INC. (Abdo, George) (Entered: 12/03/2019) |
| 12/05/2019 | 25 | ANSWER to 21 Amended Complaint *and Defenses* by LINDSAY CORPORATION, A FOREIGN CORPORATION. (Copeland, Charles) (Entered: 12/05/2019) |

| MEC Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/07/2020 15:22:23 | | |
| **You will be charged $0.20 per page to view or print documents.** | | |
| **MEC Login:** | wm10171M | **Client Code:** | GKN202-001 |
| **Description:** | Docket Report | **Search Criteria:** | 25CI2:19-cv-00009-EFP |
| **Billable Pages:** | 3 | **Cost:** | 0.60 |

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

CHARLES THOMAS PETTWAY
and CAL-MAINE FOODS, Inc.                    PLAINTIFFS


v.                                           Cause No. 19-59


CIRCLE S. IRRIGATION, INC.,
A Mississippi Corporation;
ASIAN TIRE FACTORY LIMITED, a Foreign
Corporation; and LINDSAY CORPORATION, a Foreign
Corporation                                  DEFENDANTS

---

## COMPLAINT

---

**COME NOW,** the Plaintiffs, by and through counsel, and file this his Complaint against

all Defendants, and for cause would show unto this Court the following, to-wit:

### PARTIES

1.  Plaintiff, Charles Thomas Pettway, is an adult resident citizen of Warren County,

    Mississippi.

2.  Plaintiff, Cal Maine Foods, Inc. is a Mississippi corporation whose address is 3320

    Woodrow Wilson Drive, Jackson MS  39209.  Plaintiff Cal-Maine Foods, Inc. joins

    in this Complaint pursuant to Miss. Code Ann. §71-3-71 as the employer of Plaintiff

    Charles Thomas Pettway.  Plaintiff Cal-Maine Foods, Inc  is entitled to subrogation

    rights for workers' compensation benefits paid to Plaintiff Charles Thomas Pettway.

3. Upon information and belief, Defendant Circle S. Irrigation, Inc. is a Mississippi corporation headquartered in Coahoma County, Mississippi, who may be served with process of this matter by and through its registered agent, Cindy W. Holt at 420 Rain Street, Clarksdale, Mississippi.

4. Upon information and belief, Defendant Asian Tire Factory Limited is a foreign corporation not licensed to do business in Mississippi, who may be served at their address of D-37, Focal Point, Jalandhar-144004 (Punjab) India.

5. Upon information and belief, Defendant Lindsay Corporation is a Delaware corporation with its principal place of business in Omaha, Nebraska, not licensed to do business in Mississippi who may be served with process of this matter by and through its registered agent, C.T. Corporation System, 5601 South 59th Street, Lincoln, NE 68516.

## JURISDICTION AND VENUE

6. Jurisdiction and venue are proper in the Second Judicial District of Hinds County, Mississippi, as the subject tire explosion occurred in the Second Judicial District of Hinds County, Mississippi. Defendants marketed, sold, manufactured and distributed the products in question and have substantial contacts with the State of Mississippi vesting this court with both personal and subject matter jurisdiction over this cause.

## FACTS

7. On June 23, 2017, Plaintiff, Charles Thomas Pettway, was seriously and permanently injured by a tire explosion when he attempted to mount a Farm King tire on a LRH Zimmatic rim while working for Plaintiff, Cal-Maine Foods, Inc., in Edwards,

Mississippi in Hinds County.  Defendant Asian Tire Factory Limited manufactured, sold, marketed, designed and distributed the Farm King tire at issue in this lawsuit and involved in the explosion with Plaintiff.  Defendant Lindsay Corporation manufactured, sold, marketed, designed and distributed the LRH Zimmatic rim at issue in this lawsuit and involved in the explosion with Plaintiff.  Defendant Circle S. Irrigation, Inc., distributed, marketed and sold the LRH Zimmatic rim at issue in this lawsuit and involved in the explosion.

8. At the time of the explosion and injury, Plaintiff was working in the truck shop as a mechanic for his employer, Cal-Maine Foods, Inc., whose daily duties included, among other things, mounting tires on rims used in the agricultural department of his employer.

9. Plaintiff would show that as he was inflating the Farm King tire and mounting it on the LRH Zimmatic rim, a violent and sudden explosion occurred which caused him serious and permanent injury.  Plaintiff's injuries included, but are not limited to, an extreme gash and mangle of his left arm from his body, a lacerated spleen, bruised intestines and internal bleeding, and an artery explosion in his arm.  Plaintiff would show that these injuries are continuing and that he has suffered and will suffer injuries and damages in the future.

10. Plaintiff would show that he had experience mounting Farm King tires on LRH Zimmatic rims and was not aware that the Farm King tire and LRH Zimmatic rim possessed certain critical defects rendering both of them unreasonably dangerous for the intended purposes each product was marketed and sold for that day.

11. Plaintiff would state that Defendants did not warn him or otherwise inform him or his employer of the following material facts that, if known to Plaintiff, Plaintiff would not have used the subject defective products or would have altered the way he used them so as to prevent injury as follows to-wit:

    a.  Plaintiff had no actual or constructive knowledge from Defendants that the Farm King tire had a defective wire bead manufacture making it defective and subject to fail when inflated for mounting on the subject rim;

    b.  Plaintiff had no actual or constructive knowledge from Defendants that the Farm King tire had a recommended tire inflation pressure of 20 psi as the pressure was not printed on the tire for Plaintiff to see; and

    c.  Plaintiff had no actual or constructive knowledge from Defendants that the LRH Zimmatic rim was bent in two places making it defective and subject to fail when a tire was mounted to it.

12. Plaintiff would show that as a direct and proximate result of Defendants' negligence, gross negligence and tortious conduct, Plaintiff suffered serious permanent injury and damages including, but not limited to, hospital and doctor's bills, both past, present and future; mental anguish and emotional distress, both past, present and future, loss of enjoyment of life, lost wages, both past, present and future, lost earnings capacity in the future, permanent disability to his body as a whole, and other damages to be shown at trial.

13. Plaintiff would show that all Defendants knew or should have known that the Farm King tire and the LRH Zimmatic rim had dangerous defects that posed an

unreasonable risk of harm to Plaintiff at the time it left Defendants' possession and

travelled into the stream of commerce to Plaintiff.

## COUNT I
### MISSISSIPPI PRODUCT LIABILITY ACT CLAIM
### MANUFACTURING DEFECT
### AS TO ASIAN TIRE FACTORY LIMITED

14. Plaintiffs incorporate, adopts by reference and realleges each and every allegation of

this Complaint the same as though specifically set out herein again.

15. Plaintiffs hereby assert product liability claims pursuant to the Mississippi Product

Liability Statute, MISS. CODE ANN. § 11-1-63, and other applicable Mississippi

law.

16. At all times relevant to the Complaint, the Defendants were in the business of

designing, manufacturing, marketing, testing and distributing Farm King tires.  The

product at issue was defective and unreasonably dangerous at the time it left the

hands of the Defendants.  Defendants placed their product into the stream of

commerce in a defective and unreasonably dangerous condition such that the

foreseeable risks exceeded the benefits associated with the product. Defendants'

product was unreasonably and dangerously defective beyond the extent contemplated

by ordinary users with ordinary knowledge regarding these products.  Defendants

knew or should have known that their product deviated in a material way from the

manufacturer's own specifications or from otherwise identical units manufactured to

the same manufacturing specifications and that such deviation and failure proximately

caused, or was the substantial cause, of the accident in question which caused

Plaintiff's injuries.

17. Defendants are liable to Plaintiff for manufacturing, marketing, labeling, packaging

and selling a defectively manufactured product.

18. Plaintiffs are entitled to recover under the Mississippi Products Liability Act,

Mississippi Code Annotated Section 11-1-63, because:

    A. The Farm King tire contained a manufacturing defect that involved the lack of

       a cohesive bead wire bundle which allowed the Farm King tire to fail within

       normal inflation pressures, and

    B. The Farm King tire contained a manufacturing defect involving unraveled

       bead bundles which allowed the tire to fail within normal inflation pressures.

19. Defendants acted with conscious and deliberate disregard of the foreseeable harm

caused by the defective Farm King tire manufacture.

20. As a direct and proximate result of Defendants' actions, Plaintiff Charles Thomas

Pettway, suffered injury and damages, including physical pain and suffering, mental

anguish and emotional distress, hospital and doctor bills, both past, present and

future, loss of the enjoyment of life, and loss of income, both past, present and future.

### COUNT 2
### MISSISSIPPI PRODUCT LIABILITY ACT CLAIM
### MANUFACTURING DEFECT
### AS TO LINDSAY CORPORATION

21. The Plaintiffs incorporate, adopts by reference and realleges each and every

allegation of this Complaint the same as though specifically set out herein again.

22. The Plaintiffs hereby assert product liability claims pursuant to the Mississippi Product Liability Statute, MISS. CODE ANN. § 11-1-63, and other applicable Mississippi law.

23. At all times relevant to the Complaint, the Defendants were in the business of designing, manufacturing, marketing, testing and distributing LRH Zimmatic rims. The product at issue was defective and unreasonably dangerous at the time it left the hands of the Defendants. Defendants placed their product into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the product. Defendants' product was unreasonably and dangerously defective beyond the extent contemplated by ordinary users with ordinary knowledge regarding these products. Defendants knew or should have known that their product deviated in a material way from the manufacturer's own specifications or from otherwise identical units manufactured to the same manufacturing specifications and that such deviation and failure proximately caused, or was the substantial cause, of the accident in question which caused Plaintiff's injuries.

24. Defendants are liable to Plaintiff for manufacturing, marketing, labeling, packaging and selling a defectively manufactured product.

25. Plaintiff is entitled to recover under the Mississippi Products Liability Act, Mississippi Code Annotated Section 11-1-63, because the LRH Zimmatic rim contained a manufacturing defect that involved the rim being bent in two separate places. The bent rim caused, or substantially contributed to, the tire explosion that injured and caused damages to Plaintiff.

26. Defendants acted with conscious and deliberate disregard of the foreseeable harm caused by the defective LRH Zimmatic rim manufacture.

27. As a direct and proximate result of Defendants' actions, Plaintiff suffered injury and damages, including physical pain and suffering, mental anguish and emotional distress, hospital and doctor bills, both past, present and future, loss of the enjoyment of life, and loss of income, both past, present and future.

## COUNT 3
### MISSISSIPPI PRODUCT LIABILITY CLAIM
### FAILURE TO WARN
### AGAINST ASIAN TIRE FACTORY LIMITED

28. The Plaintiffs incorporate, adopts by reference and realleges each and every allegation of this Complaint the same as though specifically set out herein again.

29. The Plaintiffs hereby assert product liability claims pursuant to the Mississippi Product Liability Statute, MISS. CODE ANN. § 11-1-63, and other applicable Mississippi law based on Defendants' failure to warn.

30. At all times relevant to the Complaint, the Defendants were in the business of designing, manufacturing, marketing, testing and distributing Farm King tires. The product at issue was defective and unreasonably dangerous at the time it left the hands of the Defendants. Defendants placed their product into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the product. Defendants' product was unreasonably and dangerously defective beyond the extent contemplated by ordinary users with ordinary knowledge regarding these products.

31. Defendants are liable to Plaintiffs as they had actual or constructive knowledge of the defects in the Farm King tire being, namely, that the recommended inflation pressure

for the tire and the load pressure for the tire was not printed on the outside of the tire
for users to see.

32. Defendants acted with conscious and deliberate disregard of the foreseeable harm
caused by the failure to warn users of the recommended tire inflation pressure and
load pressure.

33. As a direct and proximate result of Defendants' actions, Plaintiff suffered injury and
damages, including physical pain and suffering, mental anguish and emotional
distress, hospital and doctor bills, both past, present and future, loss of the enjoyment
of life, and loss of income, both past, present and future.

## COUNT 4
## MISSISSIPPI PRODUCT LIABILITY CLAIM
## FAILURE TO WARN
## AGAINST LINDSAY CORPORATION

34. The Plaintiffs incorporate, adopts by reference and realleges each and every
allegation of this Complaint the same as though specifically set out herein again.

35. The Plaintiffs hereby assert product liability claims pursuant to the Mississippi
Product Liability Statute, MISS. CODE ANN. § 11-1-63, and other applicable
Mississippi law based on Defendants' failure to warn.

36. At all times relevant to the Complaint, the Defendants were in the business of
designing, manufacturing, marketing, testing and distributing rims.  The product at
issue was defective and unreasonably dangerous at the time it left the hands of the
Defendants.  Defendants placed their product into the stream of commerce in a
defective and unreasonably dangerous condition such that the foreseeable risks
exceeded the benefits associated with the product. Defendants' product was

unreasonably and dangerously defective beyond the extent contemplated by ordinary users with ordinary knowledge regarding these products.

37. Defendants are liable to Plaintiffs as they had actual or constructive knowledge of the defects in the Zimmatic LRH rim, namely, that the rim was bent in at least two places when it left the custody and control of Defendant and placed into the stream of commerce.   The defects in the subject rim were material to the suitability of the rim to serve and operate as intended by the Defendants.  The defects directly and proximately caused, or substantially contributed to the tire explosion which injured Plaintiff.

38. Defendants acted with conscious and deliberate disregard of the foreseeable harm caused by the failure to warn Plaintiff of the rim defects.

39. As a direct and proximate result of Defendants' actions, Plaintiff suffered injury and damages, including physical pain and suffering, mental anguish and emotional distress, hospital and doctor bills, both past, present and future, loss of the enjoyment of life, and loss of income, both past, present and future.


### COUNT 5
### MISSISSIPPI PRODUCT LIABILITY CLAIM
### FAILURE TO WARN
### AGAINST CIRCLE S IRRIGATION, INC.

40. The Plaintiffs incorporate, adopt by reference and realleges each and every allegation of this Complaint the same as though specifically set out herein again.

41. The Plaintiffs hereby assert product liability claims pursuant to the Mississippi Product Liability Statute, MISS. CODE ANN. § 11-1-63, and other applicable Mississippi law based on Defendants' failure to warn.

42. At all times relevant to the Complaint, the Defendant, Circle S. Irrigation, Inc. was in the business of marketing, selling and distributing Farm King tires. The product at issue was defective and unreasonably dangerous at the time it left the hands of the Defendants. Defendants placed their product into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the product. Defendants' product was unreasonably and dangerously defective beyond the extent contemplated by ordinary users with ordinary knowledge regarding these products.

43. Defendants are liable to Plaintiff as they had actual or constructive knowledge of the defects in the Farm King tire being, namely, that the recommended inflation pressure for the tire and the load pressure for the tire was not printed on the outside of the tire for users to see.

44. Defendants acted with conscious and deliberate disregard of the foreseeable harm caused by the failure to warn users of the recommended tire inflation pressure and load pressure.

45. As a direct and proximate result of Defendants' actions, Plaintiff suffered injury and damages, including physical pain and suffering, mental anguish and emotional distress, hospital and doctor bills, both past, present and future, loss of the enjoyment of life, and loss of income, both past, present and future.

## COUNT 6
## BREACH OF EXPRESS WARRANTY
## AGAINST ALL DEFENDANTS

46. The Plaintiffs incorporate, adopt by reference and realleges each and every allegation of this Complaint the same as though specifically set out herein again.

47. At all times relevant to the Complaint, the Defendants were in the business of marketing, selling and distributing Farm King tires and/or LRH Zimmatic Rims. Defendants intended that the products at issue, namely the Farm King tire and/or the LRH Zimmatic Rim, would be used in the manner that Plaintiff in fact used them and Defendants expressly warranted that each product was safe and fit for use by consumers, that it was of merchantable quality, that the dangers of using said product were minimal as compared to other similar products of the same size, type and nature, and that the products were adequately tested and manufactured and fit for their intended use.

48. At all relevant times, Defendants were aware that consumers, including Plaintiff, would use the products, namely the Farm King tire and the LRH Zimmatic rim, which to say that Plaintiff was a foreseeable user of Defendants' products.

49. Plaintiff was at all times in privity with Defendants.

50. The Defendants' products, namely the Farm King tire and the LRH Zimmatic rim, were expected to reach and did in fact reach consumers, including Plaintiff and his employer, without substantial change in the condition in which it was manufactured and sold by Defendants.

51. Defendants breached various express warranties with respect to the Farm King tire and the LRH Zimmatic rim including the fact that Defendants represented to Plaintiff and his employer through labeling, advertising, marketing materials, sales representatives, product brochures, and instruction manuals that Defendants' products were safe; and failed to disclose and, in fact, concealed information about the

substantial risks of serious injury and/or death associated with using Defendants' products, namely the Farm King tire and the LRH Zimmatic rim.

52. In reliance upon Defendants' express warranties, Plaintiff and his employer chose to use the Defendants' products at issue in their day-to-day business operations and, therefore, in the foreseeable manner normally intended, recommended, promoted and marketed by Defendants.

53. At all times of making such express warranties, Defendants knew or should have known that the Defendants' products at issue in this complaint were not safe and were dangerous, and that there were warnings omitted from the products and materials which were material to Plaintiff and his employer thereby making the express warranties inaccurate, thus making Defendants' products unreasonably unsafe for their intended purpose.

54. Defendants breached their express warranties to Plaintiff in that the Defendants' products at issue were not of merchantable quality, were unsafe and were not fit for their intended uses, nor were they adequately labelled, tested, manufactured and packaged.

55. As a direct and proximate result of Defendants' actions, Plaintiff suffered injury and damages, including physical pain and suffering, mental anguish and emotional distress, hospital and doctor bills, both past, present and future, loss of the enjoyment of life, and loss of income, both past, present and future.

## COUNT 7
## NEGLIGENT MISREPRESENTATION
## AGAINST LINDSAY CORPORATION and CIRCLE S. IRRIGATION, INC.

56. The Plaintiffs incorporate, adopt by reference and realleges each and every allegation of this Complaint the same as though specifically set out herein again.

57. At all times relevant to the Complaint, the Defendants, Lindsay Corporation and Circle S. Irrigation, Inc., were in the business of marketing, selling and distributing LRH Zimmatic rims. Defendants misrepresented to Plaintiff that the Zimmatic rims were in good working order and without defects, namely that the rims were bent in two places. Defendant knew that Plaintiff and his employer were relying on Defendants to advise them regarding any known dangers or defects in the LRH Zimmatic rims.

58. At all relevant times, Plaintiff relied upon the representations of Defendants that he LRH Zimmatic rim was in good working order and contained no defects which would make the rim unreasonably dangerous to Plaintiff and his employer. Defendants knew that Plaintiff would rely upon the representations made regarding the LRH Zimmatic rim.

59. As a proximate and direct result of Plaintiff's reliance on Defendants' misrepresentations, Plaintiff suffered injury and damages, including physical pain and suffering, mental anguish and emotional distress, hospital and doctor bills, both past, present and future, loss of the enjoyment of life, and loss of income, both past, present and future.

**COUNT 8**
**INTENTIONAL MISREPRESENTATION/GROSS NEGLIGENCE**
**AGAINST LINDSAY CORPORATION and CIRCLE S. IRRIGATION, INC.**

60. The Plaintiffs incorporate, adopt by reference and realleges each and every allegation of this Complaint the same as though specifically set out herein again.

61. At all times relevant to the Complaint, the Defendant Lindsay Corporation and Circle S. Irrigation, Inc. were in the business of marketing, selling and distributing LRH Zimmatic rims. Defendants intentionally misrepresented, and displayed conduct which was grossly negligent, to Plaintiff that the Zimmatic rims were in good working order and without defects, namely that the rims were bent in two places. Defendants' conduct exhibited such a want of care to Plaintiff, and others similarly situated, as to indicate that the acts and/or omissions in question were the result of a conscious indifference to the rights, welfare or safety of Plaintiff, and/or constituted gross negligence/neglect and/or malice, which was the proximate cause of the physical injury and damages to Plaintiff.

62. As a proximate and direct result of Plaintiff's reliance on Defendant's misrepresentations, Plaintiff suffered injury and damages, including physical pain and suffering, mental anguish and emotional distress, hospital and doctor bills, both past, present and future, loss of the enjoyment of life, and loss of income, both past, present and future.

**COUNT 9**
**PUNITIVE DAMAGES AGAINST ALL DEFENDANTS**

63. The Plaintiffs incorporate, adopt by reference and realleges each and every allegation of this Complaint the same as though specifically set out herein again.

64. At all times relevant to the Complaint, the Defendants were in the business of marketing, selling and distributing Farm King tires and/or LRH Zimmatic Rims.

65. Defendants tortious actions constituted gross negligence, recklessness and an intentional and wanton disregard for the rights of Plaintiffs and other Plaintiffs

similarly situated.  As such, Defendants should be held liable to pay punitive damages

unto Plaintiffs for their actions in an amount to be determined by a jury.


## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

Date: 3/8/2019                                 Respectfully submitted,

                                               CHARLES THOMAS PETTWAY

                               BY:

                                               E. Scott Verhine, MSB# 10548
                                               VERHINE & VERHINE, PLLC
                                               1013 Adams Street
                                               Vicksburg MS  39183
                                               TEL:  601-636-0791
                                               FAX:  601-636-2718
                                               scott@verhine.biz
                                               Attorney for Plaintiffs

**COVER SHEET**
**Civil Case Filing Form**
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

**Court Identification Docket #**

| County # | Judicial District | Court ID (CH, CI, CO) |
|---|---|---|

**Case Year** 2019

**Docket Number** 9 59

Local Docket ID

03 | 11 | 19
Month | Date | Year

Mississippi Supreme Court Form AOC/01
Administrative Office of Courts (Rev 2009)

This area is to be completed by clerk

Case Number if filed prior to 1/1/94

In the **Circuit** Court of **Hinds** County — **2nd** Judicial District

**Origin of Suit (Place an "X" in one box only)**
- [X] Initial Filing
- [ ] Reinstated
- [ ] Foreign Judgment Enrolled
- [ ] Transfer from Other court
- [ ] Other
- [ ] Remanded
- [ ] Reopened
- [ ] Joining Suit/Action
- [ ] Appeal

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual
**Pettway** (Last Name) **Charles** (First Name) — Maiden Name, if applicable — **T.** M.I. — Jr/Sr/III/IV

___ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

___ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency

Business _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
___ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A

**Address of Plaintiff** 1013 Adams St. Vicksburg MS 39183

**Attorney (Name & Address)** E. Scott Verhine **MS Bar No.** 10548

___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney.
Signature of Individual Filing: E. Sco Vm

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual
(Last Name) (First Name) Maiden Name, if applicable M.I. Jr/Sr/III/IV

___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency

Business **Circle S. Irrigation, Inc. et al**
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A

**Attorney (Name & Address) - If Known** **MS Bar No.**

**Damages Sought:** Compensatory $ _____ Punitive $ _____ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| ☐ Child Custody/Visitation | ☐ Accounting (Business) | ☐ Adoption - Contested | ☐ Adverse Possession |
| ☐ Child Support | ☐ Business Dissolution | ☐ Adoption - Uncontested | ☐ Ejectment |
| ☐ Contempt | ☐ Debt Collection | ☐ Consent to Abortion Minor | ☐ Eminent Domain |
| ☐ Divorce: Fault | ☐ Employment | ☐ Removal of Minority | ☐ Eviction |
| ☐ Divorce: Irreconcilable Diff. | ☐ Foreign Judgment | ☐ Other | ☐ Judicial Foreclosure |
| ☐ Domestic Abuse | ☐ Garnishment | **Civil Rights** | ☐ Lien Assertion |
| ☐ Emancipation | ☐ Replevin | ☐ Elections | ☐ Partition |
| ☐ Modification | ☐ Other | ☐ Expungement | ☐ Tax Sale: Confirm/Cancel |
| ☐ Paternity | **Probate** | ☐ Habeas Corpus | ☐ Title Boundary or Easement |
| ☐ Property Division | ☐ Accounting (Probate) | ☐ Post Conviction Relief/Prisoner | ☐ Other |
| ☐ Separate Maintenance | ☐ Birth Certificate Correction | ☐ Other | **Torts** |
| ☐ Termination of Parental Rights | ☐ Commitment | **Contract** | ☐ Bad Faith |
| ☐ UIFSA (eff 7/1/97; formerly URESA) | ☐ Conservatorship | ☐ Breach of Contract | ☐ Fraud |
| ☐ Other | ☐ Guardianship | ☐ Installment Contract | ☐ Loss of Consortium |
| **Appeals** | ☐ Heirship | ☐ Insurance | ☐ Malpractice - Legal |
| ☐ Administrative Agency | ☐ Intestate Estate | ☐ Specific Performance | ☐ Malpractice - Medical |
| ☐ County Court | ☐ Minor's Settlement | ☐ Other | ☐ Mass Tort |
| ☐ Hardship Petition (Driver License) | ☐ Muniment of Title | **Statutes/Rules** | ☐ Negligence - General |
| ☐ Justice Court | ☐ Name Change | ☐ Bond Validation | ☐ Negligence - Motor Vehicle |
| ☐ MS Dept Employment Security | ☐ Testate Estate | ☐ Civil Forfeiture | [X] Product Liability |
| ☐ Worker's Compensation | ☐ Will Contest | ☐ Declaratory Judgment | ☐ Subrogation |
| ☐ Other | ☐ Other | ☐ Injunction or Restraining Order | ☐ Wrongful Death |
| | | ☐ Other | ☐ Other |

## IN THE CIRCUIT COURT OF THE SECOND JUDICIAL DSTRICT

## OF HINDS COUNTY, MISSISSIPPI

**CHARLES THOMAS PETTWAY**
**and CAL-MAINE FOODS, INC.**                                    **PLAINTIFFS**

**vs.**                                                   Case No. __19-59__

**CIRCLE S. IRRIGATION, INC.,**
**A Mississippi Corporation;**
**ASIAN TIRE FACTORY LIMITED, a Foreign**
**Corporation; and LINDSAY CORPORATION,**
**A Foreign Corporation**                                        **DEFENDANTS**

<u>**SUMMONS**</u>

THE STATE OF MISSISSIPPI

TO:     Circle S. Irrigation, Inc.
        c/o Cindy W. Holt
        420 Rain Street
        Clarksdale MS 38732

NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**
        You are required to mail or hand deliver a copy of a written response to the Complaint to E. Scott Verhine, the attorney for the Plaintiffs, whose street address is 1013 Adams Street, Vicksburg, MS  39183.  Your response must be mailed or delivered within (30) days from the date of delivery of this Summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.
        You must file the original of your response with the Clerk of this Court within a reasonable time afterward.
        Issued under my hand and the seal of said Court, this, the 11th day of
__March__, 2019.

                              ZACK WALLACE, CIRCUIT CLERK
                              2ND JUDICIAL DISTRICT OF HINDS COUNTY,
                              MISSISSIPPI



                              BY: _____D.C.

PROOF OF SERVICE-SUMMONS

TO:   Circle S. Irrigation, Inc.
      c/o Cindy W. Holt
      420 Rain Street
      Clarksdale MS  38732

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE.  By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender.

_____PERSONAL SERVICE.  I personally delivered copies to _____ on the ___ _____ day of_____, 2019, where I found said person in ___ ___ _____ County, _____.

_____RESIDENCE SERVICE.  After exercising reasonable diligence I was unable to deliver copies to said person with _____ County.  I served the summons and complaint on the _____ day of _____, 2019, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2019, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____CERTIFIED MAIL SERVICE.  By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring return receipt) copies to the person served.  (Attach signed return receipt of the return envelope marked "Refused".)

At the time of service I was at least 18 years of age and not a party to this action. Fee for service: $_____

Process server must list below: (Print or Type)

Name___ ___ ___ _____ _____ ___ _____-
Social Security Number_____
Address:__ ___ ___ ___ ___ ___ _____
_____ ___ _____ ____

Telephone No.

_____

STATE OF MISSISSIPPI
COUNTY OF _____

     Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server (Signature)

     SWORN TO AND SUBSCRIBED BEFORE ME, this, the _____ day of _____, 2019.

_____
NOTARY PUBLIC

My Commission Expires:

_____

## IN THE CIRCUIT COURT OF THE SECOND JUDICIAL DSTRICT

## OF HINDS COUNTY, MISSISSIPPI

**CHARLES THOMAS PETTWAY**
**and CAL-MAINE FOODS, INC.**                                          **PLAINTIFFS**

**vs.**                                                                **Case No. 19-59**

**CIRCLE S. IRRIGATION, INC.,**
**A Mississippi Corporation;**
**ASIAN TIRE FACTORY LIMITED, a Foreign**
**Corporation; and LINDSAY CORPORATION,**
**A Foreign Corporation**                                              **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI

TO:     Asian Tire Factory Limited
        D-37, Focal Point
        Jalandhar-144004
        Punjab India

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand deliver a copy of a written response to the Complaint
to E. Scott Verhine, the attorney for the Plaintiffs, whose street address is 1013 Adams Street,
Vicksburg, MS  39183.  Your response must be mailed or delivered within (30) days from the
date of delivery of this Summons and complaint or a judgment by default will be entered
against you for the money or other things demanded in the complaint.

You must file the original of your response with the Clerk of this Court within a
reasonable time afterward.

Issued under my hand and the seal of said Court, this, the 30 day of
march , 2019.

ZACK WALLACE, CIRCUIT CLERK
2ND JUDICIAL DISTRICT OF HINDS COUNTY,
MISSISSIPPI

BY: _____ D.C.



## PROOF OF SERVICE-SUMMONS

TO:    Asian Tire Factory Limited
         D-37, Focal Point
         Jalandhar-144004
         Punjab India

      I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE.  By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender.

_____PERSONAL SERVICE.  I personally delivered copies to _____ on the _____ day of_____, 2019, where I found said person in _____ County, _____.

_____RESIDENCE SERVICE.  After exercising reasonable diligence I was unable to deliver copies to said person with _____ County.  I served the summons and complaint on the _____ day of _____, 2019, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2019, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____CERTIFIED MAIL SERVICE.  By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring return receipt) copies to the person served.  (Attach signed return receipt of the return envelope marked "Refused".)

      At the time of service I was at least 18 years of age and not a party to this action.
Fee for service: $_____

                      Process server must list below: (Print or Type)

                      Name_____

                      Social Security Number_____

                      Address:_____

                      _____

                      Telephone No. _____

STATE OF MISSISSIPPI
COUNTY OF _____

      Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.


                                      _____
                                      Process Server (Signature)

      SWORN TO AND SUBSCRIBED BEFORE ME, this, the _____ day of _____, 2019.


                                      _____
                                      NOTARY PUBLIC

My Commission Expires:


_____

## IN THE CIRCUIT COURT OF THE SECOND JUDICIAL DSTRICT

## OF HINDS COUNTY, MISSISSIPPI

**CHARLES THOMAS PETTWAY**
**and CAL-MAINE FOODS, INC.**                                    **PLAINTIFFS**

**vs.**                                                   **Case No. 19-59**

**CIRCLE S. IRRIGATION, INC.,**
**A Mississippi Corporation;**
**ASIAN TIRE FACTORY LIMITED, a Foreign**
**Corporation; and LINDSAY CORPORATION,**
**A Foreign Corporation**                                   **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI

TO:     Lindsay Corporation
        c/o C. T. Corporation System
        5601 South 59th Street
        Lincoln NE  68516

NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand deliver a copy of a written response to the Complaint to E. Scott Verhine, the attorney for the Plaintiffs, whose street address is 1013 Adams Street, Vicksburg, MS  39183.  Your response must be mailed or delivered within (30) days from the date of delivery of this Summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this, the 25th day of March , 2019.

                                    ZACK WALLACE, CIRCUIT CLERK
                                    2ND JUDICIAL DISTRICT OF HINDS COUNTY,
                                    MISSISSIPPI

                                    BY: _____ D.C.

PROOF OF SERVICE-SUMMONS

TO:   Lindsay Corporation
      c/o C. T. corporation System
      5601 South 59th Street
      Lincoln NE  68516

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE.  By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender.

_____PERSONAL SERVICE.  I personally delivered copies to _____ on the _____ day of_____, 2019, where I found said person in _____ County, _____.

_____RESIDENCE SERVICE.  After exercising reasonable diligence I was unable to deliver copies to said person with _____ County.  I served the summons and complaint on the _____ day of _____, 2019, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2019, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____CERTIFIED MAIL SERVICE.  By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring return receipt) copies to the person served.  (Attach signed return receipt of the return envelope marked "Refused".)

At the time of service I was at least 18 years of age and not a party to this action.
Fee for service: $_____

Process server must list below: (Print or Type)

Name_____
Social Security Number_____
Address:_____
_____
Telephone No. _____

STATE OF MISSISSIPPI

COUNTY OF _____

       Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

                                            _____

                                            Process Server (Signature)

       SWORN TO AND SUBSCRIBED BEFORE ME, this, the _____ day of _____, 2019.

                                            _____

                                            NOTARY PUBLIC

My Commission Expires:

_____

## IN THE CIRCUIT COURT OF THE SECOND JUDICIAL DSTRICT

## OF HINDS COUNTY, MISSISSIPPI

**CHARLES THOMAS PETTWAY**
**and CAL-MAINE FOODS, INC.**                                    **PLAINTIFFS**

**vs.**                                                      Case No. ___19-09___

**CIRCLE S. IRRIGATION, INC.,**
**A Mississippi Corporation;**
**ASIAN TIRE FACTORY LIMITED, a Foreign**
**Corporation; and LINDSAY CORPORATION,**
**A Foreign Corporation**                                     **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI

TO:    Circle S. Irrigation, Inc.
       c/o Cindy W. Holt
       420 Rain Street
       Clarksdale MS 38732

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand deliver a copy of a written response to the Complaint to E. Scott Verhine, the attorney for the Plaintiffs, whose street address is 1013 Adams Street, Vicksburg, MS 39183.  Your response must be mailed or delivered within (30) days from the date of delivery of this Summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this, the 11th day of ___march___, 2019.

                                    ZACK WALLACE, CIRCUIT CLERK
                                    2ND JUDICIAL DISTRICT OF HINDS COUNTY,
                                    MISSISSIPPI

                                    BY: _____ D.C.

ATTEST A TRUE COPY

MAR 11 2019

ZACK WALLACE, CIRCUIT CLERK

BY _____ D.C.

PROOF OF SERVICE-SUMMONS

TO:    Circle S. Irrigation, Inc.
       c/o Cindy W. Holt
       420 Rain Street
       Clarksdale MS  38732

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE.  By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender.

___X___PERSONAL SERVICE.  I personally delivered copies to _Vicki Vinrew_ on the _27_ day of _March_, 2019, where I found said person in _Coahoma_ County, _Miss.Ss.pp._

_____RESIDENCE SERVICE.  After exercising reasonable diligence I was unable to deliver copies to said person with _____ County.  I served the summons and complaint on the _____ day of _____, 2019, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2019, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____CERTIFIED MAIL SERVICE.  By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring return receipt) copies to the person served.  (Attach signed return receipt of the return envelope marked "Refused".)

At the time of service I was at least 18 years of age and not a party to this action. Fee for service: $_____

Process server must list below: (Print or Type)

Name_____    Pat Edge
Social Security Number_____    132 Cross Creek Dr.
Address:_____    Oxford, MS 38655
_____

Telephone No.

_____

STATE OF MISSISSIPPI
COUNTY OF _Lafayett_

Personally appeared before me the undersigned authority in and for the state and
county aforesaid, the within named _____Pat Edge_____, who being
first by me duly sworn states on oath that the matters and facts set forth in the foregoing
"Proof of Service-Summons" are true and correct as therein stated.

_Pat Edge_____
Process Server (Signature)

SWORN TO AND SUBSCRIBED BEFORE ME, this, the ___27___ day of
_March_____, 2019.

_Brandy Lokey_____
NOTARY PUBLIC

My Commission Expires:

_Jan. 10, 2023_



STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 126429
BRANDY LOKEY
Commission Expires
Jan. 10, 2023
LAFAYETTE COUNTY

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

CHARLES THOMAS PETTWAY AND CAL-
MAINE FOODS, INC.                                                                    PLAINTIFFS

VS.                                                          CIVIL ACTION NO. 25CI2:19-cv-00009

CIRCLE S. IRRIGATION, INC., A
MISSISSIPPI CORPORATION; ASIAN TIRE
FACTORY LIMITED, A FOREIGN
CORPORATION; AND LINDSAY
CORPORATION, A FOREIGN
CORPORATION                                                                          DEFENDANTS

## CIRCLE S. IRRIGATION, INC.'S ANSWER AND DEFENSES TO COMPLAINT

COMES NOW defendant, Circle S. Irrigation, Inc. ("Circle S."), by counsel, and submits

its Answer and Defenses to the Complaint filed against it, as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against Circle S. upon which relief can be granted.

Accordingly, Circle S. moves to dismiss the Complaint filed against it pursuant to Miss. R. Civ.

P. 12(b)(6).

### SECOND DEFENSE

The Complaint may fail to join a necessary party or parties.

### THIRD DEFENSE

Venue may be improper.

{D1168930.1}

FOURTH DEFENSE

ANSWER

PARTIES

1.  This defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and, therefore, denies same and demands strict proof thereof.

2.      This defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, denies same and demands strict proof thereof.  The conclusions contained in that paragraph require no response.

3.      This defendant admits the allegations contained in paragraph 3 of the Complaint. The conclusions contained in that paragraph require no response.

4.      This defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and, therefore, denies same and demands strict proof thereof.  The conclusions contained in that paragraph require no response.

5.      This defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and, therefore, denies same and demands strict proof thereof.  The conclusions contained in that paragraph require no response.

## JURISDICTION AND VENUE

6.    This defendant admits that it sold a Lindsay Corporation rim to Southern Equipment for Cal-Maine Foods within the State of Mississippi.   This defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint and, therefore, denies same and demands strict proof thereof.  The conclusions contained in that paragraph require no response.

## FACTS

7.    This defendant admits that it sold a LRH Zimmatic rim to Southern Equipment for Cal-Maine Foods.  This defendant denies that it marketed the rim.  This defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint and, therefore, denies same and demands strict proof thereof.  The conclusions contained in that paragraph require no response.

8.    This defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies same and demands strict proof thereof.  The conclusions contained in that paragraph require no response.

9.    This defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies same and demands strict proof thereof.  The conclusions contained in that paragraph require no response.

10.    This defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies

same and demands strict proof thereof.  The conclusions contained in that paragraph require no response.

11.    This defendant denies that any defects existed with the subject rim as alleged. However, if any defects did exist, then this defendant was not aware of said defects, so this defendant could not warn plaintiff of conditions of which this defendant was not aware.  This defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Complaint, including subparagraphs a. through c.  The conclusions contained in that paragraph require no response.

12.    This defendant denies the allegations contained in paragraph 12 of the Complaint. The conclusions contained in that paragraph require no response.

13.    This defendant denies the allegations contained in paragraph 13 of the Complaint. The conclusions contained in that paragraph require no response.

COUNT 1
MISSISSIPPI PRODUCT LIABILITY ACT CLAIM
MANUFACTURING DEFECT
AS TO ASIAN TIRE FACTORY LIMITED

14.    This defendant adopts herein by reference and re-alleges its responses to paragraphs 1 through 13, above.

15.    Paragraph 15 of the Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

16.    Paragraph 16 of the Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

17.   Paragraph 17 of the Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

18.   Paragraph 18 of the Complaint, including subparagraphs A.-B., is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

19.   Paragraph 19 of the Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

20.   Paragraph 20 of the Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

COUNT 2
MISSISSIPPI PRODUCT LIABILITY ACT CLAIM
MANUFACTURING DEFECT
AS TO LINDSAY CORPORATION

21.   This defendant adopts herein by reference and re-alleges its responses to paragraphs 1 through 20, above.

22.   Paragraph 22 of the Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

23.   Paragraph 23 of the Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

24.     Paragraph 24 of the Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

25.     Paragraph 25 of the Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

26.     Paragraph 26 of the Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

27.     Paragraph 27 of the Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

COUNT 3
MISSISSIPPI PRODUCT LIABILITY CLAIM
FAILURE TO WARN
AGAINST ASIAN TIRE FACTORY LIMITED

28.     This defendant adopts herein by reference and re-alleges its responses to paragraphs 1 through 27, above.

29.     Paragraph 29 of the Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

30.     Paragraph 30 of the Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

31.     Paragraph 31 of the Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

32.     Paragraph 32 of the Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

33.     Paragraph 33 of the Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

COUNT 4
MISSISSIPPI PRODUCT LIABILITY CLAIM
FAILURE TO WARN
AGAINST LINDSAY CORPORATION

34.     This defendant adopts herein by reference and re-alleges its responses to paragraphs 1 through 33, above.

35.     Paragraph 35 of the Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

36.     Paragraph 36 of the Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

37.     Paragraph 37 of the Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

38.      Paragraph 38 of the Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

39.      Paragraph 39 of the Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

COUNT 5
MISSISSIPPI PRODUCT LIABILITY CLAIM
FAILURE TO WARN
AGAINST CIRCLE S. IRRIGATION, INC.

40.      This defendant adopts herein by reference and re-alleges its responses to paragraphs 1 through 39, above.

41.      This defendant admits that plaintiffs assert failure to warn claims against this defendant pursuant to the Mississippi Product Liability statute, Miss. Code Ann. §11-1-63, but this defendant denies  that it is liable for any alleged failures to warn or other product liability claims under that statute.  The conclusions contained in paragraph 41 require no response.

42.      This defendant denies the allegations contained in paragraph 42 of the Complaint. The conclusions contained in that paragraph require no response.

43.      This defendant denies the allegations contained in paragraph 43 of the Complaint. The conclusions contained in that paragraph require no response.

44.      This defendant denies the allegations contained in paragraph 44 of the Complaint. The conclusions contained in that paragraph require no response.

45.      This defendant denies the allegations contained in paragraph 45 of the Complaint. The conclusions contained in that paragraph require no response.

COUNT 6
BRAECH OF EXPRESS WARRANTY
AGAINST ALL DEFENDANTS

46.     This defendant adopts herein by reference and re-alleges its responses to paragraphs

1 through 45, above.

47.     This defendant admits that it sold LRH Zimmatic rims.  This defendant denies the

remaining allegations contained in paragraph 47 of the Complaint to the extent that the allegations

are directed to this defendant.  To the extent that the allegations are directed to other defendants,

then this defendant is without sufficient knowledge or information to form a belief as to the truth

of the allegations and, therefore, denies same and demands strict proof thereof.  The conclusions

contained in paragraph 47 require no response.

48.     This defendant denies the allegations contained in paragraph 48 of the Complaint

to the extent that the allegations are directed to this defendant.  To the extent that the allegations

are directed to other defendants, then this defendant is without sufficient knowledge or information

to form a belief as to the truth of the allegations and, therefore, denies same and demands strict

proof thereof.  The conclusions contained in paragraph 48 require no response.

49.     This defendant denies the allegations contained in paragraph 49 of the Complaint.

The conclusions contained in that paragraph require no response.

50.     This defendant denies the allegations contained in paragraph 50 of the Complaint

to the extent that the allegations are directed to this defendant.  To the extent that the allegations

are directed to other defendants, then this defendant is without sufficient knowledge or information

to form a belief as to the truth of the allegations and, therefore, denies same and demands strict

proof thereof.  The conclusions contained in paragraph 50 require no response.

51.     This defendant denies the allegations contained in paragraph 51 of the Complaint to the extent that the allegations are directed to this defendant.  To the extent that the allegations are directed to other defendants, then this defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies same and demands strict proof thereof.  The conclusions contained in paragraph 51 require no response.

52.     This defendant denies the allegations contained in paragraph 52 of the Complaint to the extent that the allegations are directed to this defendant.  To the extent that the allegations are directed to other defendants, then this defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies same and demands strict proof thereof.  The conclusions contained in paragraph 52 require no response.

53.     This defendant denies the allegations contained in paragraph 53 of the Complaint to the extent that the allegations are directed to this defendant.  To the extent that the allegations are directed to other defendants, then this defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies same and demands strict proof thereof.  The conclusions contained in paragraph 53 require no response.

54.     This defendant denies the allegations contained in paragraph 54 of the Complaint to the extent that the allegations are directed to this defendant.  To the extent that the allegations are directed to other defendants, then this defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies same and demands strict proof thereof.  The conclusions contained in paragraph 54 require no response.

55.     This defendant denies the allegations contained in paragraph 55 of the Complaint to the extent that the allegations are directed to this defendant.  To the extent that the allegations are directed to other defendants, then this defendant is without sufficient knowledge or information

to form a belief as to the truth of the allegations and, therefore, denies same and demands strict proof thereof.  The conclusions contained in paragraph 55 require no response.

## COUNT 7
### NEGLIGENT MISREPRESENTATION
### AGAINST LINDSAY CORPORATION
### AND CIRCLE S. IRRIGATION, INC.

56.     This defendant adopts herein by reference and re-alleges its responses to paragraphs 1 through 55, above.

57.     This defendant admits that it sold a LRH Zimmatic rim to Southern Equipment for Cal-Maine Foods.  This defendant denies the remaining allegations contained in paragraph 57 to the extent that the allegations are addressed to this defendant.  To the extent that the allegations are addressed to other defendants, then this defendant would state that it is without sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies same and demands strict proof thereof.  The conclusions contained in that paragraph require no response.

58.     This defendant denies the allegations contained in paragraph 58 of the Complaint. The conclusions contained in that paragraph require no response.

59.     This defendant denies the allegations contained in paragraph 59 of the Complaint. The conclusions contained in that paragraph require no response.

## COUNT 8
### INTENTIONAL MISREPRESENTATION/GROSS
### NEGLIGENCE AGAINST LINDSAY CORPORAITON AND CIRCLE S. IRRIGAITON, INC.

60.     This defendant adopts herein by reference and re-alleges its responses to paragraphs 1 through 59, above.

61.     This defendant admits that it sold a LRH Zimmatic rim to Southern Equipment for Cal-Maine Foods.  This defendant denies the remaining allegations contained in paragraph 61 to

the extent that the allegations are addressed to this defendant.  To the extent that the allegations are addressed to other defendants, then this defendant would state that it is without sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies same and demands strict proof thereof.  The conclusions contained in that paragraph require no response.

62.      This defendant denies the allegations contained in paragraph 62 of the Complaint. The conclusions contained in that paragraph require no response.

COUNT 9<br>PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

63.      This defendant adopts herein by reference and re-alleges its responses to paragraphs 1 through 62, above.

64.      This defendant admits that it sold a LRH Zimmatic rim to Southern Equipment for Cal-Maine Foods.  This defendant denies the remaining allegations contained in paragraph 64 to the extent that the allegations are addressed to this defendant.  This defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 64 of the Complaint and, therefore, denies same and demands strict proof thereof. The conclusions contained in that paragraph require no response.

65.      This defendant denies the allegations contained in paragraph 65 of the Complaint. The conclusions contained in that paragraph require no response.

DEMAND FOR JURY TRIAL

This defendant admits that plaintiff demands a jury trial.

And now, having answered the allegations of the Complaint, paragraph by paragraph, Circle S. would assert the following additional defenses and matters in avoidance:

### FIFTH DEFENSE

Plaintiff's alleged injuries and damages resulted solely from acts or omissions of third-parties for which Circle S. is neither liable nor responsible.  Such acts or omissions on the part of others constitute independent, intervening and sole proximate causes of such injuries and damages.

### SIXTH DEFENSE

Circle S. pleads the doctrine of comparative negligence to the extent applicable.

### SEVENTH DEFENSE

Circle S. was an innocent seller and cannot be liable.

### EIGHTH DEFENSE

The subject incident was not caused by any issue with the subject rim sold by Circle S.

### NINTH DEFENSE

The subject rim was neither defective nor unreasonably dangerous.

### TENTH DEFENSE

Circle S. incorporates and reserves all defenses available to a product manufacturer, distributor or seller, as recognized by common law and pursuant to Miss. Code Ann. § 11-1-63, including, but not limited to, the defenses of assumption of the risk, open and obvious hazard, and subsequent material modification of the product.  Circle S. further incorporates and invokes the burdens of proof placed upon the plaintiffs by Miss. Code Ann. §11-1-63.

### ELEVENTH DEFENSE

The subject incident may have been caused by a misuse of a product.

## TWELFTH DEFENSE

Any damages awarded in this action are subject to set-off, settlement credit, reduction for contributory negligence and, to the extent applicable, apportionment under the provisions of Miss. Code Ann. §85-5-7.

## THIRTEENTH DEFENSE

Without conceding that plaintiffs are entitled to any damages, Circle S. would show that plaintiffs have failed to mitigate damages. Circle S. also pleads all limitations on damages afforded by Miss. Code Ann. §11-1-60.

## FOURTEENTH DEFENSE

If plaintiffs have agreed not to sue, or have compromised, settled or otherwise reached some arrangement with other parties, then such is a complete bar to this action as satisfaction thereof. In the alternative, should the Court find this not to be a bar, the jury should be advised of plaintiffs' arrangements, and any monetary amounts involved, so that Circle S. can be credited with, or receive an off-set for, said amounts plaintiffs have already received, so as to prevent a double recovery by plaintiffs.

## FIFTEENTH DEFENSE

Plaintiffs seek certain damages not recoverable as a matter of law.

## SIXTEENTH DEFENSE

The subject product did not deviate in a material way from the design specifications or manufacturer specifications or from other identical units manufactured to the specifications.

## SEVENTEENTH DEFENSE

The subject product was not the product of a defective design. Circle S. would show that even if the subject product in question was defective, which is denied, then such defect did not

render the product unreasonably dangerous nor did such defective condition, if any, proximately cause or contribute to the damages for which recovery is sought.

## EIGHTEENTH DEFENSE

Circle S. would affirmatively show that if the subject product in question was defective in design, which is denied, the harm for which plaintiffs seek recovery was caused by an inherent characteristic of the product which is a generic aspect of the product that cannot be eliminated without substantially compromising the product's usefulness or desirability.

## NINTEENTH DEFENSE

Circle S. would show that the subject product in question functioned as expected and there was no feasible design alternative that would have, to a reasonable probability, prevented the harm claimed in this action.

## TWENTIETH DEFENSE

Circle S. is not liable for any damages caused by the modification or alteration to or misuse of the subject product.

## TWENTY-FIRST DEFENSE

Circle S. would aver that this is not a proper case for punitive damages and an award of punitive damages would be in violation of the Mississippi Constitution and the Constitution of the United States of America. Circle S. specifically invokes all defenses and protections afforded to it by the United States Supreme Court cases of *Gore, Leatherman Tools* and *State Farm*. Circle S. also invokes all defenses and protections afforded by Miss. Code Ann. § 11-1-65.

## TWENTY-SECOND DEFENSE

The facts not having been fully developed, Circle S. further affirmatively pleads the following affirmative defenses as may be applicable in this action: accord, satisfaction, arbitration

{D1168930.1}

15

and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, intervening and superseding cause, open and obvious conditions, and any other manner constituting an avoidance or affirmative defense.

<u>TWENTY-THIRD DEFENSE</u>

Circle S. reserves the right to assert any additional defenses to which it may be entitled following the completion of additional investigation and discovery.

And now, having fully answered the Complaint filed against it, Circle S. demands that said Complaint be dismissed with all costs assessed to the plaintiffs.

Respectfully submitted,

CIRCLE S. IRRIGATION, INC.

BY:   /s/ George E. Abdo, III
       OF COUNSEL

GEORGE E. ABDO, III - MS BAR NO. 9782
*gabdo@danielcoker.com*
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE:  601-969-7607
FACSIMILE:   601-969-1116

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 10, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all known counsel of record.

/s/ George E. Abdo, III

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT


CHARLES THOMAS PETTWAY AND
CAL-MAINE FOODS, INC.                                                    PLAINTIFFS

VS.                                          CIVIL ACTION NO. 25CI2:19-cv-00009

CIRCLE S. IRRIGATION, INC., A MISSISSIPPI CORPORATION;
ASIAN TIRE FACTORY LIMITED, A FOREIGN CORPORATION;
AND LINDSAY CORPORATION, A FOREIGN CORPORATION                DEFENDANTS


NOTICE OF SERVICE

TO:     All Counsel of Record

Notice is hereby given that defendant, Circle S. Irrigation, Inc., has this date served in the

above-entitled action:

1.      First Set of Interrogatories to Plaintiffs; and
2.      First Set of Requests for Production of Documents to Plaintiffs.

The undersigned retains the originals as custodian thereof pursuant to the local rules.

THIS, the 10th day of April, 2019.


                                    /s/ George E. Abdo, III
                                    GEORGE E. ABDO, III - BAR # 9782
                                    Attorney for Defendant, Circle S. Irrigation, Inc.


DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI  39215-1084
TELEPHONE:  (601) 969-7607
FACSIMILE:  (601) 969-1116
gabdo@danielcoker.com

D1172113.1

## CERTIFICATE OF SERVICE

I hereby certify that on **April 10, 2019**, I electronically filed the foregoing with the Clerk of

the Court using the ECF system which sent notification of such filing to all known counsel of record.


/s/ George E. Abdo, III
_____

PROOF OF SERVICE-SUMMONS

TO:     Lindsay Corporation
        c/o C. T. corporation System
        5601 South 59th Street
        Lincoln NE  68516

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE.  By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender.

_____PERSONAL SERVICE.  I personally delivered copies to _____ on the _____ day of _____, 2019, where I found said person in _____ County, _____.

_____RESIDENCE SERVICE.  After exercising reasonable diligence I was unable to deliver copies to said person with _____ County.  I served the summons and complaint on the _____ day of _____, 2019, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2019, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

___✓___CERTIFIED MAIL SERVICE.  By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring return receipt) copies to the person served.  (Attach signed return receipt of the return envelope marked "Refused".)

At the time of service I was at least 18 years of age and not a party to this action.
Fee for service: $___0___

Process server must list below: (Print or Type)

Name__Lisa  M.  McGee_____
Social Security Number__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__
Address:__1013  Adams  St._____
__Vicksburg  Ms  39183_____
Telephone No:__601,  636-0791_____

STATE OF MISSISSIPPI

COUNTY OF ___Warren___

     Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____

Process Server (Signature)

     SWORN TO AND SUBSCRIBED BEFORE ME, this, the ___16th___ day of ___April___, 2019.

_____

NOTARY PUBLIC

My Commission Expires:

_____

Case: 25CI2:19-cv-00009-EFP     Document #: 9-1     Filed: 04/16/2019     Page 1 of 1



# VERHINE & VERHINE, PLLC
Attorneys at Law

1013 Adams Street
Vicksburg, MS 39183
tel: (601) 636-0791
fax: (601) 636-2718
scott@verhine.biz
www.verhinelaw.com

E. SCOTT VERHINE
EVERETTE VERHINE (1936-2002)

May 13, 2019

Zack Wallace
Circuit Clerk Hinds County
P. O. Box 327
Jackson MS  39205

Re:  Charles Pettway v. Circle S. Irrigation, Inc., et al
Case No:  19-9

Dear Mr. Wallace:

Enclosed for filing is correspondence I received from Defendant, Asian Tire Limited, via an email attachment.  Please file this in the court file referenced above.

Should you have any questions, please do not hesitate to let me know.

Sincerely,

E. Scott Verhine

ESV/lm

Enclosures



May 8, 2019

BY REGISTERED POST

Mr Zack Wallace
Circuit Clerk
2nd Judicial District of Hinds country
Mississippi
USA

Dear Sir,

In response to the complaint _NO. 19-59

1.  It is to be noted that Circle S Irrigation is not a customer of Asian Tire Factory and they have never sold them any product. .

2.  While the serial number reflects a tire manufactured in 2015, which was ideally in distribution stream early 2016, and given the accident took place in 2017; the tire is unaccounted for throughout the period which might have resulted in the "claimed" condition of the tire.

3.  If the accident took place in 2017; the information for the same has only been shared in April 2019. This raises the question as to why there was a delay in communicating the incident.

4.  As earlier pointed out, since the tire was unaccounted in a given period, generally, a broken bead can even be attributed to mishandling, improper mounting, defective rim and transit damage, accordingly, manufacturing defect needs to be established.

Thus, it cannot be ascertained that the liability falls on Asian Tire Factory, as, it is imperative to understand how/from whom Circle S Irrigation purchased this tire. Accordingly, Asian Tire Factory should be pardoned/ waivered from any liability/ responsibility/ litigation.

Yours faithfully
For ASIAN TIRE FACTORY LTD

AUTHORISED SIGNATORY

RP780414665IN/8280780414665
FGN RL SODAL ROAD SO<144004>
Counter No:1,09/05/2019,12:34
To: ATTN MR E SC,1013 ADAMS STREE
USA
From:ASIAN TIRE ,D 37 FOCAL POINT
Wt:20gms
Amt:97.00(Cash)0.00
<Track on www.indiapost.gov.in>

ASIAN TIRE FACTORY LIMITED

D-37 Focal Point, Jalandhar 144 004. INDIA  Tel : +91 181 5083063, 5083064  Fax. : +91-181-2601531 E : atf@atftyre.com

www.atftyre.com

## IN THE CIRCUIT COURT OF THE SECOND JUDICIAL DISTRICT
## OF HINDS COUNTY, MISSISSIPPI

**CHARLES THOMAS PETTWAY**
**and CAL-MAINE FOODS, INC.**                                                    **PLAINTIFFS**

**vs**                                  **CIVIL ACTION NO. 25CI2:19-cv-00009-LCS**

**CIRCLE S. IRRIGATION, INC.**
**A Mississippi Corporation;**
**ASAIN TIRE FACTORY LIMITED, a Foreign Corporation;**
**and LINDSAY CORPORATION, a Foreign Corporation**            **DEFENDANTS**

### ANSWER AND DEFENSES OF DEFENDANT LINDSAY CORPORATION

**COMES NOW** Defendant, Lindsay Corporation, Inc., (hereinafter "Defendant" or
"Lindsay Corporation") and for its Answer and Defenses to the Complaint states as follows:

### FIRST DEFENSE

### Motion to Dismiss-Rule 12(b)(6)

Pursuant to *Miss. R. Civ. P.* 12(b)(6), some or all of the Plaintiffs' claims should be
dismissed for failure to state a claim upon which relief can be granted. Additionally, this Defendant
raises and incorporates by reference all 12(b)(1) through (b)(7) defenses that may be available to
it in this action.

### SECOND DEFENSE

Without waiving any defenses set forth herein, Lindsay Corporation answers the Plaintiffs'
Complaint, paragraph by paragraph as follows:

1.      Admitted.

2.      Defendant is without sufficient information to either admit or deny the allegations
contained in paragraph 2 of the Complaint and, therefore, denies same.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Upon information and belief, Defendant admits that Plaintiff Charles Thomas Pettway was injured in an explosion that occurred on June 23, 2017; Defendant Asian Tire Factory Limited sold, marketed, designed and distributed the Farm King tire at issue, and Defendant Circle S. Irrigation, Inc. distributed, marketed and sold the rim at issue. Defendant denies all other allegations in Paragraph 7.

8.      Admitted.

9.      It is admitted that Plaintiff was inflating a Farm King tire and an explosion occurred and Plaintiff was injured.  Defendant is without sufficient information to either admit or deny the remaining allegations contained in paragraph 9 of the Complaint and, therefore, denies same.

10.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 10 of the Complaint and, therefore, denies same.

11.     Defendant denies that it manufactured the rim in issue, denies the rim was bent, denies that it played any part in bends in the rim, if any, denies that it had any knowledge of any defects and denies that it had any duty or any reason to warn.  Defendant admits that there is no recommended tire pressure on the tire exhibited by Plaintiff.  All remaining allegations are denied.

12.     Denied as to this Defendant and as to Defendant Circle S.

13.     It is denied that the rim had defects.  It is denied that this Defendant and Defendant Circle S had any knowledge of any defects.

14.     This Defendant incorporates, adopts and re-alleges all answers and defenses contained herein, including those found in paragraphs 1-13.

15.     Defendant Lindsay Corporation, denies any liability and denies the allegations as they pertain to Lindsay.

16.     As the allegations contained in Paragraph 16 are directed toward a Defendant other than Defendant Lindsay Corporation, they do not require a response from Defendant Lindsay Corporation. To the extent that a response is necessary, Defendant Lindsay Corporation denies the allegations.

17.     As the allegations contained in Paragraph 17 are directed toward a Defendant other than Defendant Lindsay Corporation, they do not require a response from Defendant Lindsay Corporation. To the extent that a response is necessary, Defendant Lindsay Corporation denies the allegations.

18.     As the allegations contained in Paragraph 18 are directed toward a Defendant other than Defendant Lindsay Corporation, they do not require a response from Defendant Lindsay Corporation. To the extent that a response is necessary, Defendant Lindsay Corporation denies the allegations.

19.     As the allegations contained in Paragraph 19 are directed toward a Defendant other than Defendant Lindsay Corporation, they do not require a response from Defendant Lindsay Corporation. To the extent that a response is necessary, Defendant Lindsay Corporation denies the allegations.

20.     As the allegations contained in Paragraph 20 are directed toward a Defendant other than Defendant Lindsay Corporation and are legal conclusions, they do not require a response from Defendant Lindsay Corporation. To the extent that a response is necessary, Defendant Lindsay Corporation denies the allegations.

21.     The Defendant incorporates, adopts and re-alleges all answers and defenses contained herein, including those found in paragraphs 1-20.

22.     Defendant Lindsay Corporation, denies any liability and denies the allegations as they pertain to Lindsay, except Lindsay admits it was in the business of marketing and distributing rims like the rim in issue.

23.     Defendant Lindsay Corporation, denies any liability and denies the allegations as they pertain to Lindsay.

24.     Defendant Lindsay Corporation, denies any liability and denies the allegations as they pertain to Lindsay.

25.     Defendant Lindsay Corporation, denies any liability and denies the allegations as they pertain to Lindsay.

26.     Defendant Lindsay Corporation, denies any liability and denies the allegations as they pertain to Lindsay.

27.     Denied.

28.     The Defendant incorporates, adopts and re-alleges all answers and defenses contained herein, including those found in paragraphs 1-27.

29.     As the allegations contained in Paragraph 29 are directed toward a Defendant other than Defendant Lindsay Corporation, they do not require a response from Defendant Lindsay Corporation. To the extent that a response is necessary, Defendant Lindsay Corporation denies the allegations.

30.     As the allegations contained in Paragraph 30 are directed toward a Defendant other than Defendant Lindsay Corporation, they do not require a response from Defendant Lindsay Corporation. To the extent that a response is necessary, Defendant Lindsay Corporation denies the

allegations.

31.    As the allegations contained in Paragraph 31 are directed toward a Defendant other than Defendant Lindsay Corporation, they do not require a response from Defendant Lindsay Corporation. To the extent that a response is necessary, Defendant Lindsay Corporation denies the allegations.

32.    As the allegations contained in Paragraph 32 are directed toward a Defendant other than Defendant Lindsay Corporation, they do not require a response from Defendant Lindsay Corporation. To the extent that a response is necessary, Defendant Lindsay Corporation denies the allegations.

33.    As the allegations contained in Paragraph 33 are directed toward a Defendant other than Defendant Lindsay Corporation, they do not require a response from Defendant Lindsay Corporation. To the extent that a response is necessary, Defendant Lindsay Corporation denies the allegations.

34.    The Defendant incorporates, adopts and re-alleges all answers and defenses contained herein, including those found in paragraphs 1-33.

35.    Denied.

36.    Defendant Lindsay Corporation, denies any liability and denies the allegations as they pertain to Lindsay, except Lindsay admits it was in the business of marketing and distributing rims like the rim in issue.

37.    Denied.

38.    Denied.

39.    Denied.

40.     The Defendant incorporates, adopts and re-alleges all answers and defenses contained herein, including those found in paragraphs 1-39.

41.     As the allegations contained in Paragraph 41 are directed toward a Defendant other than Defendant Lindsay Corporation, they do not require a response from Defendant Lindsay Corporation. To the extent that a response is necessary, Defendant Lindsay Corporation denies the allegations.

42.     As the allegations contained in Paragraph 42 are directed toward a Defendant other than Defendant Lindsay Corporation, they do not require a response from Defendant Lindsay Corporation. To the extent that a response is necessary, Defendant Lindsay Corporation denies the allegations.

43.     As the allegations contained in Paragraph 43 are directed toward a Defendant other than Defendant Lindsay Corporation, they do not require a response from Defendant Lindsay Corporation. To the extent that a response is necessary, Defendant Lindsay Corporation denies the allegations.

44.     As the allegations contained in Paragraph 44 are directed toward a Defendant other than Defendant Lindsay Corporation, they do not require a response from Defendant Lindsay Corporation. To the extent that a response is necessary, Defendant Lindsay Corporation denies the allegations.

45.     As the allegations contained in Paragraph 45 are directed toward a Defendant other than Defendant Lindsay Corporation, they do not require a response from Defendant Lindsay Corporation. To the extent that a response is necessary, Defendant Lindsay Corporation denies the allegations.

46.     The Defendant incorporates, adopts and re-alleges all answers and defenses contained herein, including those found in paragraphs 1-45.

47.     Defendant Lindsay Corporation, denies any liability and denies the allegations as they pertain to Lindsay, except Lindsay admits it was in the business of marketing and distributing rims like the rim in issue.

48.     Defendant Lindsay Corporation, denies any liability and denies the allegations as they pertain to Lindsay.

49.     Defendant Lindsay Corporation, denies any liability and denies the allegations as they pertain to Lindsay.

50.     Defendant Lindsay Corporation, denies any liability and denies the allegations as they pertain to Lindsay.

51.     Defendant Lindsay Corporation, denies any liability and denies the allegations as they pertain to Lindsay.

52.     Defendant Lindsay Corporation, denies any liability and denies the allegations as they pertain to Lindsay.

53.     Defendant Lindsay Corporation, denies any liability and denies the allegations as they pertain to Lindsay.

54.     Defendant Lindsay Corporation, denies any liability and denies the allegations as they pertain to Lindsay.

55.     Defendant Lindsay Corporation, denies any liability and denies the allegations as they pertain to Lindsay.

56.     The Defendant incorporates, adopts and re-alleges all answers and defenses contained herein, including those found in paragraphs 1-55.

57.     Defendant Lindsay Corporation, denies any liability and denies the allegations as they pertain to Lindsay, except Lindsay admits it was in the business of marketing and distributing rims like the rim in issue.

58.     Defendant Lindsay Corporation, denies any liability and denies the allegations as they pertain to Lindsay.

59.     Defendant Lindsay Corporation, denies any liability and denies the allegations as they pertain to Lindsay.

60.     The Defendant incorporates, adopts and re-alleges all answers and defenses contained herein, including those found in paragraphs 1-59.

61.     Defendant Lindsay Corporation, denies any liability and denies the allegations as they pertain to Lindsay, except Lindsay admits it was in the business of marketing and distributing rims like the rim in issue.

62.     Defendant Lindsay Corporation, denies any liability and denies the allegations as they pertain to Lindsay.

63.     The Defendant incorporates, adopts and re-alleges all answers and defenses contained herein, including those found in paragraphs 1-62.

64.     Defendant Lindsay Corporation, denies any liability and denies the allegations as they pertain to Lindsay, except Lindsay admits it was in the business of marketing and distributing rims like the rim in issue.

65.     Defendant Lindsay Corporation, denies any liability and denies the allegations as they pertain to Lindsay.

### THIRD DEFENSE

The Plaintiff failed to use reasonable care in mounting and inflating the tire.

### FOURTH DEFENSE

Plaintiff Cal Maine Foods failed to provide Plaintiff Pettway with proper training, proper equipment and a safe place to work.

### FIFTH DEFENSE

Defendant Lindsay did not manufacture or alter the rim in issue.

### SIXTH DEFENSE

If the rim was sold by Defendant Lindsay at any time, Defendant Lindsay has no liability as the Plaintiff Pettway and Plaintiff Cal Maine Foods have failed to prove by a preponderance of the evidence that at the time the rim left the control of this Defendant, it was defective, and the alleged defect would render the rim unreasonably dangerous.

### SEVENTH DEFENSE

Plaintiff's damages were proximately caused by a superseding, intervening cause.

### EIGHTH DEFENSE

Lindsay Corporation denies that it owed any duty to Plaintiffs. Alternatively, Defendant denies that it breached any such duty.

### NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of comparative negligence and/or assumption of the risk.

### TENTH DEFENSE

Lindsay Corporation pleads the doctrine of comparative fault. Additionally, Plaintiffs' claims are limited or barred by Mississippi's comparative negligence statute, Miss. Code Ann. §

11-7-15.

## ELEVENTH DEFENSE

Lindsay Corporation pleads as a set off any monies received by Plaintiffs for damages suffered in this case, including, but not limited to, any insurance proceeds or settlement proceeds paid by any other defendant or non-party.

## TWELFTH DEFENSE

If Lindsay Corporation is liable, which is denied, any liability for damages shall be assessed based upon percentage of fault with Lindsay Corporation having a right of contribution against any other tortfeasor.

## THIRTEENTH DEFENSE

If it is established that Lindsay Corporation is in any manner legally responsible for any of the damages claimed by Plaintiffs, such damages were proximately contributed to and caused by other defendants, or persons or entities not yet parties to this action, and, hence, Lindsay Corporation is entitled to equitable and applied indemnity/contribution from each of said other defendants, persons and entities in an amount in direct proportion to the culpable conduct of said other defendants, persons or entities.

## FOURTEENTH DEFENSE

To the extent Plaintiffs suffered injury or damage, the trier of fact, pursuant to Miss. Code Ann. § 85-5-7, is required to allocate fault among all potential joint tortfeasors, including but not limited to, Plaintiffs, all identified defendants, and unidentified joint tortfeasors.

## FIFTEENTH DEFENSE

Lindsay Corporation contends that all of Plaintiffs' damages were caused by the acts or omissions of others for whom Lindsay Corporation owes no legal responsibility.

## SIXTEENTH DEFENSE

Plaintiffs have failed to join necessary or indispensable parties.

## SEVENTEENTH DEFENSE

Lindsay Corporation avers that the subject tire rim at the time it was manufactured is presumed to be free of a defect as it: (a) complied with the State of the Art; and (b) complied with all applicable industry standards.

## EIGHTEENTH DEFENSE

Lindsay Corporation avers that the tire rim at issue was substantially modified or altered after it left Lindsay Corporation's possession and control and that said modification(s) or alteration(s) were the proximate cause of Plaintiff's claimed damages.

## NINETEENTH DEFENSE

The incident and any alleged non-conforming or defective condition of the subject tire rim were the result of abuse, neglect, misuse, modification, or alteration of the product that was not authorized by Lindsay Corporation.

## TWENTIETH DEFENSE

Plaintiffs failed to exercise reasonable care under the circumstances, and such failure was the sole proximate cause of the damages alleged, or alternatively, a proximate contributing cause of the damages alleged for which comparative negligence principles must apply.

## TWENTY-FIRST DEFENSE

Lindsay Corporation pleads all defenses available pursuant to Mississippi's Products Liability Act, Miss. Code Ann. §§ 11-1-63, and seeks the benefits of all products liability defenses which may be available pursuant to the laws of the State of Mississippi. Defendant also relies upon any and all defenses applicable to defendant under controlling Mississippi or federal statute

pertaining to products liability actions.

## TWENTY-SECOND DEFENSE

Any products or components allegedly designed, manufactured, assembled, equipped, marketed, distributed, sold, tested, inspected, specified, and/or selected by Lindsay Corporation which are in question were state of the art on the date of design, manufacture, packaging, and labeling, and on account thereof, Plaintiffs are not entitled to recover against Lindsay Corporation.

## TWENTY-THIRD DEFENSE

Any claims against Lindsay Corporation are barred on the grounds that at the time any products or components allegedly designed, manufactured, assembled, equipped, marketed, distributed, sold, tested, inspected, specified, and/or selected by Lindsay Corporation which are in question left Lindsay Corporation's control, they met all applicable federal, state, agency, and other governmental codes, standards, regulations, as well as all industry standards.

## TWENTY-FOURTH DEFENSE

Fatally, Plaintiffs have not identified in their Complaint a viable feasible design alternative to any design of any products or components allegedly designed, manufactured, assembled, equipped, marketed, distributed, sold, tested, inspected, specified, and/or selected by Lindsay Corporation.

## TWENTY-FIFTH DEFENSE

If Plaintiffs' damages, if any, were caused by inherent characteristics of any products or components allegedly designed, manufactured, assembled, equipped, marketed, distributed, sold, tested, inspected, specified, and/or selected by Lindsay Corporation which are in question, these inherent characteristics are generic aspects of the products or components that cannot be eliminated without substantially compromising the products' or components' usefulness or desirability.

Further, all reasonable precautions consistent with legal duties and obligations were taken to protect third parties from any inherent characteristics of any products or components allegedly designed, manufactured, assembled, equipped, marketed, distributed, sold, tested, inspected, specified, and/or selected by Lindsay Corporation which are in question.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims for non-economic damages, if any, are limited or barred by Miss. Code Ann. § 11-1-60(2)(b).

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' Mississippi law claims are barred to the extent they are preempted, in whole or in part, by federal law or statutes. Further, Lindsay Corporation' conduct at all times conformed to all applicable federal statutes and regulations.

### TWENTY-NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the doctrines of accord and satisfaction, arbitration and award, discharge in bankruptcy, failure of consideration, fraud, illegality, injury by fellow servant, license, payment, merger, bar, collateral estoppel, release, res judicata, statute of frauds, and/or waiver.

### THIRTIETH DEFENSE

The case is barred by the applicable statutes of limitations and/or repose.

### THIRTY-FIRST DEFENSE

Without waiving any other defenses, Lindsay Corporation pleads and alleges that it is entitled to all benefits, protections and holdings as rendered by the United States Supreme Court's

decision styled "*State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003)."

### THIRTY-SECOND DEFENSE

Lindsay Corporation affirmatively alleges and avers that the seeking of punitive damages against it is in violation of Miss. R. Civ. P. 11 and Mississippi's Litigation Accountability Act. Lindsay Corporation hereby moves the Court to dismiss the claim for punitive damages and award Lindsay Corporation attorneys' fees and proper costs against the Plaintiff for improperly alleging and seeking punitive damages.

### THIRTY-THIRD DEFENSE

Without waiving any other defense, and pleading in the alternative, Lindsay Corporation invokes the provisions of Miss. Code Ann. §11-1-65 and all rights afforded to Lindsay Corporation as stated therein.

### THIRTY-FOURTH DEFENSE

Although denying that the Plaintiffs are entitled to punitive damages, or any relief whatsoever as against Lindsay Corporation, Lindsay Corporation affirmatively pleads that:

(1)    An award of punitive damages in this civil action would amount to deprivation of property without due process of law in violation of the 5th and 14th Amendments of the United States Constitution and Section 14 of the Mississippi Constitution.

(2)    An award of punitive damages in this civil action would violate the due process provisions of the 5th and 14th Amendments of the United States Constitution and Section 14 of the Mississippi Constitution.

(3)    The criteria used for determining whether and what amount of punitive damages may be awarded are impermissibly vague, imprecise and inconsistent and are, therefore, in violation of the due process provisions of the 5th and 14th amendments to the United States

Constitution.

(4)      An award of punitive damages in this civil action would amount to an excessive fine in violation of the 8th Amendment to the United States Constitution and of Section 28 of the Mississippi Constitution.

(5)      An award of punitive damages in this civil action would violate the equal protection provisions of the 14th Amendment to the United States Constitution in that such a sanction is discriminatory and arbitrary in penalizing a defendant on the basis of assets.

(6)      To the extent that Lindsay Corporation is subjected to a criminal sanction or sanctions through punitive damages, the burden of proof required to impose the same shall be to prove "beyond a reasonable doubt," and punitive damages should not be awarded without affording Lindsay Corporation the full range of criminal procedural safeguards granted by the 4th, 5th and 6th Amendments to the United States Constitution.

(7)      The award of punitive damages in this civil action would violate similar and related provisions, as noted above, of the Constitution of the State of Mississippi.

## THIRTY-FIFTH DEFENSE

The facts not having been fully developed, Lindsay Corporation further affirmatively pleads the following affirmative defenses as may be applicable in this action: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata and collateral estoppel, statute of frauds, statute of limitations, waiver, intervening and superseding cause, and any other matter constituting an avoidance or affirmative defense.

**THIRTY-SIXTH DEFENSE**

Without waiving any other defense, and pleading in the alternative, Lindsay Corporation further hereby pleads and alleges that it is entitled to all rights, benefits and privileges afforded to Lindsay Corporation as passed by and set forth in the 2002 Mississippi Laws Third Extraordinary Session, Chapter 4 (H.B. 19) – Civil Justice Reform Act and the 2004 Mississippi Laws First Extraordinary Session, Chapter 1 (H.B. 13) – Civil Procedure – Tort Reform – Venues; Damages; Juries, etc.

**THIRTY-SEVENTH DEFENSE**

Lindsay Corporation hereby reserves the right upon completion of its investigation and discovery to file such additional defenses, affirmative defenses, cross-claims, counterclaims, and/or third party complaints as may be appropriate and to plead any release(s) that may have been or will be executed by Plaintiffs as an affirmative defense.

**WHEREFORE**, having answered the Complaint, Lindsay Corporation denies any and all liability to Plaintiffs, and prays:

1. That Plaintiffs' Complaint be dismissed in its entirety with prejudice;

2. That the costs and fees of this action be taxed against Plaintiffs;

3. That Plaintiffs' claims for damages of any sort be denied;

4. That judgment be granted in Lindsay Corporation's favor and against Plaintiff; and

5. For such other and further relief as the Court may deem necessary, just, or proper.

**RESPECTFULLY SUBMITTED**, this the 17th of June, 2019.

               **LINDSAY CORPORATION, Defendant**

BY: /s/ Charles G. Copeland
            CHARLES G. COPELAND (MSB No. 6516)
            TIMOTHY J. STERLING (MSB No. 103063)

**OF COUNSEL:**
COPELAND, COOK, TAYLOR AND BUSH, P.A.
600 Concourse, Suite 100
1076 Highland Colony Parkway (39157)
Post Office Box 6020
Ridgeland, Mississippi 39158
Tel.: 601-856-7200
Fax: 601-856-7626
gcopeland@cctb.com
tsterling@cctb.com

---

## <u>CERTIFICATE OF SERVICE</u>

I, Charles G. Copeland, do hereby certify that I served a true and correct copy of this

Answer of Lindsay Corporation *via* the Court's MEC which sent notification to the following:

E. Scott Verhine, Esq.
VERHINE & VERHINE, PLLC
1013 Adams Street
Vicksburg, MS 39183
scott@verhine.biz
Attorney for Plaintiffs

George E. Abdo, III.
DANIEL COKER
P.O. Box 1084
Jackson, MS 39215
GAbdo@danielcoker.com
Attorney for Circle S. Irrigation, Inc.

This the 17th day of June, 2019.

/s/ Charles G. Copeland
Charles G. Copeland

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

CHARLES THOMAS PETTWAY AND
CAL-MAINE FOODS, INC.                                           PLAINTIFFS

VS.                                      CIVIL ACTION NO. 25C12:19-cv-00009

CIRCLE S. IRRIGATION, INC., A MISSISSIPPI CORPORATION;
ASIAN TIRE FACTORY LIMITED, A FOREIGN CORPORATION;
AND LINDSAY CORPORATION, A FOREIGN CORPORATION            DEFENDANTS

### NOTICE OF PLAINTIFF CHARLES THOMAS PETTWAY'S SERVICE OF DISCOVERY RESPONSES TO DEFENDANT, CIRCLE S. IRRIGATION, INC.

COMES NOW, Charles Thomas Pettway, Plaintiff, by and through counsel, and

files this NOTICE OF PLAINTIFF CHARLES THOMAS PETTWAY'S SERVICE OF

DISCOVERY RESPONSES TO DEFENDANT, CIRCLE S. IRRIGATION, INC.

Date: July 11, 2019                      Respectfully submitted,

                                         CHARLES THOMAS PETTWAY
                                         CAL-MAINE FOODS, INC.


                                  BY:  _____
                                         E. Scott Verhine, MSB #10548
                                         Verhine & Verhine PLLC
                                         1013 Adams Street
                                         Vicksburg, MS 39183
                                         (601) 636-0791
                                         (601) 636-2718 (fax)
                                         Email: scott@verhine.biz

## CERTIFICATE OF SERVICE

I, E. Scott Verhine, do certify that I have mailed a true and correct copy of the NOTICE

OF PLAINTIFF CHARLES THOMAS PETTWAY'S SERVICE OF DISCOVERY

RESPONSES TO DEFENDANT, CIRCLE S. IRRIGATION, INC. by first class mail, postage

prepaid, to counsel for Defendant Circle S. Irrigation, Inc. at his address of:

GEORGE E. ABDO, III – BAR # 9782
gabdo@danielcoker.com
DANIEL COKER HORTON AND BELL, P.A
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084.

Mailed this the ___ day of July, 2019.

E. Scott Verhine

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

CHARLES THOMAS PETTWAY AND
CAL-MAINE FOODS, INC.                                                    PLAINTIFFS

VS.                                              CIVIL ACTION NO. 25C12:19-cv-00009

CIRCLE S. IRRIGATION, INC., A MISSISSIPPI CORPORATION;
ASIAN TIRE FACTORY LIMITED, A FOREIGN CORPORATION;
AND LINDSAY CORPORATION, A FOREIGN CORPORATION          DEFENDANTS

## NOTICE OF PLAINTIFF CHARLES THOMAS PETTWAY'S SERVICE OF DISCOVERY RESPONSES TO DEFENDANT, CIRCLE S. IRRIGATION, INC.

COMES NOW, Charles Thomas Pettway, Plaintiff, by and through counsel, and

files this NOTICE OF PLAINTIFF CHARLES THOMAS PETTWAY'S SERVICE OF

DISCOVERY RESPONSES TO DEFENDANT, CIRCLE S. IRRIGATION, INC.

Date: July 11, 2019                          Respectfully submitted,

                                             CHARLES THOMAS PETTWAY
                                             CAL-MAINE FOODS, INC.


                                      BY:    _E. Scott Verhine_
                                             E. Scott Verhine, MSB #10548
                                             Verhine & Verhine PLLC
                                             1013 Adams Street
                                             Vicksburg, MS 39183
                                             (601) 636-0791
                                             (601) 636-2718 (fax)
                                             Email: scott@verhine.biz

## CERTIFICATE OF SERVICE

I, E. Scott Verhine, do certify that I have mailed a true and correct copy of the NOTICE

OF PLAINTIFF CHARLES THOMAS PETTWAY'S SERVICE OF DISCOVERY

RESPONSES TO DEFENDANT, CIRCLE S. IRRIGATION, INC. by first class mail, postage

prepaid, to counsel for Defendant Circle S. Irrigation, Inc. at his address of:

> GEORGE E. ABDO, III – BAR # 9782
> gabdo@danielcoker.com
> DANIEL COKER HORTON AND BELL, P.A
> 4400 OLD CANTON ROAD, SUITE 400
> POST OFFICE BOX 1084
> JACKSON, MISSISSIPPI 39215-1084.

Mailed this the ⟍11th⟍ day of July, 2019.

_____
E. Scott Verhine

**IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT**

**CHALRES THOMAS PETTWAY and**                                   **PLAINTIFFS**
**CAL-MAINE FOODS, INC.**

**vs.**                                                          **Case No. 19-CV.00009**

**CIRCLE S. IRRIGATION, INC., A MISSISSIPPI CORPORATION;**
**ASIAN TIRE FACTORY LIMITED, A FOREIGN CORPORATION;**
**and LINDSAY CORPORATION, A FOREIGN CORPORATION**            **DEFENDANTS**

<u>**NOTICE OF SERVICE OF DISCOVERY**</u>

COMES NOW, the Plaintiff, Charles Pettway, by and through counsel, and files this NOTICE OF SERVICE OF DISCOVERY of Plaintiff's FIRST SET OF INTERROGATORIES AND PRODUCTION OF DOCUMENTS TO DEFENDANT, LINDSAY CORPORATION.

This the 10th day of September, 2019.

Respectfully submitted,

CHARLES PETTWAY

BY: _____

E. Scott Verhine, MSB#10548
Verhine & Verhine PLLC
1013 Adams Street
Vicksburg, MS 39183
(601) 636-0791
(601) 636-2718 (fax)
Email: scott@verhine.biz

CERTIFICATE OF SERVICE

    I, E. Scott Verhine, Attorney for Plaintiff, do hereby certify that I have mailed by first

class U.S. Mail, postage prepaid, a copy of the NOTICE OF SERVICE OF DISCOVERY along

with accompanying discovery, to counsel for Defendant at his address of:

    Greg Copeland
    Copeland Cook Taylor & Bush
    1076 Highway Coloony Parkway
    Concourse 600, Suite 100
    Ridgeland MS  39157

This the 10th day of September, 2019.

                            E. Scott Verhine

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### SECOND JUDICIAL DISTRICT

**CHALRES THOMAS PETTWAY and**                                         **PLAINTIFFS**
**CAL-MAINE FOODS, INC.**

**vs.**                                                         **Case No. 19-CV.00009**

**CIRCLE S. IRRIGATION, INC., A MISSISSIPPI CORPORATION;**
**ASIAN TIRE FACTORY LIMITED, A FOREIGN CORPORATION;**
**and LINDSAY CORPORATION, A FOREIGN CORPORATION**     **DEFENDANTS**

### <u>NOTICE OF SERVICE OF DISCOVERY</u>

COMES NOW, the Plaintiff, Charles Pettway, by and through counsel, and files this NOTICE OF SERVICE OF DISCOVERY of Plaintiff's FIRST SET OF INTERROGATORIES AND PRODUCTION OF DOCUMENTS TO DEFENDANT, ASIAN TIRE.

This the 10th day of September, 2019.

Respectfully submitted,

CHARLES PETTWAY

BY: _____

E. Scott Verhine, MSB#10548
Verhine & Verhine PLLC
1013 Adams Street
Vicksburg, MS 39183
(601) 636-0791
(601) 636-2718 (fax)
Email: scott@verhine.biz

CERTIFICATE OF SERVICE

I, E. Scott Verhine, Attorney for Plaintiff, do hereby certify that I have mailed by

electronic mail, a copy of the NOTICE OF SERVICE OF DISCOVERY along with

accompanying discovery, to counsel for Defendant at his electronic mail address of:

Kuldeep Kapoor
kk@atftyre.com

This the 10th day of September, 2019.

_____
E. Scott Verhine

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## SECOND JUDICIAL DISTRICT

**CHALRES THOMAS PETTWAY and**                                    **PLAINTIFFS**
**CAL-MAINE FOODS, INC.**


**vs.**                                              **Case No. 19-CV.00009**


**CIRCLE S. IRRIGATION, INC., A MISSISSIPPI CORPORATION;**
**ASIAN TIRE FACTORY LIMITED, A FOREIGN CORPORATION;**
**and LINDSAY CORPORATION, A FOREIGN CORPORATION**        **DEFENDANTS**

### NOTICE OF SERVICE OF DISCOVERY

COMES NOW, the Plaintiff, Charles Pettway, by and through counsel, and files this NOTICE

OF SERVICE OF DISCOVERY of Plaintiff's FIRST SET OF INTERROGATORIES AND

PRODUCTION OF DOCUMENTS TO DEFENDANT, CIRCLE S. IRRIGATION, INC.

This the 10th day of September, 2019.


Respectfully submitted,

CHARLES PETTWAY

BY: _____
E. Scott Verhine, MSB#10548
Verhine & Verhine PLLC
1013 Adams Street
Vicksburg, MS 39183
(601) 636-0791
(601) 636-2718 (fax)
Email: scott@verhine.biz

<u>CERTIFICATE OF SERVICE</u>

I, E. Scott Verhine, Attorney for Plaintiff, do hereby certify that I have mailed by first

class U.S. Mail, postage prepaid, a copy of the NOTICE OF SERVICE OF DISCOVERY along

with accompanying discovery, to counsel for Defendant at his address of:

   George E. Abdo, Esq.
   Daniel Coker Horton & Bell
   4400 Old Canton Road, Suite 400
   Jackson MS  39215-1084

This the 10th day of September, 2019.

E. Scott Verhine

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

CHARLES THOMAS PETTWAY and
CAL-MAINE FOODS, INC.                                              PLAINTIFFS

VS.                                               CIVIL ACTION NO. 25-C12:19-cv-00009

CIRCLE S. IRRIGATION, INC.,
ASIAN TIRE FACTORY LIMITED, and
LINDSAY CORPORATION                                               DEFENDANTS

<u>Entry of Appearance</u>

  Lewis W. Bell, Watkins & Eager PLLC, hereby enters his appearance for Asian Tire

Factory Ltd.

            Respectfully submitted,

            */s/Lewis W. Bell*
            Lewis W. Bell (MSB # 2337)
            WATKINS & EAGER PLLC
            Post Office Box 650
            Jackson, Mississippi  39205
            Telephone: 601-965-1977
            lbell@watkinseager.com

            ATTORNEYS FOR DEFENDANT
Dated:  November 6, 2019     ASIAN TIRE FACTORY LTD.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the clerk of the court using

the ECF system, which sent notification of such filing to the following:

scott@verhine.biz

gabdo@danielcoker.com

gcopeland@cctb.com

tsterling@cctb.com

This the 6th day of November 2019.


/s/  Lewis W. Bell

2

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## SECOND JUDICIAL DISTRICT

**CHARLES THOMAS PETTWAY and**
**CAL-MAINE FOODS, INC.**                                    **PLAINTIFFS**

**VS.**                                              **Case No. 19-cv-00009-LCS**

**CIRCLE S. IRRIGATION, INC., a Mississippi**
**Corporation; ASIAN TIRE FACTORY LIMITED,**
**a Foreign Corporation; and LINDSAY CORPORATION,**
**a Foreign Corporation**                                    **DEFENDANTS**

---

### NOTICE OF SERVICE

---

    **PLEASE TAKE NOTICE**, Defendant Lindsay Corporation, by and through counsel, has

served the following:

1.    Defendant Lindsay Corporation's Responses to Plaintiff, Charles Thomas
Pettway's First Set of Interrogatories; and

2.    Defendant Lindsay Corporation's Responses to Plaintiff, Charles Thomas
Pettway's Request for Production of Documents.

    **RESPECTFULLY SUBMITTED** this the 12th day of November, 2019.

                **LINDSAY CORPORATION, Defendant**

        By:    */s/ Charles G. Copeland*
                CHARLES G. COPELAND (MSB #6516)
                TIMOTHY J. STERLING (MSB #103063)
                Its Attorneys

OF COUNSEL:

**COPELAND, COOK, TAYLOR & BUSH, P.A.**
600 Concourse, Suite 100
1076 Highland Colony Parkway (39157)
P.O. Box 6020
Ridgeland, MS 39158
Telephone: 601-856-7200
Facsimile: 601-856-7626
gcopeland@cctb.com
tsterling@cctb.com

---

## <u>CERTIFICATE OF SERVICE</u>

I, Charles G. Copeland, do hereby certify that I have served a true and correct copy of the

above and foregoing Notice of Service *via* the Court's ECF Filing System which sent notification

to counsel of record.

Dated: November 12, 2019.

*/s/ Charles G. Copeland*
CHARLES G. COPELAND

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## SECOND JUDICIAL DISTRICT

**CHARLES THOMAS PETTWAY and**
**CAL-MAINE FOODS, INC.**                                       **PLAINTIFFS**

**VS.**                                                    **Case No. 19-cv-00009-LCS**

**CIRCLE S. IRRIGATION, INC., a Mississippi**
**Corporation; ASIAN TIRE FACTORY LIMITED,**
**a Foreign Corporation; and LINDSAY CORPORATION,**
**a Foreign Corporation**                                      **DEFENDANTS**

---

### NOTICE OF SERVICE

---

      **PLEASE TAKE NOTICE**, Defendant Lindsay Corporation, by and through counsel, has

served the following:

    1.     Defendant Lindsay Corporation's Responses to Plaintiff, Charles Thomas
          Pettway's First Set of Interrogatories; and

    2.     Defendant Lindsay Corporation's Responses to Plaintiff, Charles Thomas
          Pettway's Request for Production of Documents.

      **RESPECTFULLY SUBMITTED** this the 12th day of November, 2019.

                **LINDSAY CORPORATION, Defendant**

                By:   */s/ Charles G. Copeland*
                     CHARLES G. COPELAND (MSB #6516)
                     TIMOTHY J. STERLING (MSB #103063)
                     Its Attorneys

OF COUNSEL:

**COPELAND, COOK, TAYLOR & BUSH, P.A.**
600 Concourse, Suite 100
1076 Highland Colony Parkway (39157)
P.O. Box 6020
Ridgeland, MS 39158
Telephone: 601-856-7200
Facsimile: 601-856-7626
gcopeland@cctb.com
tsterling@cctb.com

---

## <u>CERTIFICATE OF SERVICE</u>

I, Charles G. Copeland, do hereby certify that I have served a true and correct copy of the

above and foregoing Notice of Service *via* the Court's ECF Filing System which sent notification

to counsel of record.

Dated: November 12, 2019.


        */s/ Charles G. Copeland*
        CHARLES G. COPELAND

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

CHARLES THOMAS PETTWAY and
CAL-MAINE FOODS, INC.                                    PLAINTIFFS

VS.                                    CIVIL ACTION NO. 25-C12:19-cv-00009

CIRCLE S. IRRIGATION, INC.,
ASIAN TIRE FACTORY LIMITED, and
LINDSAY CORPORATION                                    DEFENDANTS

<u>Order</u>

Plaintiffs CHARLES THOMAS PETTWAY and CAL-MAINE FOODS, INC. are hereby

granted leave to amend its complaint filed against Defendants in his action within ten days of

entry of this order.

SO ORDERED, this the 22 day of November 2019.

_____
Circuit Judge

Agreed:

_____
Attorney for Plaintiffs

_____
Attorney for Asian Tire Factory Ltd.

_____
Attorney for Circle S. Irrigation, Inc.

_____
Attorney for Lindsay Corporation

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

CHARLES THOMAS PETTWAY
and CAL-MAINE FOODS, Inc.                               PLAINTIFFS


v.                                                      Cause No. 25C12:19-cv-00009


CIRCLE S. IRRIGATION, INC.,
A Mississippi Corporation;
ASIAN TIRE FACTORY LIMITED, a Foreign
Corporation; GKN ARMSTRONG WHEELS, INC., a
Foreign Corporation, AMX IRRIGATION, LLC a
Foreign Corporation; and LINDSAY CORPORATION, a Foreign
Corporation                                            DEFENDANTS

---

## COMPLAINT

---

**COME NOW,** the Plaintiffs, by and through counsel, and file this his Complaint against

all Defendants, and for cause would show unto this Court the following, to-wit:

### PARTIES

1.   Plaintiff, Charles Thomas Pettway, is an adult resident citizen of Warren County,

     Mississippi.

2.  Plaintiff, Cal Maine Foods, Inc. is a Mississippi corporation whose address is 3320

     Woodrow Wilson Drive, Jackson MS  39209.  Plaintiff Cal-Maine Foods, Inc. joins

     in this Complaint pursuant to Miss. Code Ann. §71-3-71 as the employer of Plaintiff

     Charles Thomas Pettway.  Plaintiff Cal-Maine Foods, Inc  is entitled to subrogation

     rights for workers' compensation benefits paid to Plaintiff Charles Thomas Pettway.

3.   Upon information and belief, Defendant Circle S. Irrigation, Inc.  is a Mississippi corporation headquartered in Coahoma County, Mississippi, who may be served with process of this matter by and through its registered agent, Cindy W. Holt at 420 Rain Street, Clarksdale, Mississippi.

4.   Upon information and belief, Defendant Asian Tire Factory Limited is a foreign corporation not licensed to do business in Mississippi, who may be served at their address of D-37, Focal Point, Jalandhar-144004 (Punjab) India.

**5.**   Upon information and belief, Defendant Lindsay Corporation is a Delaware corporation with its principal place of business in Omaha, Nebraska, not licensed to do business in Mississippi who may be served with process of this matter by and through its registered agent, C.T. Corporation System, 5601 South 59th Street, Lincoln, NE 68516.

**6.**   Upon information and belief, Defendant GKN Armstrong Wheels, Inc. is a foreign corporation not licensed to do business in Mississippi, who may be served with process by and through their registered agent, Corporation Service Company, 505 5th Avenue Suite 729, Des Moines, IA 50309.

**7.**   Upon information and belief, Defendant AMX Irrigation, LLC is a foreign corporation not licensed to do business in Mississippi, who may be served with process by and through their registered agent, A. Jan Thomas, Jr., 306 West Bond, West Memphis, AR 72301.

**JURISDICTION AND VENUE**

8.   Jurisdiction and venue are proper in the Second Judicial District of Hinds County, Mississippi, as the subject tire explosion occurred in the Second Judicial District of

Hinds County, Mississippi.   Defendants marketed, sold, manufactured and

distributed the products in question and have substantial contacts with the State of

Mississippi vesting this court with both personal and subject matter jurisdiction over

this cause.

### FACTS

9.   On June 23, 2017, Plaintiff, Charles Thomas Pettway, was seriously and permanently

injured by a tire explosion when he attempted to mount a Farm King tire on a LRH

Zimmatic rim while working for Plaintiff, Cal-Maine Foods, Inc., in Edwards,

Mississippi in Hinds County.   Defendant Asian Tire Factory Limited manufactured,

sold, marketed, designed and distributed the Farm King tire at issue in this lawsuit

and involved in the explosion with Plaintiff.  Defendant Lindsay Corporation and

Defendant GKN Armstrong Wheels, Inc. each individually either manufactured, sold,

marketed, designed or distributed the LRH Zimmatic rim at issue in this lawsuit and

involved in the explosion with Plaintiff.  Defendant Circle S. Irrigation, Inc. and

Defendant AMX Irrigation, LLC each distributed, marketed and sold the LRH

Zimmatic rim at issue in this lawsuit and involved in the explosion.

10.  At the time of the explosion and injury, Plaintiff was working in the truck shop as a

mechanic for his employer, Cal-Maine Foods, Inc., whose daily duties included,

among other things, mounting tires on rims used in the agricultural department of his

employer.

11.  Plaintiff would show that as he was inflating the Farm King tire and mounting it on

the LRH Zimmatic rim, a violent and sudden explosion occurred which caused him

serious and permanent injury.  Plaintiff's injuries included, but are not limited to, an

extreme gash and mangle of his left arm from his body, a lacerated spleen, bruised intestines and internal bleeding, and an artery explosion in his arm. Plaintiff would show that these injuries are continuing and that he has suffered and will suffer injuries and damages in the future.

12. Plaintiff would show that he had experience mounting Farm King tires on LRH Zimmatic rims and was not aware that the Farm King tire and LRH Zimmatic rim possessed certain critical defects rendering both of them unreasonably dangerous for the intended purposes each product was marketed and sold for that day.

13. Plaintiff would state that Defendants did not warn him or otherwise inform him or his employer of the following material facts that, if known to Plaintiff, Plaintiff would not have used the subject defective products or would have altered the way he used them so as to prevent injury as follows to-wit:

   a. Plaintiff had no actual or constructive knowledge from Defendants that the Farm King tire had a defective wire bead manufacture making it defective and subject to fail when inflated for mounting on the subject rim;

   b. Plaintiff had no actual or constructive knowledge from Defendants that the Farm King tire had a recommended tire inflation pressure of 20 psi as the pressure was not printed on the tire for Plaintiff to see; and

   c. Plaintiff had no actual or constructive knowledge from Defendants that the LRH Zimmatic rim was bent in two places making it defective and subject to fail when a tire was mounted to it.

14. Plaintiff would show that as a direct and proximate result of Defendants' negligence, gross negligence and tortious conduct, Plaintiff suffered serious permanent injury and

damages including, but not limited to, hospital and doctor's bills, both past, present
and future; mental anguish and emotional distress, both past, present and future, loss
of enjoyment of life, lost wages, both past, present and future, lost earnings capacity
in the future, permanent disability to his body as a whole, and other damages to be
shown at trial.

15. Plaintiff would show that all Defendants knew or should have known that the Farm
King tire and the LRH Zimmatic rim had dangerous defects that posed an
unreasonable risk of harm to Plaintiff at the time it left Defendants' possession and
travelled into the stream of commerce to Plaintiff.

**COUNT I**
**MISSISSIPPI PRODUCT LIABILITY ACT CLAIM**
**MANUFACTURING DEFECT**
**AS TO ASIAN TIRE FACTORY LIMITED**

16. Plaintiffs incorporate, adopts by reference and realleges each and every allegation of
this Complaint the same as though specifically set out herein again.

17. Plaintiffs hereby assert product liability claims pursuant to the Mississippi Product
Liability Statute, MISS. CODE ANN. § 11-1-63, and other applicable Mississippi
law.

18. At all times relevant to the Complaint, the Defendants were in the business of
designing, manufacturing, marketing, testing and distributing Farm King tires.  The
product at issue was defective and unreasonably dangerous at the time it left the
hands of the Defendants.  Defendants placed their product into the stream of

commerce in a defective and unreasonably dangerous condition such that the

foreseeable risks exceeded the benefits associated with the product. Defendants'

product was unreasonably and dangerously defective beyond the extent contemplated

by ordinary users with ordinary knowledge regarding these products.  Defendants

knew or should have known that their product deviated in a material way from the

manufacturer's own specifications or from otherwise identical units manufactured to

the same manufacturing specifications and that such deviation and failure proximately

caused, or was the substantial cause, of the accident in question which caused

Plaintiff's injuries.

19. Defendants are liable to Plaintiff for manufacturing, marketing, labeling, packaging

and selling a defectively manufactured product.

20. Plaintiffs are entitled to recover under the Mississippi Products Liability Act,

Mississippi Code Annotated Section 11-1-63, because:

A.  The Farm King tire contained a manufacturing defect that involved the lack of

a cohesive bead wire bundle which allowed the Farm King tire to fail within

normal inflation pressures, and

B.  The Farm King tire contained a manufacturing defect involving unraveled

bead bundles which allowed the tire to fail within normal inflation pressures.

21. Defendants acted with conscious and deliberate disregard of the foreseeable harm

caused by the defective Farm King tire manufacture.

22. As a direct and proximate result of Defendants' actions, Plaintiff Charles Thomas

Pettway, suffered injury and damages, including physical pain and suffering, mental

anguish and emotional distress, hospital and doctor bills, both past, present and future, loss of the enjoyment of life, and loss of income, both past, present and future.

**COUNT 2**
**MISSISSIPPI PRODUCT LIABILITY ACT CLAIM**
**MANUFACTURING DEFECT**
**AS TO LINDSAY CORPORATION AND GKN ARMSTRONG WHEELS, INC.**

23. The Plaintiffs incorporate, adopts by reference and realleges each and every allegation of this Complaint the same as though specifically set out herein again.

24. The Plaintiffs hereby assert product liability claims pursuant to the Mississippi Product Liability Statute, MISS. CODE ANN. § 11-1-63, and other applicable Mississippi law.

25. At all times relevant to the Complaint, the Defendants were in the business of designing, manufacturing, marketing, testing and distributing LRH Zimmatic rims. The product at issue was defective and unreasonably dangerous at the time it left the hands of the Defendants.  Defendants placed their product into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the product. Defendants' product was unreasonably and dangerously defective beyond the extent contemplated by ordinary users with ordinary knowledge regarding these products. Defendants knew or should have known that their product deviated in a material way from the manufacturer's own specifications or from otherwise identical units manufactured to the same manufacturing specifications and that such deviation and failure proximately caused, or was the substantial cause, of the accident in question which caused Plaintiff's injuries.

26. Defendants are liable to Plaintiff for manufacturing, marketing, labeling, packaging and selling a defectively manufactured product.

27. Plaintiff is entitled to recover under the Mississippi Products Liability Act, Mississippi Code Annotated Section 11-1-63, because the LRH Zimmatic rim contained a manufacturing defect that involved the rim being bent in two separate places.  The bent rim caused, or substantially contributed to, the tire explosion that injured and caused damages to Plaintiff.

28. Defendants acted with conscious and deliberate disregard of the foreseeable harm caused by the defective LRH Zimmatic rim manufacture.

29. As a direct and proximate result of Defendants' actions, Plaintiff suffered injury and damages, including physical pain and suffering, mental anguish and emotional distress, hospital and doctor bills, both past, present and future, loss of the enjoyment of life, and loss of income, both past, present and future.

### COUNT 3
### MISSISSIPPI PRODUCT LIABILITY CLAIM
### FAILURE TO WARN
### AGAINST ASIAN TIRE FACTORY LIMITED

30. The Plaintiffs incorporate, adopts by reference and realleges each and every allegation of this Complaint the same as though specifically set out herein again.

31. The Plaintiffs hereby assert product liability claims pursuant to the Mississippi Product Liability Statute, MISS. CODE ANN. § 11-1-63, and other applicable Mississippi law based on Defendants' failure to warn.

32. At all times relevant to the Complaint, the Defendants were in the business of designing, manufacturing, marketing, testing and distributing Farm King tires.  The product at issue was defective and unreasonably dangerous at the time it left the

hands of the Defendants.  Defendants placed their product into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the product. Defendants' product was unreasonably and dangerously defective beyond the extent contemplated by ordinary users with ordinary knowledge regarding these products.

33. Defendants are liable to Plaintiffs as they had actual or constructive knowledge of the defects in the Farm King tire being, namely, that the recommended inflation pressure for the tire and the load pressure for the tire was not printed on the outside of the tire for users to see.

34. Defendants acted with conscious and deliberate disregard of the foreseeable harm caused by the failure to warn users of the recommended tire inflation pressure and load pressure.

35. As a direct and proximate result of Defendants' actions, Plaintiff suffered injury and damages, including physical pain and suffering, mental anguish and emotional distress, hospital and doctor bills, both past, present and future, loss of the enjoyment of life, and loss of income, both past, present and future.


**COUNT 4**
**MISSISSIPPI PRODUCT LIABILITY CLAIM**
**FAILURE TO WARN**
**AGAINST LINDSAY CORPORATION AND GKN ARMSTRONG WHEELS, INC.**

36. The Plaintiffs incorporate, adopts by reference and realleges each and every allegation of this Complaint the same as though specifically set out herein again.

37. The Plaintiffs hereby assert product liability claims pursuant to the Mississippi Product Liability Statute, MISS. CODE ANN. § 11-1-63, and other applicable Mississippi law based on Defendants' failure to warn.

38. At all times relevant to the Complaint, the Defendants were in the business of designing, manufacturing, marketing, testing and distributing rims.  The product at issue was defective and unreasonably dangerous at the time it left the hands of the Defendants.  Defendants placed their product into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the product. Defendants' product was unreasonably and dangerously defective beyond the extent contemplated by ordinary users with ordinary knowledge regarding these products.

39. Defendants are liable to Plaintiffs as they had actual or constructive knowledge of the defects in the Zimmatic LRH rim, namely, that the rim was bent in at least two places when it left the custody and control of Defendant and placed into the stream of commerce.   The defects in the subject rim were material to the suitability of the rim to serve and operate as intended by the Defendants.  The defects directly and proximately caused, or substantially contributed to the tire explosion which injured Plaintiff.

40. Defendants acted with conscious and deliberate disregard of the foreseeable harm caused by the failure to warn Plaintiff of the rim defects.

41. As a direct and proximate result of Defendants' actions, Plaintiff suffered injury and damages, including physical pain and suffering, mental anguish and emotional

distress, hospital and doctor bills, both past, present and future, loss of the enjoyment of life, and loss of income, both past, present and future.

## COUNT 5
## MISSISSIPPI PRODUCT LIABILITY CLAIM
## FAILURE TO WARN
## AGAINST CIRCLE S IRRIGATION, INC. AND AMX IRRIGATION LLC

42. The Plaintiffs incorporate, adopt by reference and realleges each and every allegation of this Complaint the same as though specifically set out herein again.

43. The Plaintiffs hereby assert product liability claims pursuant to the Mississippi Product Liability Statute, MISS. CODE ANN. § 11-1-63, and other applicable Mississippi law based on Defendants' failure to warn.

44. At all times relevant to the Complaint, the Defendant, Circle S. Irrigation, Inc. and the Defendant AMX Irrigation, LLC were in the business of marketing, selling and distributing LRH Zimmatic Rims.  The product at issue was defective and unreasonably dangerous at the time it left the hands of the Defendants.  Defendants placed their product into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the product. Defendants' product was unreasonably and dangerously defective beyond the extent contemplated by ordinary users with ordinary knowledge regarding these products.

45. Defendants are liable to Plaintiff as they had actual or constructive knowledge of the defects in the LRH Zimmatic Rims being, namely, that the rims were in good working order and without defects and that the rims were bent in two places.

Defendants acted with conscious and deliberate disregard of the foreseeable harm

caused by the failure to warn users of the defects.

46. As a direct and proximate result of Defendants' actions, Plaintiff suffered injury and

damages, including physical pain and suffering, mental anguish and emotional

distress, hospital and doctor bills, both past, present and future, loss of the enjoyment

of life, and loss of income, both past, present and future.

## COUNT 6
## BREACH OF EXPRESS WARRANTY
## AGAINST ALL DEFENDANTS

47. The Plaintiffs incorporate, adopt by reference and realleges each and every allegation

of this Complaint the same as though specifically set out herein again.

48. At all times relevant to the Complaint, the Defendants were in the business of

marketing, selling and distributing Farm King tires and/or LRH Zimmatic Rims.

Defendants intended that the products at issue, namely the Farm King tire and/or the

LRH Zimmatic Rim, would be used in the manner that Plaintiff in fact used them and

Defendants expressly warranted that each product was safe and fit for use by

consumers, that it was of merchantable quality, that the dangers of using said product

were minimal as compared to other similar products of the same size, type and nature,

and that the products were adequately tested and manufactured and fit for their

intended use.

49. At all relevant times, Defendants were aware that consumers, including Plaintiff,

would use the products, namely the Farm King tire and the LRH Zimmatic rim, which

to say that Plaintiff was a foreseeable user of Defendants' products.

50. Plaintiff was at all times in privity with Defendants.

51. The Defendants' products, namely the Farm King tire and the LRH Zimmatic rim, were expected to reach and did in fact reach consumers, including Plaintiff and his employer, without substantial change in the condition in which it was manufactured and sold by Defendants.

52. Defendants breached various express warranties with respect to the Farm King tire and the LRH Zimmatic rim including the fact that Defendants represented to Plaintiff and his employer through labeling, advertising, marketing materials, sales representatives, product brochures, and instruction manuals that Defendants' products were safe; and failed to disclose and, in fact, concealed information about the substantial risks of serious injury and/or death associated with using Defendants' products, namely the Farm King tire and the LRH Zimmatic rim.

53. In reliance upon Defendants' express warranties, Plaintiff and his employer chose to use the Defendants' products at issue in their day-to-day business operations and, therefore, in the foreseeable manner normally intended, recommended, promoted and marketed by Defendants.

54. At all times of making such express warranties, Defendants knew or should have known that the Defendants' products at issue in this complaint were not safe and were dangerous, and that there were warnings omitted from the products and materials which were material to Plaintiff and his employer thereby making the express warranties inaccurate, thus making Defendants' products unreasonably unsafe for their intended purpose.

55. Defendants breached their express warranties to Plaintiff in that the Defendants' products at issue were not of merchantable quality, were unsafe and were not fit for

their intended uses, nor were they adequately labelled, tested, manufactured and packaged.

56. As a direct and proximate result of Defendants' actions, Plaintiff suffered injury and damages, including physical pain and suffering, mental anguish and emotional distress, hospital and doctor bills, both past, present and future, loss of the enjoyment of life, and loss of income, both past, present and future.

**COUNT 7**
**NEGLIGENT MISREPRESENTATION**
**AGAINST LINDSAY CORPORATION, GKN ARMSTRONG WHEELS, INC.  and**
**CIRCLE S. IRRIGATION, INC.**

57. The Plaintiffs incorporate, adopt by reference and realleges each and every allegation of this Complaint the same as though specifically set out herein again.

58. At all times relevant to the Complaint, the Defendants, Lindsay Corporation, GKN ARMSTRONG WHEELS, INC.  and Circle S. Irrigation, Inc., were in the business of marketing, selling and distributing LRH Zimmatic rims.  Defendants misrepresented to Plaintiff that the Zimmatic rims were in good working order and without defects, namely that the rims were bent in two places.  Defendant knew that Plaintiff and his employer were relying on Defendants to advise them regarding any known dangers or defects in the LRH Zimmatic rims.

59. At all relevant times, Plaintiff relied upon the representations of Defendants that he LRH Zimmatic rim was in good working order and contained no defects which would make the rim unreasonably dangerous to Plaintiff and his employer.  Defendants knew that Plaintiff would rely upon the representations made regarding the LRH Zimmatic rim.

60. As a proximate and direct result of Plaintiff's reliance on Defendants'

misrepresentations, Plaintiff suffered injury and damages, including physical pain and

suffering, mental anguish and emotional distress, hospital and doctor bills, both past,

present and future, loss of the enjoyment of life, and loss of income, both past,

present and future.

**COUNT 8**
**INTENTIONAL MISREPRESENTATION/GROSS NEGLIGENCE**
**AGAINST LINDSAY CORPORATION, GKN ARMSTRONG WHEELS, INC. and**
**CIRCLE S. IRRIGATION, INC.**

61. The Plaintiffs incorporate, adopt by reference and realleges each and every allegation

of this Complaint the same as though specifically set out herein again.

62. At all times relevant to the Complaint, the Defendant Lindsay Corporation, the

Defendant GKN Armstrong Wheels, Inc. and the Defendant Circle S. Irrigation, Inc.

were in the business of marketing, selling and distributing LRH Zimmatic rims.

Defendants intentionally misrepresented, and displayed conduct which was grossly

negligent, to Plaintiff that the Zimmatic rims were in good working order and without

defects, namely that the rims were bent in two places.  Defendants' conduct exhibited

such a want of care to Plaintiff, and others similarly situated, as to indicate that the

acts and/or omissions in question were the result of a conscious indifference to the

rights, welfare or safety of Plaintiff, and/or constituted gross negligence/neglect

and/or malice, which was the proximate cause of the physical injury and damages to

Plaintiff.

63. As a proximate and direct result of Plaintiff's reliance on Defendant's

misrepresentations, Plaintiff suffered injury and damages, including physical pain and

suffering, mental anguish and emotional distress, hospital and doctor bills, both past,

present and future, loss of the enjoyment of life, and  loss of income, both past,

present and future.

## COUNT 9
## PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

64. The Plaintiffs incorporate, adopt by reference and realleges each and every allegation

of this Complaint the same as though specifically set out herein again.

65. At all times relevant to the Complaint, the Defendants were in the business of

marketing, selling and distributing Farm King tires and/or LRH Zimmatic Rims.

66. Defendants tortious actions constituted gross negligence, recklessness and an

intentional and wanton disregard for the rights of Plaintiffs and other Plaintiffs

similarly situated.  As such, Defendants should be held liable to pay punitive damages

unto Plaintiffs for their actions in an amount to be determined by a jury.


### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

Date: 11/ 25 /2019                              Respectfully submitted,

CHARLES THOMAS PETTWAY

BY:     _/s/ E. Scott Verhine_
E. Scott Verhine, MSB# 10548
VERHINE & VERHINE, PLLC
1013 Adams Street
Vicksburg MS  39183
TEL:  601-636-0791
FAX:  601-636-2718
scott@verhine.biz
Attorney for Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

       I, E. Scott Verhine, do hereby certify that I have this day that I have served a true and correct copy of the above and forgoing by mail and through the MEC/ECF system to the following counsel of record:


George E. Abdo III
DANIEL COKER
P.O. Box 1084
Jackson MS 39215
gabdo@danielcoker.com
Attorney For Circle S. Irrigation

Lewis W. Bell
Watkins & Eager PLLC
P.O. Box 650
Jackson, MS 39205
lbell@watkinseager.com
Attorney for Asian Tire

Charles G. Copeland
COPELAND, COOK, TAYLOR & BUSH P.A.
600 Concourse, Suite 100
1076 Highland Colony Parkway
P.O. Box 6020
Ridgeland, MS 39158
gcopeland@cctb.com

 Submitted this the 25th day of November, 2019.


                       */s/ E. Scott Verhine*
                       E. Scott Verhine, Attorney for Plaintiffs

## IN THE CIRCUIT COURT OF THE SECOND JUDICIAL DSTRICT

## OF HINDS COUNTY, MISSISSIPPI

**CHARLES THOMAS PETTWAY**
**and CAL-MAINE FOODS, INC.**                          **PLAINTIFFS**

**vs.**                                         Case No. <u>19-00009</u>

**CIRCLE S. IRRIGATION, INC.,**
**A Mississippi Corporation;**
**ASIAN TIRE FACTORY LIMITED, a Foreign**
**Corporation; and LINDSAY CORPORATION,**
**A Foreign Corporation**                       **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI

TO:   GKN Armstrong Wheels, Inc.
      c/o Corporation Service Company
      505 5th Avenue, Suite 729
      Des Moines IA  50309

NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**
      You are required to mail or hand deliver a copy of a written response to the Complaint
to E. Scott Verhine, the attorney for the Plaintiffs, whose street address is 1013 Adams Street,
Vicksburg, MS  39183.  Your response must be mailed or delivered within (30) days from the
date of delivery of this Summons and complaint or a judgment by default will be entered
against you for the money or other things demanded in the complaint.
      You must file the original of your response with the Clerk of this Court within a
reasonable time afterward.
      Issued under my hand and the seal of said Court, this, the __3rd__ day of
__December__ , 2019.

                          ZACK WALLACE, CIRCUIT CLERK
                          2ND JUDICIAL DISTRICT OF HINDS COUNTY,
                          MISSISSIPPI

                          BY: _____ D.C.



PROOF OF SERVICE-SUMMONS

TO:   GKN Armstrong Wheels, Inc.
      c/o Corporation Service Company
      505 5th Avenue, Suite 729
      Des Moines IA  50309

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):
_____FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE.  By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender.
_____PERSONAL SERVICE.  I personally delivered copies to _____ on the _____ day of _____, 2019, where I found said person in _____ County, _____.
_____RESIDENCE SERVICE.  After exercising reasonable diligence I was unable to deliver copies to said person with _____ County.  I served the summons and complaint on the _____ day of _____, 2019, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2019, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.
_____CERTIFIED MAIL SERVICE.  By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring return receipt) copies to the person served.  (Attach signed return receipt of the return envelope marked "Refused".)
At the time of service I was at least 18 years of age and not a party to this action.
Fee for service: $_____

Process server must list below: (Print or Type)

Name_____
Social Security Number_____
Address:_____
_____
Telephone No. _____

STATE OF MISSISSIPPI

COUNTY OF _____

     Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____

Process Server (Signature)

     SWORN TO AND SUBSCRIBED BEFORE ME, this, the _____ day of _____, 2019.

_____

NOTARY PUBLIC

My Commission Expires:

_____

# VERHINE & VERHINE, PLLC
Attorneys at Law

E. SCOTT VERHINE
EVERETTE VERHINE (1936-2002)

1013 Adams Street
Vicksburg, MS 39183
tel: (601) 636-0791
fax: (601) 636-2718
scott@verhine.biz
www.verhinelaw.com

November 25, 2019

Zack Wallace
Circuit Clerk, 2nd Judicial District
P. O. Box 999
Raymond MS  39154

      Re:  Pettway, et al v. Circle S. Irrigation, et al
         Case number:  19-00009

Dear Mr. Wallace:

Enclosed is an original and two (2) copies of  Summons in the above referenced matter to GKN Armstrong Wheels, Inc. along with an original and two (2) copies of a Summons to AMX Irrigation, LLC.

We are asking you to issue these Summons and return in the envelope provided.

Should you have any questions or need anything further, please do not hesitate to let me know.

Sincerely,

E. Scott Verhine

ESV/lm

Enclosures

# IN THE CIRCUIT COURT OF THE SECOND JUDICIAL DSTRICT

## OF HINDS COUNTY, MISSISSIPPI

**CHARLES THOMAS PETTWAY**
**and CAL-MAINE FOODS, INC.**                              **PLAINTIFFS**

**vs.**                                                    **Case No. 19-00009**

**CIRCLE S. IRRIGATION, INC.,**
**A Mississippi Corporation;**
**ASIAN TIRE FACTORY LIMITED, a Foreign**
**Corporation; and LINDSAY CORPORATION,**
**A Foreign Corporation**                                  **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI

TO:    AMX Irrigation, LLC
       c/o A. Jan Thomas, Jr.
       306 West Bond
       West Memphis AR  72301

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand deliver a copy of a written response to the Complaint to E. Scott Verhine, the attorney for the Plaintiffs, whose street address is 1013 Adams Street, Vicksburg, MS  39183.  Your response must be mailed or delivered within (30) days from the date of delivery of this Summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this, the $2nd$ day of December, 2019.

                              ZACK WALLACE, CIRCUIT CLERK
                              2ND JUDICIAL DISTRICT OF HINDS COUNTY,
                              MISSISSIPPI



                              BY: _____ D.C.

(SEAL)

PROOF OF SERVICE-SUMMONS

TO:    AMX Irrigation, LLC
c/o A. Jan Thomas, Jr.
306 West Bond
West Memphis AR  72301

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE.  By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender.

_____PERSONAL SERVICE.  I personally delivered copies to _____ on the _____ day of_____, 2019, where I found said person in _____ County, _____.

_____RESIDENCE SERVICE.  After exercising reasonable diligence I was unable to deliver copies to said person with _____ County.  I served the summons and complaint on the _____ day of _____, 2019, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2019, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____CERTIFIED MAIL SERVICE.  By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring return receipt) copies to the person served.  (Attach signed return receipt of the return envelope marked "Refused".)

At the time of service I was at least 18 years of age and not a party to this action.
Fee for service: $_____

Process server must list below: (Print or Type)

Name_____

Social Security Number_____

Address:_____

_____

Telephone No. _____

STATE OF MISSISSIPPI

COUNTY OF _____

      Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.


                                            _____

                                            Process Server (Signature)

      SWORN TO AND SUBSCRIBED BEFORE ME, this, the _____ day of _____, 2019.


                                            _____

                                          NOTARY PUBLIC

My Commission Expires:


_____

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

CHARLES THOMAS PETTWAY AND CAL-
MAINE FOODS, INC.                                                          PLAINTIFFS

VS.                                        CIVIL ACTION NO. 25CI2:19-cv-00009

CIRCLE S. IRRIGATION, INC., A
MISSISSIPPI CORPORATION; ASIAN TIRE
FACTORY LIMITED, A FOREIGN
CORPORATION; AND LINDSAY
CORPORATION, A FOREIGN
CORPORATION                                                              DEFENDANTS


**CIRCLE S. IRRIGATION, INC.'S ANSWER AND DEFENSES
TO AMENDED COMPLAINT [DOC. #21]**

COMES NOW defendant, Circle S. Irrigation, Inc. ("Circle S."), by counsel, and submits

its Answer and Defenses to the Amended Complaint [Doc. #21] filed against it, as follows:

**FIRST DEFENSE**

The amended Complaint fails to state a claim against Circle S. upon which relief can be

granted.  Accordingly, Circle S. moves to dismiss the amended Complaint filed against it pursuant

to Miss. R. Civ. P. 12(b)(6).

**SECOND DEFENSE**

The amended Complaint may fail to join a necessary party or parties.

**THIRD DEFENSE**

Venue may be improper.

{D1310537.1}

## FOURTH DEFENSE

## ANSWER

## PARTIES

1.      This defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of the amended Complaint and, therefore, denies same and demands strict proof thereof.

2.      This defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of the amended Complaint and, therefore, denies same and demands strict proof thereof.  The conclusions contained in that paragraph require no response.

3.      This defendant admits the allegations contained in paragraph 3 of the amended Complaint.  The conclusions contained in that paragraph require no response.

4.      This defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the amended Complaint and, therefore, denies same and demands strict proof thereof.  The conclusions contained in that paragraph require no response.

5.      This defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 of the amended Complaint and, therefore, denies same and demands strict proof thereof.  The conclusions contained in that paragraph require no response.

6.      This defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 of the amended Complaint and, therefore, denies same and demands strict proof thereof.  The conclusions contained in that paragraph require no response.

7.      This defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 of the amended Complaint and, therefore, denies same and demands strict proof thereof.  The conclusions contained in that paragraph require no response.

**JURISDICTION AND VENUE**

8.      This defendant admits that it sold a rim purchased from AMX Irrigation to Southern Equipment for Cal-Maine Foods within the State of Mississippi.  This defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the amended Complaint and, therefore, denies same and demands strict proof thereof.  The conclusions contained in that paragraph require no response.

**FACTS**

9.      This defendant admits that it sold a LRH Zimmatic rim to Southern Equipment for Cal-Maine Foods.  This defendant denies that it marketed the rim.  This defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the amended Complaint and, therefore, denies same and demands strict proof thereof.  The conclusions contained in that paragraph require no response.

10.     This defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the amended Complaint and, therefore,

denies same and demands strict proof thereof.  The conclusions contained in that paragraph require no response.

11.     This defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the amended Complaint and, therefore, denies same and demands strict proof thereof.  The conclusions contained in that paragraph require no response.

12.     This defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 of the amended Complaint and, therefore, denies same and demands strict proof thereof.  The conclusions contained in that paragraph require no response.

13.     This defendant denies that any defects existed with the subject rim as alleged.  However, if any defects did exist, then this defendant was not aware of said defects, so this defendant could not warn plaintiff of conditions of which this defendant was not aware.  This defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the amended Complaint, including subparagraphs a. through c.  The conclusions contained in that paragraph require no response.

14.     This defendant denies the allegations contained in paragraph 14 of the amended Complaint.  The conclusions contained in that paragraph require no response.

15.     This defendant denies the allegations contained in paragraph 15 of the amended Complaint.  The conclusions contained in that paragraph require no response.

## COUNT I
## MISSISSIPPI PRODUCT LIABILITY ACT CLAIM MANUFACTURING
## DEFECT AS TO ASIAN TIRE FACTORY LIMITED

16.     This defendant adopts herein by reference and re-alleges its responses to paragraphs 1 through 15, above.

17.     Paragraph 17 of the amended Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

18.     Paragraph 18 of the amended Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

19.     Paragraph 19 of the amended Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

20.     Paragraph 20 of the amended Complaint, including subparagraphs A.-B., is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

21.     Paragraph 21 of the amended Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

22.     Paragraph 22 of the amended Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

**COUNT 2**
**MISSISSIPPI PRODUCT LIABILITY ACT CLAIM**
**MANUFACTURING DEFECT**
**AS TO LINDSAY CORPORATION AND GKN ARMSTRONG WHEELS, INC.**

23.     This defendant adopts herein by reference and re-alleges its responses to paragraphs 1 through 22, above.

24.     Paragraph 24 of the amended Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

25.     Paragraph 25 of the amended Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

26.     Paragraph 26 of the amended Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

27.     Paragraph 27 of the amended Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

28.     Paragraph 28 of the amended Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

29.     Paragraph 29 of the amended Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

**COUNT 3**
**MISSISSIPPI PRODUCT LIABILITY CLAIM**
**FAILURE TO WARN**
**AGAINST ASIAN TIRE FACTORY LIMITED**

30.     This defendant adopts herein by reference and re-alleges its responses to paragraphs 1 through 29, above.

31.     Paragraph 31 of the amended Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

32.     Paragraph 32 of the amended Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

33.     Paragraph 33 of the amended Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

34.     Paragraph 34 of the amended Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

35.     Paragraph 35 of the amended Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

**COUNT 4**
**MISSISSIPPI PRODUCT LIABILITY CLAIM**
**FAILURE TO WARN**
**AGAINST LINDSAY CORPORATION AND GKN ARMSTRONG WHEELS, INC.**

36.     This defendant adopts herein by reference and re-alleges its responses to paragraphs 1 through 35, above.

37.     Paragraph 37 of the amended Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

38.     Paragraph 38 of the amended Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

39.     Paragraph 39 of the amended Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

40.     Paragraph 40 of the amended Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

41.     Paragraph 41 of the amended Complaint is not addressed to this defendant, so no response is required.  To the extent that a response is required by this defendant, then this defendant denies the allegations to the extent that same can be deemed to impose any liability on it.

**COUNT 5**
**MISSISSIPPI PRODUCT LIABILITY CLAIM**
**FAILURE TO WARN**
**AGAINST CIRCLE S. IRRIGATION, INC. AND AMX IRRIGATION LLC**

42.     This defendant adopts herein by reference and re-alleges its responses to paragraphs 1 through 41, above.

43.      This defendant admits that plaintiffs assert failure to warn claims against this defendant pursuant to the Mississippi Product Liability statute, Miss. Code Ann. §11-1-63, but this defendant denies  that it is liable for any alleged failures to warn or other product liability claims under that statute.  The conclusions contained in paragraph 43 require no response.

44.     This defendant admits that it sold a LRH Zimmatic Rim to Southern Equipment for Cal-Maine Foods.  This defendant denies the remaining allegations contained in paragraph 44 of the Amended Complaint to the extent the allegations are addressed to this defendant.   This defendant specifically denies that the subject rim was defective and unreasonably dangerous.  To the extent that the allegations are addressed to other defendants, then this defendant would state that it is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies same and demands strict proof thereof.   The conclusions contained in that paragraph require no response.

45.     This defendant denies the allegations contained in paragraph 45 of the amended Complaint.  The conclusions contained in that paragraph require no response.

46.     This defendant denies the allegations contained in paragraph 46 of the amended Complaint.  The conclusions contained in that paragraph require no response.

## COUNT 6
## BRAECH OF EXPRESS WARRANTY
### AGAINST ALL DEFENDANTS

47.     This defendant adopts herein by reference and re-alleges its responses to paragraphs 1 through 46, above.

48.     This defendant admits that it sold LRH Zimmatic rims.  This defendant denies the remaining allegations contained in paragraph 48 of the amended Complaint to the extent that the allegations are directed to this defendant.  To the extent that the allegations are directed to other defendants, then this defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies same and demands strict proof thereof.  The conclusions contained in paragraph 48 require no response.

49.     This defendant denies the allegations contained in paragraph 49 of the amended Complaint to the extent that the allegations are directed to this defendant.  To the extent that the allegations are directed to other defendants, then this defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies same and demands strict proof thereof.  The conclusions contained in paragraph 49 require no response.

50.     This defendant denies the allegations contained in paragraph 50 of the amended Complaint.  The conclusions contained in that paragraph require no response.

51.     This defendant denies the allegations contained in paragraph 51 of the amended Complaint to the extent that the allegations are directed to this defendant.  To the extent that the allegations are directed to other defendants, then this defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies same and demands strict proof thereof.  The conclusions contained in paragraph 51 require no response.

52.     This defendant denies the allegations contained in paragraph 52 of the amended Complaint to the extent that the allegations are directed to this defendant.  To the extent that the allegations are directed to other defendants, then this defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies same and demands strict proof thereof.  The conclusions contained in paragraph 52 require no response.

53.     This defendant denies the allegations contained in paragraph 53 of the amended Complaint to the extent that the allegations are directed to this defendant.  To the extent that the allegations are directed to other defendants, then this defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies same and demands strict proof thereof.  The conclusions contained in paragraph 53 require no response.

54.     This defendant denies the allegations contained in paragraph 54 of the amended Complaint to the extent that the allegations are directed to this defendant.  To the extent that the allegations are directed to other defendants, then this defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies same and demands strict proof thereof.  The conclusions contained in paragraph 54 require no response.

55.     This defendant denies the allegations contained in paragraph 55 of the amended Complaint to the extent that the allegations are directed to this defendant.  To the extent that the allegations are directed to other defendants, then this defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies same and demands strict proof thereof.  The conclusions contained in paragraph 55 require no response.

56.     This defendant denies the allegations contained in paragraph 56 of the amended Complaint to the extent that the allegations are directed to this defendant.  To the extent that the allegations are directed to other defendants, then this defendant is without sufficient knowledge or

information to form a belief as to the truth of the allegations and, therefore, denies same and demands strict proof thereof. The conclusions contained in paragraph 56 require no response.

## COUNT 7
## NEGLIGENT MISREPRESENTATION
### AGAINST LINDSAY CORPORATION, GKN ARMSTRONG WHEELS, INC.
### AND CIRCLE S. IRRIGATION, INC.

57.    This defendant adopts herein by reference and re-alleges its responses to paragraphs 1 through 56, above.

58.    This defendant admits that it sold a LRH Zimmatic rim to Southern Equipment for Cal-Maine Foods. This defendant denies the remaining allegations contained in paragraph 58 to the extent that the allegations are addressed to this defendant. To the extent that the allegations are addressed to other defendants, then this defendant would state that it is without sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies same and demands strict proof thereof. The conclusions contained in that paragraph require no response.

59.    This defendant denies the allegations contained in paragraph 59 of the amended Complaint. The conclusions contained in that paragraph require no response.

60.    This defendant denies the allegations contained in paragraph 60 of the amended Complaint. The conclusions contained in that paragraph require no response.

## COUNT 8
## INTENTIONAL MISREPRESENTATION/GROSS
## NEGLIGENCE AGAINST LINDSAY CORPORATION, GKN ARMSTRONG WHEELS,
## INC. AND CIRCLE S. IRRIGAITON, INC.

61.    This defendant adopts herein by reference and re-alleges its responses to paragraphs 1 through 60, above.

62.     This defendant admits that it sold a LRH Zimmatic rim to Southern Equipment for Cal-Maine Foods.  This defendant denies the remaining allegations contained in paragraph 62 to the extent that the allegations are addressed to this defendant.  To the extent that the allegations are addressed to other defendants, then this defendant would state that it is without sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies same and demands strict proof thereof.  The conclusions contained in that paragraph require no response.

63.     This defendant denies the allegations contained in paragraph 63 of the amended Complaint.  The conclusions contained in that paragraph require no response.

### COUNT 9
### PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

64.     This defendant adopts herein by reference and re-alleges its responses to paragraphs 1 through 63, above.

65.     This defendant admits that it sold a LRH Zimmatic rim to Southern Equipment for Cal-Maine Foods.  This defendant denies the remaining allegations contained in paragraph 64 to the extent that the allegations are addressed to this defendant.  This defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 65 of the amended Complaint and, therefore, denies same and demands strict proof thereof. The conclusions contained in that paragraph require no response.

66.     This defendant denies the allegations contained in paragraph 66 of the amended Complaint.  The conclusions contained in that paragraph require no response.

### DEMAND FOR JURY TRIAL

This defendant admits that plaintiff demands a jury trial.

And now, having answered the allegations of the amended Complaint, paragraph by paragraph, Circle S. would assert the following additional defenses and matters in avoidance:

### FIFTH DEFENSE

Plaintiff's alleged injuries and damages resulted solely from acts or omissions of third-parties for which Circle S. is neither liable nor responsible.  Such acts or omissions on the part of others constitute independent, intervening and sole proximate causes of such injuries and damages.

### SIXTH DEFENSE

Circle S. pleads the doctrine of comparative negligence to the extent applicable.

### SEVENTH DEFENSE

Circle S. was an innocent seller and cannot be liable.

### EIGHTH DEFENSE

The subject incident was not caused by any issue with the subject rim sold by Circle S.

### NINTH DEFENSE

The subject rim was neither defective nor unreasonably dangerous.

### TENTH DEFENSE

Circle S. incorporates and reserves all defenses available to a product manufacturer, distributor or seller, as recognized by common law and pursuant to Miss. Code Ann. § 11-1-63, including, but not limited to, the defenses of assumption of the risk, open and obvious hazard, and subsequent material modification of the product.  Circle S. further incorporates and invokes the burdens of proof placed upon the plaintiffs by Miss. Code Ann. §11-1-63.

### ELEVENTH DEFENSE

The subject incident may have been caused by a misuse of a product.

## TWELFTH DEFENSE

Any damages awarded in this action are subject to set-off, settlement credit, reduction for contributory negligence and, to the extent applicable, apportionment under the provisions of Miss. Code Ann. §85-5-7.

## THIRTEENTH DEFENSE

Without conceding that plaintiffs are entitled to any damages, Circle S. would show that plaintiffs have failed to mitigate damages. Circle S. also pleads all limitations on damages afforded by Miss. Code Ann. §11-1-60.

## FOURTEENTH DEFENSE

If plaintiffs have agreed not to sue, or have compromised, settled or otherwise reached some arrangement with other parties, then such is a complete bar to this action as satisfaction thereof. In the alternative, should the Court find this not to be a bar, the jury should be advised of plaintiffs' arrangements, and any monetary amounts involved, so that Circle S. can be credited with, or receive an off-set for, said amounts plaintiffs have already received, so as to prevent a double recovery by plaintiffs.

## FIFTEENTH DEFENSE

Plaintiffs seek certain damages not recoverable as a matter of law.

## SIXTEENTH DEFENSE

The subject product did not deviate in a material way from the design specifications or manufacturer specifications or from other identical units manufactured to the specifications.

## SEVENTEENTH DEFENSE

The subject product was not the product of a defective design. Circle S. would show that even if the subject product in question was defective, which is denied, then such defect did not

render the product unreasonably dangerous nor did such defective condition, if any, proximately cause or contribute to the damages for which recovery is sought.

## EIGHTEENTH DEFENSE

Circle S. would affirmatively show that if the subject product in question was defective in design, which is denied, the harm for which plaintiffs seek recovery was caused by an inherent characteristic of the product which is a generic aspect of the product that cannot be eliminated without substantially compromising the product's usefulness or desirability.

## NINTEENTH DEFENSE

Circle S. would show that the subject product in question functioned as expected and there was no feasible design alternative that would have, to a reasonable probability, prevented the harm claimed in this action.

## TWENTIETH DEFENSE

Circle S. is not liable for any damages caused by the modification or alteration to or misuse of the subject product.

## TWENTY-FIRST DEFENSE

Circle S. would aver that this is not a proper case for punitive damages and an award of punitive damages would be in violation of the Mississippi Constitution and the Constitution of the United States of America.  Circle S. specifically invokes all defenses and protections afforded to it by the United States Supreme Court cases of *Gore, Leatherman Tools* and *State Farm*.  Circle S. also invokes all defenses and protections afforded by Miss. Code Ann. § 11-1-65.

## TWENTY-SECOND DEFENSE

The facts not having been fully developed, Circle S. further affirmatively pleads the following affirmative defenses as may be applicable in this action: accord, satisfaction, arbitration

and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, intervening and superseding cause, open and obvious conditions, and any other manner constituting an avoidance or affirmative defense.

## **TWENTY-THIRD DEFENSE**

Circle S. reserves the right to assert any additional defenses to which it may be entitled following the completion of additional investigation and discovery.

And now, having fully answered the Complaint filed against it, Circle S. demands that said Complaint be dismissed with all costs assessed to the plaintiffs.

Respectfully submitted,

CIRCLE S. IRRIGATION, INC.

BY:   /s/ George E. Abdo, III
             OF COUNSEL


GEORGE E. ABDO, III - MS BAR NO. 9782
*gabdo@danielcoker.com*
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE:  601-969-7607
FACSIMILE:    601-969-1116

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 3, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all known counsel of record.

/s/ George E. Abdo, III

## IN THE CIRCUIT COURT OF THE SECOND JUDICIAL DISTRICT
## OF HINDS COUNTY, MISSISSIPPI

**CHARLES THOMAS PETTWAY**
**and CAL-MAINE FOODS, INC.**                                             **PLAINTIFFS**

**vs**                                    **CIVIL ACTION NO. 25CI2:19-cv-00009-LCS**

**CIRCLE S. IRRIGATION, INC.**
**A Mississippi Corporation;**
**ASAIN TIRE FACTORY LIMITED, a Foreign Corporation;**
**and LINDSAY CORPORATION, a Foreign Corporation**           **DEFENDANTS**

### ANSWER AND DEFENSES OF DEFENDANT LINDSAY CORPORATION TO
### PLAINTIFF'S AMENDED COMPLAINT (DKT. 21)

**COMES NOW** Defendant, Lindsay Corporation, Inc., (hereinafter "Defendant" or "Lindsay Corporation") and incorporates, adopts and re-alleges all answers and defenses contained in its Answer and Defenses [Dkt. 11] and for its Answer and Defenses to the Amended Complaint states as follows:

### FIRST DEFENSE

### Motion to Dismiss-Rule 12(b)(6)

Pursuant to *Miss. R. Civ. P.* 12(b)(6), some or all of the Plaintiffs' claims should be dismissed for failure to state a claim upon which relief can be granted. Additionally, this Defendant raises and incorporates by reference all 12(b)(1) through (b)(7) defenses that may be available to it in this action.

### SECOND DEFENSE

Without waiving any defenses set forth herein, Lindsay Corporation answers the Plaintiffs' Amended Complaint, paragraph by paragraph as follows:

1.    Admitted.

2.    Defendant is without sufficient information to either admit or deny the allegations

contained in paragraph 2 of the Amended Complaint and, therefore, denies same.

       3.      Admitted.

       4.      Admitted.

       5.      Admitted.

       6.      Admitted

       7.      Admitted

       8.      Admitted.

       9.      Upon information and belief, Defendant admits that Plaintiff Charles Thomas Pettway was injured in an explosion that occurred on June 23, 2017; Defendant Asian Tire Factory Limited sold, marketed, designed and distributed the Farm King tire at issue, and Defendant Circle S. Irrigation, Inc., distributed, marketed and sold the rim at issue. Defendant denies all other allegations in Paragraph 9.

       10.      Admitted.

       11.      It is admitted that Plaintiff was inflating a Farm King tire and an explosion occurred and Plaintiff was injured.  Defendant is without sufficient information to either admit or deny the remaining allegations contained in paragraph 11 of the Amended Complaint and, therefore, denies same.

       12.      Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 12 of the Amended Complaint and, therefore, denies same.

       13.      Defendant denies that it manufactured the rim in issue, denies the rim was bent, denies that it played any part in bends in the rim, if any, denies that it had any knowledge of any defects and denies that it had any duty or any reason to warn.  Defendant admits that there is no recommended tire pressure on the tire exhibited by Plaintiff.  All remaining allegations are denied.

14.     Denied as to this Defendant and as to Defendant Circle S.

15.     It is denied that the rim had defects.  It is denied that this Defendant and Defendant Circle S had any knowledge of any defects.

16.     This Defendant incorporates, adopts and re-alleges all answers and defenses contained herein, including those found in paragraphs 1-15.

17.     Defendant Lindsay Corporation denies any liability and denies the allegations as they pertain to Lindsay.

18.     As the allegations contained in Paragraph 18 are directed toward a Defendant other than Defendant Lindsay Corporation, they do not require a response from Defendant Lindsay Corporation. To the extent that a response is necessary, Defendant Lindsay Corporation denies the allegations.

19.     As the allegations contained in Paragraph 19 are directed toward a Defendant other than Defendant Lindsay Corporation, they do not require a response from Defendant Lindsay Corporation. To the extent that a response is necessary, Defendant Lindsay Corporation denies the allegations.

20.     As the allegations contained in Paragraph 20 are directed toward a Defendant other than Defendant Lindsay Corporation, they do not require a response from Defendant Lindsay Corporation. To the extent that a response is necessary, Defendant Lindsay Corporation denies the allegations.

21.     As the allegations contained in Paragraph 21 are directed toward a Defendant other than Defendant Lindsay Corporation, they do not require a response from Defendant Lindsay Corporation. To the extent that a response is necessary, Defendant Lindsay Corporation denies the allegations.

22.    As the allegations contained in Paragraph 22 are directed toward a Defendant other than Defendant Lindsay Corporation and are legal conclusions, they do not require a response from Defendant Lindsay Corporation. To the extent that a response is necessary, Defendant Lindsay Corporation denies the allegations.

23.    The Defendant incorporates, adopts and re-alleges all answers and defenses contained herein, including those found in paragraphs 1-22.

24.    Defendant Lindsay Corporation denies any liability and denies the allegations as they pertain to Lindsay, except Lindsay admits it was in the business of marketing and distributing rims like the rim in issue.

25.    Defendant Lindsay Corporation denies any liability and denies the allegations as they pertain to Lindsay.

26.    Defendant Lindsay Corporation denies any liability and denies the allegations as they pertain to Lindsay.

27.    Defendant Lindsay Corporation denies any liability and denies the allegations as they pertain to Lindsay.

28.    Defendant Lindsay Corporation denies any liability and denies the allegations as they pertain to Lindsay.

29.    Denied.

30.    The Defendant incorporates, adopts and re-alleges all answers and defenses contained herein, including those found in paragraphs 1-29.

31.    As the allegations contained in Paragraph 31 are directed toward a Defendant other than Defendant Lindsay Corporation, they do not require a response from Defendant Lindsay Corporation. To the extent that a response is necessary, Defendant Lindsay Corporation denies the

allegations.

32.     As the allegations contained in Paragraph 32 are directed toward a Defendant other than Defendant Lindsay Corporation, they do not require a response from Defendant Lindsay Corporation. To the extent that a response is necessary, Defendant Lindsay Corporation denies the allegations.

33.     As the allegations contained in Paragraph 33 are directed toward a Defendant other than Defendant Lindsay Corporation, they do not require a response from Defendant Lindsay Corporation. To the extent that a response is necessary, Defendant Lindsay Corporation denies the allegations.

34.     As the allegations contained in Paragraph 34 are directed toward a Defendant other than Defendant Lindsay Corporation, they do not require a response from Defendant Lindsay Corporation. To the extent that a response is necessary, Defendant Lindsay Corporation denies the allegations.

35.     As the allegations contained in Paragraph 35 are directed toward a Defendant other than Defendant Lindsay Corporation, they do not require a response from Defendant Lindsay Corporation. To the extent that a response is necessary, Defendant Lindsay Corporation denies the allegations.

36.     The Defendant incorporates, adopts and re-alleges all answers and defenses contained herein, including those found in paragraphs 1-35.

37.     Denied.

38.     Defendant Lindsay Corporation denies any liability and denies the allegations as they pertain to Lindsay, except Lindsay admits it was in the business of marketing and distributing rims like the rim in issue.

39.     Denied.

40.     Denied.

41.     Denied.

42.     The Defendant incorporates, adopts and re-alleges all answers and defenses contained herein, including those found in paragraphs 1-41.

43.     As the allegations contained in Paragraph 43 are directed toward a Defendant other than Defendant Lindsay Corporation, they do not require a response from Defendant Lindsay Corporation. To the extent that a response is necessary, Defendant Lindsay Corporation denies the allegations.

44.     As the allegations contained in Paragraph 44 are directed toward a Defendant other than Defendant Lindsay Corporation, they do not require a response from Defendant Lindsay Corporation. To the extent that a response is necessary, Defendant Lindsay Corporation denies the allegations.

45.     As the allegations contained in Paragraph 45 are directed toward a Defendant other than Defendant Lindsay Corporation, they do not require a response from Defendant Lindsay Corporation. To the extent that a response is necessary, Defendant Lindsay Corporation denies the allegations.

46.     As the allegations contained in Paragraph 46 are directed toward a Defendant other than Defendant Lindsay Corporation, they do not require a response from Defendant Lindsay Corporation. To the extent that a response is necessary, Defendant Lindsay Corporation denies the allegations.

47.     The Defendant incorporates, adopts and re-alleges all answers and defenses contained herein, including those found in paragraphs 1-46.

48.     Defendant Lindsay Corporation denies any liability and denies the allegations as they pertain to Lindsay, except Lindsay admits it was in the business of marketing and distributing rims like the rim in issue.

49.     Defendant Lindsay Corporation denies any liability and denies the allegations as they pertain to Lindsay.

50.     Defendant Lindsay Corporation denies any liability and denies the allegations as they pertain to Lindsay.

51.     Defendant Lindsay Corporation denies any liability and denies the allegations as they pertain to Lindsay.

52.     Defendant Lindsay Corporation denies any liability and denies the allegations as they pertain to Lindsay.

53.     Defendant Lindsay Corporation denies any liability and denies the allegations as they pertain to Lindsay.

54.     Defendant Lindsay Corporation denies any liability and denies the allegations as they pertain to Lindsay.

55.     Defendant Lindsay Corporation denies any liability and denies the allegations as they pertain to Lindsay.

56.     Defendant Lindsay Corporation denies any liability and denies the allegations as they pertain to Lindsay.

57.     The Defendant incorporates, adopts and re-alleges all answers and defenses contained herein, including those found in paragraphs 1-56.

58.     Defendant Lindsay Corporation denies any liability and denies the allegations as they pertain to Lindsay, except Lindsay admits it was in the business of marketing and distributing

rims like the rim in issue.

59.     Defendant Lindsay Corporation denies any liability and denies the allegations as they pertain to Lindsay.

60.     Defendant Lindsay Corporation denies any liability and denies the allegations as they pertain to Lindsay.

61.     The Defendant incorporates, adopts and re-alleges all answers and defenses contained herein, including those found in paragraphs 1-60.

62.     Defendant Lindsay Corporation denies any liability and denies the allegations as they pertain to Lindsay, except Lindsay admits it was in the business of marketing and distributing rims like the rim in issue.

63.     Defendant Lindsay Corporation denies any liability and denies the allegations as they pertain to Lindsay.

64.     The Defendant incorporates, adopts and re-alleges all answers and defenses contained herein, including those found in paragraphs 1-63.

65.     Defendant Lindsay Corporation denies any liability and denies the allegations as they pertain to Lindsay, except Lindsay admits it was in the business of marketing and distributing rims like the rim in issue.

66.     Defendant Lindsay Corporation denies any liability and denies the allegations as they pertain to Lindsay.

### THIRD DEFENSE

The Plaintiff failed to use reasonable care in mounting and inflating the tire.

### FOURTH DEFENSE

Plaintiff Cal Maine Foods failed to provide Plaintiff Pettway with proper training, proper equipment and a safe place to work.

### FIFTH DEFENSE

Defendant Lindsay did not manufacture or alter the rim in issue.

### SIXTH DEFENSE

If the rim was sold by Defendant Lindsay at any time, Defendant Lindsay has no liability as the Plaintiff Pettway and Plaintiff Cal Maine Foods have failed to prove by a preponderance of the evidence that at the time the rim left the control of this Defendant, it was defective, and the alleged defect would render the rim unreasonably dangerous.

### SEVENTH DEFENSE

Plaintiff's damages were proximately caused by a superseding, intervening cause.

### EIGHTH DEFENSE

Lindsay Corporation denies that it owed any duty to Plaintiffs. Alternatively, Defendant denies that it breached any such duty.

### NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of comparative negligence and/or assumption of the risk.

### TENTH DEFENSE

Lindsay Corporation pleads the doctrine of comparative fault. Additionally, Plaintiffs' claims are limited or barred by Mississippi's comparative negligence statute, Miss. Code Ann. §

11-7-15.

## ELEVENTH DEFENSE

Lindsay Corporation pleads as a set off any monies received by Plaintiffs for damages suffered in this case, including, but not limited to, any insurance proceeds or settlement proceeds paid by any other defendant or non-party.

## TWELFTH DEFENSE

If Lindsay Corporation is liable, which is denied, any liability for damages shall be assessed based upon percentage of fault with Lindsay Corporation having a right of contribution against any other tortfeasor.

## THIRTEENTH DEFENSE

If it is established that Lindsay Corporation is in any manner legally responsible for any of the damages claimed by Plaintiffs, such damages were proximately contributed to and caused by other defendants, or persons or entities not yet parties to this action, and, hence, Lindsay Corporation is entitled to equitable and applied indemnity/contribution from each of said other defendants, persons and entities in an amount in direct proportion to the culpable conduct of said other defendants, persons or entities.

## FOURTEENTH DEFENSE

To the extent Plaintiffs suffered injury or damage, the trier of fact, pursuant to Miss. Code Ann. § 85-5-7, is required to allocate fault among all potential joint tortfeasors, including but not limited to, Plaintiffs, all identified defendants, and unidentified joint tortfeasors.

## FIFTEENTH DEFENSE

Lindsay Corporation contends that all of Plaintiffs' damages were caused by the acts or omissions of others for whom Lindsay Corporation owes no legal responsibility.

### SIXTEENTH DEFENSE

Plaintiffs have failed to join necessary or indispensable parties.

### SEVENTEENTH DEFENSE

Lindsay Corporation avers that the subject tire rim at the time it was manufactured is presumed to be free of a defect as it: (a) complied with the State of the Art; and (b) complied with all applicable industry standards.

### EIGHTEENTH DEFENSE

Lindsay Corporation avers that the tire rim at issue was substantially modified or altered after it left Lindsay Corporation's possession and control and that said modification(s) or alteration(s) were the proximate cause of Plaintiff's claimed damages.

### NINETEENTH DEFENSE

The incident and any alleged non-conforming or defective condition of the subject tire rim were the result of abuse, neglect, misuse, modification, or alteration of the product that was not authorized by Lindsay Corporation.

### TWENTIETH DEFENSE

Plaintiffs failed to exercise reasonable care under the circumstances, and such failure was the sole proximate cause of the damages alleged, or alternatively, a proximate contributing cause of the damages alleged for which comparative negligence principles must apply.

### TWENTY-FIRST DEFENSE

Lindsay Corporation pleads all defenses available pursuant to Mississippi's Products Liability Act, Miss. Code Ann. §§ 11-1-63, and seeks the benefits of all products liability defenses which may be available pursuant to the laws of the State of Mississippi. Defendant also relies upon any and all defenses applicable to defendant under controlling Mississippi or federal statute

pertaining to products liability actions.

**TWENTY-SECOND DEFENSE**

Any products or components allegedly designed, manufactured, assembled, equipped, marketed, distributed, sold, tested, inspected, specified, and/or selected by Lindsay Corporation which are in question were state of the art on the date of design, manufacture, packaging, and labeling, and on account thereof, Plaintiffs are not entitled to recover against Lindsay Corporation.

**TWENTY-THIRD DEFENSE**

Any claims against Lindsay Corporation are barred on the grounds that at the time any products or components allegedly designed, manufactured, assembled, equipped, marketed, distributed, sold, tested, inspected, specified, and/or selected by Lindsay Corporation which are in question left Lindsay Corporation's control, they met all applicable federal, state, agency, and other governmental codes, standards, regulations, as well as all industry standards.

**TWENTY-FOURTH DEFENSE**

Fatally, Plaintiffs have not identified in their Amended Complaint a viable feasible design alternative to any design of any products or components allegedly designed, manufactured, assembled, equipped, marketed, distributed, sold, tested, inspected, specified, and/or selected by Lindsay Corporation.

**TWENTY-FIFTH DEFENSE**

If Plaintiffs' damages, if any, were caused by inherent characteristics of any products or components allegedly designed, manufactured, assembled, equipped, marketed, distributed, sold, tested, inspected, specified, and/or selected by Lindsay Corporation which are in question, these inherent characteristics are generic aspects of the products or components that cannot be eliminated without substantially compromising the products' or components' usefulness or desirability.

Further, all reasonable precautions consistent with legal duties and obligations were taken to protect third parties from any inherent characteristics of any products or components allegedly designed, manufactured, assembled, equipped, marketed, distributed, sold, tested, inspected, specified, and/or selected by Lindsay Corporation which are in question.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims for non-economic damages, if any, are limited or barred by Miss. Code Ann. § 11-1-60(2)(b).

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' Mississippi law claims are barred to the extent they are preempted, in whole or in part, by federal law or statutes. Further, Lindsay Corporation' conduct at all times conformed to all applicable federal statutes and regulations.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the doctrines of accord and satisfaction, arbitration and award, discharge in bankruptcy, failure of consideration, fraud, illegality, injury by fellow servant, license, payment, merger, bar, collateral estoppel, release, res judicata, statute of frauds, and/or waiver.

## THIRTIETH DEFENSE

The case is barred by the applicable statutes of limitations and/or repose.

## THIRTY-FIRST DEFENSE

Without waiving any other defenses, Lindsay Corporation pleads and alleges that it is entitled to all benefits, protections and holdings as rendered by the United States Supreme Court's

decision styled "*State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003)."

### THIRTY-SECOND DEFENSE

Lindsay Corporation affirmatively alleges and avers that the seeking of punitive damages against it is in violation of Miss. R. Civ. P. 11 and Mississippi's Litigation Accountability Act. Lindsay Corporation hereby moves the Court to dismiss the claim for punitive damages and award Lindsay Corporation attorneys' fees and proper costs against the Plaintiffs for improperly alleging and seeking punitive damages.

### THIRTY-THIRD DEFENSE

Without waiving any other defense, and pleading in the alternative, Lindsay Corporation invokes the provisions of Miss. Code Ann. §11-1-65 and all rights afforded to Lindsay Corporation as stated therein.

### THIRTY-FOURTH DEFENSE

Although denying that the Plaintiffs are entitled to punitive damages, or any relief whatsoever as against Lindsay Corporation, Lindsay Corporation affirmatively pleads that:

(1)     An award of punitive damages in this civil action would amount to deprivation of property without due process of law in violation of the 5th and 14th Amendments of the United States Constitution and Section 14 of the Mississippi Constitution.

(2)     An award of punitive damages in this civil action would violate the due process provisions of the 5th and 14th Amendments of the United States Constitution and Section 14 of the Mississippi Constitution.

(3)     The criteria used for determining whether and what amount of punitive damages may be awarded are impermissibly vague, imprecise and inconsistent and are, therefore, in violation of the due process provisions of the 5th and 14th amendments to the United States

Constitution.

(4)     An award of punitive damages in this civil action would amount to an excessive fine in violation of the 8th Amendment to the United States Constitution and of Section 28 of the Mississippi Constitution.

(5)     An award of punitive damages in this civil action would violate the equal protection provisions of the 14th Amendment to the United States Constitution in that such a sanction is discriminatory and arbitrary in penalizing a defendant on the basis of assets.

(6)     To the extent that Lindsay Corporation is subjected to a criminal sanction or sanctions through punitive damages, the burden of proof required to impose the same shall be to prove "beyond a reasonable doubt," and punitive damages should not be awarded without affording Lindsay Corporation the full range of criminal procedural safeguards granted by the 4th, 5th and 6th Amendments to the United States Constitution.

(7)     The award of punitive damages in this civil action would violate similar and related provisions, as noted above, of the Constitution of the State of Mississippi.

## THIRTY-FIFTH DEFENSE

The facts not having been fully developed, Lindsay Corporation further affirmatively pleads the following affirmative defenses as may be applicable in this action: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata and collateral estoppel, statute of frauds, statute of limitations, waiver, intervening and superseding cause, and any other matter constituting an avoidance or affirmative defense.

**THIRTY-SIXTH DEFENSE**

Without waiving any other defense, and pleading in the alternative, Lindsay Corporation further hereby pleads and alleges that it is entitled to all rights, benefits and privileges afforded to Lindsay Corporation as passed by and set forth in the 2002 Mississippi Laws Third Extraordinary Session, Chapter 4 (H.B. 19) – Civil Justice Reform Act and the 2004 Mississippi Laws First Extraordinary Session, Chapter 1 (H.B. 13) – Civil Procedure – Tort Reform – Venues; Damages; Juries, etc.

**THIRTY-SEVENTH DEFENSE**

Lindsay Corporation hereby reserves the right upon completion of its investigation and discovery to file such additional defenses, affirmative defenses, cross-claims, counterclaims, and/or third party complaints as may be appropriate and to plead any release(s) that may have been or will be executed by Plaintiffs as an affirmative defense.

**WHEREFORE**, having answered the Amended Complaint, Lindsay Corporation denies any and all liability to Plaintiffs, and prays:

1. That Plaintiffs' Amended Complaint be dismissed in its entirety with prejudice;

2. That the costs and fees of this action be taxed against Plaintiffs;

3. That Plaintiffs' claims for damages of any sort be denied;

4. That judgment be granted in Lindsay Corporation's favor and against Plaintiff; and

5. For such other and further relief as the Court may deem necessary, just, or proper.

**RESPECTFULLY SUBMITTED**, this the 5th day of December 2019.

**LINDSAY CORPORATION, Defendant**

BY: */s/ Charles G. Copeland* _____
    CHARLES G. COPELAND (MSB No. 6516)
    TIMOTHY J. STERLING (MSB No. 103063)

**OF COUNSEL:**

COPELAND, COOK, TAYLOR AND BUSH, P.A.
600 Concourse, Suite 100
1076 Highland Colony Parkway (39157)
Post Office Box 6020
Ridgeland, Mississippi 39158
Tel.: 601-856-7200
Fax: 601-856-7626
gcopeland@cctb.com
tsterling@cctb.com

---

## CERTIFICATE OF SERVICE

I, Charles G. Copeland, do hereby certify that I served a true and correct copy of this

Answer of Lindsay Corporation *via* the Court's MEC which sent notification to the following:

> E. Scott Verhine, Esq.
> VERHINE & VERHINE, PLLC
> 1013 Adams Street
> Vicksburg, MS 39183
> scott@verhine.biz
> Attorney for Plaintiffs
>
> George E. Abdo, III.
> DANIEL COKER
> P.O. Box 1084
> Jackson, MS 39215
> GAbdo@danielcoker.com
> Attorney for Circle S. Irrigation, Inc.
>
> Lewis W. Bell
> Watkins and Eager PLLC
> P. O. Box 650
> Jackson, MS 39205
> lbell@watkinseager.com
> Attorney for Asian Tire

This the 5th day of December 2019.

> */s/ Charles G. Copeland*
> Charles G. Copeland