IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| CHARLES THOMAS PETTWAY AND CAL-MAINE FOODS, INC. | PLAINTIFFS |
| VS. | CIVIL ACTION NO. 3:20-cv-10-CWR-LRA |
| CIRCLE S. IRRIGATION, INC., A MISSISSIPPI CORPORATION; ASIAN TIRE FACTORY LIMITED, A FOREIGN CORPORATION; GKN ARMSTRONG WHEELS, INC., A FOREIGN CORPORATION; AMX IRRIGATION, LLC, A FOREIGN CORPORATION; AND LINDSAY CORPORATION, A FOREIGN CORPORATION | DEFENDANTS |

MEMORANDUM BRIEF IN SUPPORT OF
CIRCLE S. IRRIGATION, INC.'S MOTION TO DISMISS

COMES NOW defendant, Circle S. Irrigation, Inc. ("Circle S."), by counsel, and submits this Memorandum Brief in support of its Motion to Dismiss, as follows:

FACTS

Plaintiffs filed this product liability suit in the Circuit Court of the Second Judicial District of Hinds County, Mississippi. The case was recently removed to this Court. Plaintiffs allege that on June 23, 2017, plaintiff Charles Pettway was seriously injured by a tire explosion when he attempted to mount a Farm King tire on a LRH Zimmatic rim while working for Cal-Maine Foods. Plaintiffs allege that Asian Tire Factory Limited manufactured, sold, marketed, designed and distributed the Farm King tire at issue. Plaintiffs allege that Lindsay Corporation and/or GKN Armstrong Wheels, Inc. manufactured, sold, marketed, designed or distributed the LRH Zimmatic rim at issue. Plaintiffs allege that Circle S. and AMX Irrigation, LLC distributed, marketed and sold the LRH Zimmatic rim. However, plaintiffs improperly joined Circle S., an innocent seller,

{D1324472.1}

as a defendant for the apparent purpose of defeating diversity jurisdiction. It is clear that as a matter of law, plaintiffs' Complaint fails to state a claim against Circle S. and there is no chance of recovery against Circle S.

Circle S. sold the subject rim to Southern Equipment for Cal-Maine Foods. Circle S. purchased the subject rim through AMX Irrigation. The subject rim was shipped directly to Cal-Maine Foods by a party other than Circle S. Circle S. never saw, possessed or otherwise handled the subject rim. Circle S. did not manufacture the subject rim or exercise substantial control over any aspect of the design, testing, manufacture, packaging or labeling of the rim. Circle S. did not alter or modify the rim and did not have actual or constructive knowledge of any defective condition in the rim at the time it sold it. (See Affidavit of David Holt, attached as Exhibit 2 to Motion to Dismiss).

## ARGUMENT

1. <u>Legal standard.</u>

The Complaint fails to state a claim against Circle S. upon which relief can be granted. Plaintiffs' allegations against Circle S. are conclusory and do not state a claim against it. In analyzing whether a claim can survive a Rule 12(b)(6) challenge, the "Court does not accept as fact 'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Jones v. General Motors Corp.*, No. 3:06-cv-00608-DPJ-JCS; 2007 U.S. Dist. LEXIS 40267, *15 (S.D. Miss. June 1, 2007) (citing *Plotkin v. IP Axess, Inc.*, 407 F. 3d 690, 696 (5th Cir. 2005)); *see also Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true . . .").

Circle S. has submitted sworn proof that demonstrates the unsworn and conclusory allegations in plaintiffs' Complaint are not true. (See Affidavit of David Holt). Accordingly, the Court should not accept plaintiffs' allegations against Circle S. as fact.

2. <u>Circle S. is immune from liability as an innocent seller under the MPLA.</u>

The claims against Circle S. should be dismissed because Circle S. is an innocent seller pursuant to Miss. Code Ann. § 11-1-63 of the Mississippi Product Liability Act (the "MPLA"), and there is no reasonable basis to predict that plaintiffs could prevail on any of the claims alleged against it. The innocent seller provision of the MPLA applies to "any action for damages caused by a product . . . ." See Miss. Code Ann. § 11-1-63. There is no dispute this is an action for damages alleged to have been caused by a product. Plaintiffs' Complaint expressly seeks to impose liability upon Circle S. under that statute.

The MPLA immunizes "innocent sellers" like Circle S. from liability unless a seller "exercised 'substantial control' over an aspect of the product that is claimed to be defective or otherwise modified the product." *Gardner v. Cooksey, et al.*, No. 2:11-cv- 255-KS-MTP; 2012 U.S. Dist. LEXIS 38164, *10 (S.D. Miss. March 21, 2012) (citing Miss. Code Ann. § 11-1-63(h)). Section 11-1-63(h) states:

> In any action alleging that a product is defective . . ., the seller of a product other than the manufacturer shall not be liable unless the seller exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the harm for which recovery of damages is sought; or the seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or the seller had actual or constructive knowledge of the defective condition of the product at the time he supplied the product. It is the intent of this section to immunize innocent sellers who were not actively negligent, but instead are mere conduits of a product.

Miss. Code Ann. § 11-1-63(h). The Legislature's statement of intent at the end of the statute makes it clear it was adopted precisely to immunize sellers like Circle S. that are

mere conduits of products. The Mississippi Supreme Court recently held, "For better or worse, Mississippi law is very clear that innocent sellers who are not actively negligent cannot be liable in any action for damages caused by a product. That is the law the Legislature enacted. And it is the law that the trial court and this Court must apply." *Hinton v. Sportsman's Guide, Inc.*, ___ So. 3d ___, 2019 WL 5999624, at *2 (Miss. Nov. 14, 2019).

Mr. Holt's affidavit establishes that Circle S. did not manufacture or exercise substantial control over the design, testing, manufacture, packaging or labeling of the subject rim. Circle S. also did not alter or modify the rim, or have actual or constructive knowledge of the allegedly defective condition of the rim at the time the rim was sold. (See Affidavit of David Holt). Accordingly, Circle S. is an innocent seller and is immune from liability under the MPLA. *Dorsey v. Tadlock*, No. 2:12cv17-B-A, 2012 WL4467267 (N.D. Miss. Sept. 27, 2012) (motion to remand denied where plaintiff failed to demonstrate possibility of recovery against "innocent seller" that sold allegedly defective school bus seventeen years prior to loss).

Plaintiffs' allegations against Circle S. under the MPLA are generic and conclusory and cannot withstand a Rule 12(b)(6) challenge. Further, Mr. Holt's sworn affidavit shows that plaintiffs' unsworn, generic, conclusory allegations are not true.

    3.    Plaintiffs' breach of warranty claims are subject to the innocent seller immunity and Circle S. is immune from liability.

As with the product liability claims, there is no reasonable basis to predict that plaintiffs could prevail on the nebulous warranty claims alleged in the Complaint. Plaintiffs generally allege that all defendants are liable for breach of express warranties. Specifically, plaintiffs allege that "defendants expressly warranted that each product was safe and fit for use by consumers, that it was of merchantable quality, that the dangers of using said product were minimal as compared to

other similar products of the same size, type and nature, and that the products were adequately tested and manufactured and fit for their intended use." (Complaint, ¶ 48 attached as Exhibit 1 to Motion to Dismiss). Plaintiffs allege that "defendants represented to plaintiff and his employer through labeling, advertising, marketing materials, sales representatives, product brochures, and instruction manuals that defendants' products were safe; and failed to disclose and, in fact, concealed information about the substantial risk of serious injury and/or death associated with using defendants' products, namely the Farm King tire and the LRH Zimmatic rim." (Id. at ¶ 52). However, Mr. Holt's Affidavit clearly states that Circle S. made no such express warranties or other express factual representations about the rim. Accordingly, this allegation as to Circle S. is a legal conclusion. No facts are alleged to support it. As such, the Complaint fails to state a claim against Circle S. for breach of warranty.

Further, while the MPLA does not necessarily preclude all breach of warranty claims, those claims are "still subject to the innocent seller exemption in a products liability action." *Murray v. General Motors, LLC*, 478 Fed. Appx. 175, 179-80 (5th Cir. 2005) (citing *Gardner v. Cooksey*, No. 2:11-cv-255-KS-MTP, 2012 U.S. Dist. LEXIS 38164 at *8-10 (S.D. Miss. March 21, 2012)). As stated above, to overcome the innocent seller exemption to the breach of warranty claims, plaintiffs must show Circle S. "exercised 'substantial control' over an aspect of the product that is claimed to be defective or otherwise modified the product." *Gardner*, No. 2:11-cv-255-KS-MTP; 2012 U.S. Dist. LEXIS 38164 at *10. Plaintiffs have not met this burden. Therefore, no claim exists against Circle S. for any breach of warranty.

    4.    Plaintiffs' negligence claims are nothing more than disguised product liability claims, and Circle S. is immune from liability.

Circle S. is also immune from liability for the conclusory and formulaic allegations of negligence against it. These claims are nothing more than disguised product liability claims

involving the same set of facts and are inextricably intertwined with the product liability claims, from which Circle S. is immune as an "innocent seller" under the MPLA. "Although negligence claims can be brought alongside strict liability claims, a party may not disguise a products liability claim as a negligence claim to avoid dismissal." *Murray*, 478 Fed. Appx. at 181 (citing *McSwain v. Sunrise Med., Inc.*, 689 F. Supp. 2d 835, 844-46) (S.D. Miss. 2010) (common law negligence claims failed because they were "mere restatements of the claims brought under the MPLA.")); *see also McKee v. Bowers Window and Door Co.*, 64 So. 3d 926, 940 (Miss. 2011) (failure to present evidence that did not relate to product reliability claim insufficient to defeat summary judgment as to negligence claim).

Plaintiffs' allegations that Circle S. negligently misrepresented the condition of the rim is nothing more than a product liability claim disguised as a negligence claim. Moreover, it is not true, as Circle S. made no representations concerning the rim. This is simply a claim for failure to warn of an alleged product defect, and Circle S. is immune from liability for it as an innocent seller. *Murray*, 478 Fed. Appx. at 182 (finding purported negligence claim was "nothing more than a creative attempt to hold [the seller] liable for a design defect and for failing to warn [plaintiffs] about the defective nature of [the product]").

As in *Murray*, plaintiffs cannot recover against Circle S. on their negligence claim because they cannot show Circle S. exercised substantial control over the allegedly defective aspects of the rim, altered or modified the rim, or had actual or constructive knowledge of the allegedly defective condition of the rim. *Id.*

## CONCLUSION

Plaintiffs did not assert any claims against Circle S., an innocent seller. All of the claims plaintiffs asserted against Circle S. are barred by the immunity provision of Miss. Code. Ann. §

11-1-63(h). Accordingly, there is no reasonable basis to predict that the plaintiffs might be able to recover against Circle S., and Circle S. requests that the Court dismiss it from this suit with prejudice.

Respectfully submitted,

CIRCLE S. IRRIGATION, INC.

BY: /s/ George E. Abdo, III
OF COUNSEL

GEORGE E. ABDO, III - MS BAR NO. 9782
*gabdo@danielcoker.com*
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE:  601-969-7607
FACSIMILE:   601-969-1116

### CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all known counsel of record.

/s/ George E. Abdo, III

{D1324472.1}