IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHARLES THOMAS PETTWAY; CAL-MAINE FOODS, INC.**                                                      **PLAINTIFFS**

V.                                                                                    CAUSE NO. 3:20-CV-10-CWR-LRA

**ASIAN TIRE FACTORY LIMITED; GKN ARMSTRONG WHEELS, INC.; LINDSAY CORPORATION**                                    **DEFENDANTS**

## ORDER

Before the Court is GKN Armstrong Wheels, Inc.'s motion to dismiss for lack of personal jurisdiction. Docket No. 52. The matter is fully briefed and ready for adjudication.

Charles Thomas Pettway is a mechanic for Cal-Maine Foods, Inc. He lives in Warren County, Mississippi, and works in Hinds County, Mississippi.

On June 23, 2017, Pettway was at work mounting a tire on a Cal-Maine vehicle. The tire exploded. He suffered severe permanent injuries to his arm and spleen, among other parts of his body.

In this suit, Pettway has sued the manufacturers of the tire and the rim. He mainly asserts defective design, defective manufacture, and failure-to-warn theories. Cal-Maine is a plaintiff because it seeks to recover the workers' compensation benefits it paid on Pettway's behalf.

Rim manufacturer GKN Armstrong Wheels brings today's motion. As to GKN, Pettway primarily alleges that the rim had a manufacturing defect because it was bent in two places, and that GKN failed to warn him of that defect. He also brings warranty, misrepresentation, and negligence causes of action against this company.

GKN has moved to dismiss for lack of personal jurisdiction. It argues that it cannot be responsible for defending lawsuits in Mississippi when it made the unfinished wheel—it prefers

the term "wheel" to "rim"—in Iowa and sent it to a co-defendant in Nebraska for further manufacturing, all before the finished product moved through Arkansas to Mississippi.

On its face, the motion raises factual questions about whether GKN can and should be held responsible for a defectively-manufactured wheel, when we do not know if GKN or the subsequent manufacturer was responsible for the precise defect that caused Pettway's injuries. Those questions are being resolved during the ongoing merits discovery period, though, and are not controlling on the jurisdictional question. Suffice it to say that the motions for summary judgment may prove interesting.

The present jurisdictional motion is instead controlled by other allegations: that GKN manufactured the wheel at issue in this case and placed it into the stream of commerce, foreseeing that it would reach Mississippi. GKN could plausibly foresee that the wheel would reach this state given the company's international scope of operations and its own estimates about the market for such wheels.[1] *See Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 179 (5th Cir. 2013) (finding that defendant "could have 'reasonably anticipated' being haled into court in Mississippi," because it "makes no attempt to limit the territory in which [co-defendant] sells its products" and defendant's "Mississippi sales accounted for approximately 1.55% of [its] United States sales.").

GKN presses that the Fifth Circuit's decision in *Zoch v. Magna Seating (Germany) GmbH*, 810 F. App'x 285 (5th Cir. 2020), is more persuasive than its decision in *Ainsworth*. The Court disagrees. *Zoch* explicitly and repeatedly endorses the *Ainsworth* approach. *Id.* at 291. It differed in finding that, on the evidence presented, the defendant in that case lacked knowledge that its product would likely end up in the forum state. *Id.* at 292; *see also id.* at 293 ("We

---

[1] GKN submitted 22 pages of evidence in support of its motion. Pettway responded with three pages. The parties may further develop the evidence or test each other's evidence during discovery.

emphasize that our holding in this case . . . is limited to the specific facts of this case. . . . [O]ur decision should not be read as prohibiting the exercise of specific jurisdiction over all component parts manufacturers."). Here, GKN has already provided that evidence by conceding that Mississippi accounts for 1.1% of U.S. farmland irrigated by sprinkler methods. GKN could therefore reasonably anticipate being haled into court in Mississippi.

The motion is denied. Consistent with *Ainsworth* and *Zoch*, however, the parties are free to develop the record and revisit personal jurisdiction at the summary-judgment stage.

**SO ORDERED**, this the 11th day of February, 2021.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE