# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **CHARLES THOMAS PETTWAY; CAL-MAINE FOODS, INC.** | **PLAINTIFFS** |
| **V.** | **CAUSE NO. 3:20-CV-10-CWR-LGI** |
| **ASIAN TIRE FACTORY LIMITED; GKN ARMSTRONG WHEELS, INC.; LINDSAY CORPORATION** | **DEFENDANTS** |

## ORDER

Before the Court is Asian Tire Factory's motion for partial summary judgment. Docket No. 110. The matter is fully briefed and ready for adjudication. On review, the motion will be granted.

### I. Factual and Procedural History

Charles Thomas Pettway worked as a mechanic for Cal-Maine Foods, Inc. in Edwards, Mississippi. Cal-Maine operates an industrial farm and tends to its crops using large Hose Reel irrigation machines. Pettway and his coworkers worked on these machines frequently.

On June 23, 2017, Pettway was changing one of the tires on the machine when the tire would not sit correctly on the rim. Specifically, the tire bead, which attaches the wheel to the tire, would not sit correctly on the rim flange. Pettway tried a second time, de-mounting the tire and re-inflating it so that it would sit correctly, when the tire exploded. Pettway suffered permanent injuries to his arms, legs, back, hip, and spleen.

The tire was a large agricultural tire called "Farm King," and is used in farm irrigation systems like the ones Cal-Maine uses. Asian Tire Factory Ltd. made the tire in Jalandhar, Punjab, in India. "The rim at issue was a size 24 by 8-inch wheel and was manufactured by GKN

and then galvanized, distributed, and sold by Lindsay [Corporation] to Cal-Maine." Plaintiffs' Brief, Docket No. 115 at 2.

Pettway filed for workers' compensation benefits, which were paid through Cal-Maine. Cal-Maine then joined with Pettway to sue ATF, GKN, and Lindsay for manufacturing defects, failure to warn, and breach of warranty. During discovery, x-rays were taken of the tire at issue, and several experts and workers were deposed on the quality of the tire.

Today's motion concerns plaintiffs' manufacturing defect claim. ATF asserts that Pettway and Cal-Maine have failed to prove that there is a genuine dispute of fact, and asks for partial summary judgment on the manufacturing defect claim. ATF claims that Pettway and Cal-Maine have no knowledge of what actually occurred in manufacturing this specific tire in its factory because they did not ask about the factory's specifications. However, Pettway and Cal-Maine respond that ATF's own company director admitted in his deposition that the tire bead had gaps in it that were not in accordance with ATF's manufacturing specifications. Since they have produced expert testimony identifying that there were gaps in the bead bundles, plaintiffs claim to have a genuine dispute of fact, and thus, partial summary judgment should be denied.

## II. Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). If there are facts that might affect the outcome of a suit, summary judgment is precluded. *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987).

The party moving for summary judgment has the initial burden to show a lack of disputed facts, after which the burden shifts to the non-moving party. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). The non-moving party may not rely "upon conclusory allegations, improbable inferences, and unsupported speculation" to defeat summary judgment. *Krim v. Banc*

*Texas Group, Inc.*, 989 F.2d 1435, 1449 (5th Cir. 1993). When a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," there is no genuine issue of material fact. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Because this case is proceeding in diversity, the applicable substantive law is that of the forum state, Mississippi. *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011). State law is determined by looking to the decisions of the state's highest court. *St. Paul Fire and Marine Ins. Co. v. Convalescent Services, Inc.*, 193 F.3d 340, 342 (5th Cir. 1999).

**III. Discussion**

ATF claims that there is no genuine issue as to any material fact as plaintiffs did not establish ATF's specific tire manufacturing practices. Plaintiffs respond that testimony to general tire practices and ATF's company director admitting the existence of a defect is enough to preclude summary judgment.

"The Mississippi Products Liability Act [MPLA] provides the exclusive remedy in any action for damages caused by a product against a product manufacturer or seller." *Elliott v. El Paso Corp.*, 181 So. 3d 263, 267 (Miss. 2015). Thus, the MPLA governs the facts of this case and provides the framework to analyze the parties' claims.

Under the MPLA, a manufacturer will be held liable only if the claimant proves by a preponderance of the evidence that:

> 1. The product was defective because it deviated in a material way from the manufacturer's . . . specifications or from otherwise identical units manufactured to the same manufacturing specifications, or
> 2. The product was defective because it failed to contain adequate warnings or instructions, or
> 3. The product was designed in a defective manner, or
> 4. The product breached an express warranty or failed to conform to other express factual representations upon which the claimant justifiably relied in electing to use the product.

Miss. Code Ann. § 11-1-63(a)(i).

To survive summary judgment on a manufacturing defect claim under the MPLA, the non-movant must show that "at the time the product left the control of the manufacturer," (1) the product was defective as defined above, (2) the "defective condition rendered the product unreasonably dangerous to the user or consumer," and (3) the "defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought." *Id.* § 11-1-63(a)(ii)-(iii). Summary judgment is appropriate where the non-movant fails to prove any one of the above. *See Williams v. Bennett*, 921 So. 2d 1269, 1277 (Miss. 2006).

Plaintiffs rely on the testimony of Brian Darr, Richard Sherman, and ATF's own director, Monir Verma. Darr, an expert witness on tire and rim manufacture, provided only general knowledge of how tires are built to prove that ATF's tire was defective at manufacture. Darr also admitted that he did not know how ATF built the bead and tire in this case. Sherman, meanwhile, admitted that he did not know how many wires ATF used to make the weftless bead wires in the subject tire. Thus, he lacked evidence that the defect happened at the time of manufacture.

Plaintiffs instead relied on Verma's testimony to prove a defect at the time of manufacture. Verma testified that the bead should not have a gap. However, Verma qualified this statement by noting that the gap existed only because of the pressure that it was exposed to after it left the warehouse. In other words, Verma said that the defect occurred during tire installation rather than at the point of manufacture. But "[m]erely offering evidence that damage occurred after the use of a product is insufficient to establish liability." *Wallace v. Ford Motor Co.*, No. 3:11-CV-567-CWR-FKB, 2013 WL 3288435, at *2 (S.D. Miss. June 28, 2013) (citation omitted).

4

Read together, plaintiffs' evidence does not prove that there was a defect at the time of manufacture. Therefore, since plaintiffs offer no proof that the tire was defective at manufacture, they fail to fulfill their statutory obligation under the MPLA. Partial summary judgment should be granted for ATF.

*Cooper Tire & Rubber Co. v. Tuckier*, 826 So. 2d 679 (Miss. 2002) is illustrative. There, Laura Dawn Tuckier suffered a fatal car accident due to a tire malfunction. *Id.* at 681. Tuckier's estate sued under the manufacturing defect provisions of the MPLA. At trial, the tire company moved, and was denied, a motion for directed verdict. *See id.* The company appealed and asserted that Tuckier did not set forth the tire company's "specifications for the manufacture of its tires." *Id.* at 682.

The Mississippi Supreme Court disagreed. It held that denial of Cooper Tire's directed verdict motion was appropriate. Unlike plaintiffs in the current case, Tuckier's witnesses were former employees of the tire manufacturer in question and had first-hand knowledge of its manufacturing practices. *Id.* at 684. Tuckier's witnesses were able to personally compare their knowledge of past tire manufacturing practices at that company to the defective tire in the case.

Plaintiffs here do not have first-hand knowledge of ATF's practices. In a deposition of Darr, one of plaintiffs' expert witnesses, he stated, "I do not know of ATF's specific practices." Defendant's Brief, Docket No. 111 at 7. Sherman stated the same. *Id.* at 6. The testimony from Verma was first-hand, but Verma never admitted to the defect happening at the time of manufacture, which is required under the MPLA. Verma's admission that the gap should not have been there is not proof that the gap happened at the time of manufacture. Therefore, the expert testimony in this case does not create a material fact dispute that the tire was defective at the time it left the manufacturer.

## IV. Conclusion

The motion for partial summary judgment is granted. The ruling renders moot ATF's motion to exclude plaintiffs' manufacturing defect experts.

**SO ORDERED**, this the 29th day of June, 2021.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE