IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHARLES THOMAS PETTWAY; CAL-MAINE FOODS, INC.**                                    **PLAINTIFFS**

**V.**                                                                 **CAUSE NO. 3:20-CV-10-CWR-LGI**

**ASIAN TIRE FACTORY LIMITED**                                                       **DEFENDANT**

**ORDER**

Before the Court is the plaintiffs' Motion to Enter Judgment. Docket No. 163. The motion is opposed.

**I.      Factual and Procedural History**

By way of brief background, the plaintiffs tried their failure to warn claim against Asian Tire Factory in this Court in October 2021. The jury found that the plaintiffs proved their case. It apportioned 26.675% fault to Asian Tire Factory, 69.75% fault to Cal-Maine Foods, and 3.625% fault to Charles Pettway.[1] It then found that the plaintiffs proved $1,285,065 in compensatory damages. No punitive damages were awarded.

On this record it is simple enough to calculate the judgment: the jury wanted Asian Tire Factory to pay 26.675% of $1,285,065. That's $342,791.09. Indeed, the plaintiffs advocate for this method of calculation. We will call it "Method 1."

There is, however, a wrinkle in the fact pattern.

Prior to trial, Pettway settled with two other defendants for a total of $70,000. Consistent with Mississippi law, the jury was informed of the existence of the settlement, but not its amount. *See Smith v. Payne*, 839 So. 2d 482, 486-87 (Miss. 2002). The settling defendants were then omitted from the Verdict Form's question regarding allocation of fault. That means the jury was

---
[1] These numbers add up to 100.05%.

not asked to determine how much responsibility the settling defendants had for the plaintiffs' injuries.

The question then becomes, how should the settlement be factored into the calculation of Pettway's judgment—if at all?

<u>Method 1</u>:  The plaintiffs say the settlement amount should have no bearing on the judgment. The jury wanted Asian Tire Factory to pay **$342,791.09**, and that should be the end of the matter.

<u>Method 2</u>:  Asian Tire Factory says it should receive a $70,000 credit toward the judgment. It reasons that the jury wanted the plaintiffs to walk away with $342,791.09. That sum should be comprised of the $70,000 from the settling defendants and **$272,791.09** from its own coffers. In previous cases this has been called the "fault-first method," because it applies the allocation of fault *first*, before recognizing a credit for the settlement.

<u>Method 3</u>:  There is a third way to arrive at a reasoned judgment. It is known as the "settlement-first method." In short, it subtracts the settlement amount ($70,000) from the gross verdict ($1,285,065) to arrive at a net verdict ($1,215,065). The tortfeasor's proportion of fault (26.675%) is then applied to the net verdict ($1,215,065). Asian Tire Factory would owe the result: **$324,118.59**. *See* Robert B. Ireland, III, *Modified Joint and Several Liability in Mississippi: The Absent Settling Tortfeasor and the Immune Employer*, 70 Miss. L.J. 821, 830 (2000).

With the parties unable to agree, the Court requested and received supplemental briefing regarding Mississippi law. This Order followed.

**II.    Law**

"It goes without saying that, for a diversity action, we apply state substantive law." *Krieser v. Hobbs*, 166 F.3d 736, 739 (5th Cir. 1999) (citation omitted). Mississippi law provides that "a

joint tortfeasor shall be liable only for the amount of damages allocated to him in direct proportion to his percentage of fault." Miss. Code Ann. § 85-5-7(2).

### III. Discussion

The first issue is whether the settlement amount should be credited toward the judgment in any form or fashion. The Court finds that, at least in this case, the answer is "yes." Whatever the merits of the plaintiffs' strict textual approach,[2] a $342,791.09 recovery is foreclosed today, because in pretrial motion practice the plaintiffs agreed "that a credit should be given to ATF for the settlement entered into with other Defendants." Docket No. 147 at 3.

The next question is how the settlement amount should be credited toward the judgment: by the fault-first method or the settlement-first method.

In *McBride v. Chevron U.S.A.*, the Mississippi Supreme Court found that each approach was "imperfect." 673 So. 2d 372, 380 (Miss. 1996). Faced with a choice, though, the court "adopt[ed] the settlement-first method, given that said method, despite its imperfections, yields the fairer results." *Id.* The same court blessed this approach at least two other times. *See, e.g.*, *Mack Trucks, Inc. v. Tackett*, 841 So. 2d 1107, 1112 (Miss. 2003), *as corrected* (Apr. 1, 2003) ("The jury assessed total damages of $1.8 million. In formulating the judgment the trial court applied the settlement proceeds from the other defendants, totaling $330,000, to reduce the damages assessed to $1,470,000. After deducting 60% of that amount for the fault attributed to Murphree, it arrived at recoverable damages of $588,000."); *Causey v. Sanders*, 998 So. 2d 393, 405 (Miss. 2008).

The result in this case is an award of $324,118.59.

---

[2] The plaintiffs' argument is grounded in *Krieser*, where, presented with a materially-different verdict form, the Fifth Circuit made an *Erie*-guess and concluded that "pursuant to § 85-5-7, the amount of damages apportioned to a non-settling defendant is not reduced by a settlement by another defendant." 166 F.3d at 745.

3

To this, Asian Tire Factory argues that the Court should apply *Illinois Central R.R. Co. v. Oakes by & through Hagan*, 237 So. 3d 149 (Miss. 2018). In that FELA case, however, the Mississippi Supreme Court held that a non-settling defendant may have their judgment offset by sums paid by a settling *non*-party "for the same injuries and the same type of damages." *Id.* at 154–55. Like *Krieser*, *Illinois Central* is too far removed from our own situation to reasonably apply. The Court, therefore, defaults to the oft-endorsed settlement-first approach.

## IV.     Conclusion

The plaintiffs' motion is granted in part and denied in part. A judgment in the amount of $324,118.59 shall issue.

**SO ORDERED**, this the 2nd day of December, 2021.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
